UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.; QUALCORE GROUP, INC.; and TERABURST NETWORKS, INC.,<br><br>　　　　　　　Defendants. | No. 04-CV-10905 (MEL)<br>**<u>(Oral Argument Requested)</u>** |

**QUALCORE LOGIC (ANALOG), INC.'S
MOTION TO STRIKE PARAGRAPHS 33, 34, 35
<u>AND PORTIONS OF PARAGRAPH 36 OF THE COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 12(f) and Federal Rule of Evidence 408, Defendant QualCore Logic (Analog), Inc. ("Analog") hereby moves to strike paragraphs 33, 34, 35 and portions of paragraph 36 from the Complaint of Plaintiff Ralph E. Grabowski ("Grabowski"). Said paragraphs impermissibly present evidence of an alleged prior settlement offer in an effort to prove liability for the claims asserted in the Complaint and to prove the alleged value of these claims.

In support of its Motion to Strike, Analog states as follows:[1]

　　1.　　In 1997, plaintiff Grabowski was engaged to perform consulting work for LEDA Systems, Inc. ("LEDA"). Beginning in 1997 and continuing thereafter, disputes arose between LEDA and Grabowski concerning Grabowski's claimed entitlement to various forms of compensation in connection with the contemplated consulting work.

---

[1] The facts recited in this Motion to Strike are paralleled in the factual allegations set forth in plaintiff's Complaint in this matter.

2. At various times in 1997 and again in 1998, Grabowski's attorney contacted LEDA, asserted that Grabowski was entitled to compensation, and set forth amounts allegedly owed to Grabowski. Communications between the parties about their respective claims and issues eventually resulted in June, 1998, in LEDA attempting to compromise Grabowski's disputed claim by offering valuable consideration in exchange for Grabowski's agreement to release and settle his claim. Grabowski rejected this offer.

3. In his Complaint filed in June, 2004, Grabowski again asserts that he is entitled to various forms of compensation from LEDA's successor, Analog, in connection with the same consulting work contemplated in 1997. In paragraphs 33, 34, 35, and portions of paragraph 36 of the Complaint, Grabowski presents evidence of the 1998 settlement discussions and of LEDA's offer of valuable consideration in exchange for settlement of the claims.[2]

4. Grabowski presents evidence of the 1998 settlement in an effort to prove defendant Analog's *liability* for the disputed claim and *the amount* of the alleged liability. Specifically, Grabowski states in the Complaint that the "Proposed Release acknowledged that the parties had previously entered into a Consulting Agreement" and that its purpose was to "settle all outstanding issues between the parties." (Compl. ¶ 33.) Grabowski then states the amount of consideration LEDA Systems offered in exchange for Grabowski's agreement to "release LEDA from all [other] past and future obligations" and alleges that the amount of consideration LEDA offered was the amount "that it admittedly owed" Grabowski. (Compl. ¶ 34.) Further, Grabowski again recites the value of consideration offered in exchange for Grabowski's agreement to execute the Proposed Release. (Compl. ¶ 35.) Finally, Grabowski

---

[2] The offending language in paragraph 36 appears in the first and third sentences. In the first sentence, Analog objects to the phrase "rejecting the Proposed Release document." In the third sentence, Analog objects to the phrase "in an attempt to force…[Grabowski] to give up the rest of his contractual rights."

presents his attorney's written rejection of the offer, including references to terms of that offer, in an attempt to prove the amount of alleged liability. (Compl. ¶ 36.)

5.  Contrary to Rule 408 of the Federal Rules of Evidence and contrary to established case law, paragraphs 33, 34, 35, and portions of paragraph 36 of the Complaint impermissibly recite evidence of a settlement offer in an attempt to prove both liability on plaintiff's claims and the amount of the alleged claims. *See* Fed. R. Evid. 408; *McInnis v. A.M.F., Inc.*, 765 F.2d 240 (1st Cir. 1985) (ordering new trial because lower court allowed evidence of settlement offer for purpose of establishing liability).

## Conclusion

For the foregoing reasons, Analog respectfully requests that the Court enter an Order (attached as Exhibit A to this Motion) striking paragraphs 33, 34, and 35 in their entirety, and portions of paragraph 36. With respect to paragraph 36, Analog requests that the Court strike the phrase "rejecting the Proposed Release document" from the first sentence and the phrase "in an attempt to force…[Grabowski] to give up the rest of his contractual rights" from the third sentence.

## Oral Argument Requested

Analog respectfully requests that the Court grant oral argument on this motion, as it believes that argument will assist the Court in its determination of this motion.

Respectfully submitted,

QUALCORE LOGIC (ANALOG), INC.

*Michele A. Whitham*
Michele A. Whitham, BBO # 553705
John M. Granberry, BBO # 647086
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: June 30, 2004

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, John M. Granberry, hereby certify that on June 30, 2004, I conferred in good faith by telephone with Marc N. Henschke, counsel for Plaintiff, regarding the issues raised in the foregoing motion. However, Mr. Henschke did not assent to the Motion.

*John M. Granberry*
John M. Granberry