UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RALPH E. GRABOWSKI,

          Plaintiff,

v.

QUALCORE LOGIC (ANALOG),
INC.; QUALCORE GROUP, INC.; and
TERABURST NETWORKS, INC.,

          Defendants.

No. 04-CV-10905 (MEL)
**(Oral Argument Requested)**

## QUALCORE LOGIC (ANALOG), INC.'S
## MOTION TO DISMISS COUNT III (M.G.L. Ch. 93A) OF PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Mass. Gen. L. ch. 260, § 5A, Defendant QualCore Logic (Analog), Inc. ("Analog") hereby moves to dismiss Count III of Plaintiff's Complaint as time-barred by the four-year statute of limitations applicable to claims asserted under Mass. Gen. L. ch. 93A. In support of its Motion, Analog states as follows:

### Background

1.     In 1997, plaintiff Ralph E. Grabowski ("Grabowski") entered into an agreement to perform consulting work for LEDA Systems, Inc. ("LEDA"). (Compl. ¶¶ 12-15.)[1]

2.     By August, 1997, Grabowski had become concerned that LEDA was attempting to abrogate its consulting agreement with him. Accordingly, he contacted his attorney, Gene K. Landry, Esquire, who by letter dated August 21, 1997, sent a letter to LEDA making demand for

---

[1] For the sole purpose of its Motion to Dismiss Count III of Plaintiff's Complaint, Analog treats the allegations in the Complaint as true and draws reasonable inferences in favor of Plaintiff. *See, e.g., Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997) (requiring court to "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the non-moving party]"). Analog reserves its right outside of this Motion to Dismiss, including in particular in connection with its Answer, to dispute any and all allegations in the Complaint.

compensation allegedly due and payable and asserting that failure to make the demanded payment constituted a willful breach of Grabowski's agreement. (Compl. ¶ 28.)

3. By letter dated June 26, 1998, Grabowski's attorney reiterated Grabowski's claim for compensation and asserted that LEDA was engaging in a course of conduct that violated Chapter 93A. (Compl. ¶ 36.)[2]

4. Grabowski never received any substantive response from LEDA to the June, 1998 letter asserting a Chapter 93A violation. (Compl. ¶ 38.)

5. According to Grabowski, LEDA has engaged "in ongoing and continuing bad faith breaches" of its agreement with him since at least June 10, 1998. (Compl. ¶ 38.)

6. At the very latest, Grabowski last heard from an alleged representative of LEDA on November 1, 1998. (Compl. ¶ 39.)

7. Grabowski apparently took no further action with regard to his dispute with LEDA until early 2004, when he saw a press account of LEDA's merger and renaming as Analog. (Compl. ¶ 40.) On May 6, 2004, Plaintiff filed the instant suit. Count III of the Complaint asserts a violation of the Massachusetts Consumer Protection Statute, Mass. Gen. L. ch. 93A. (Compl. ¶¶ 54-58.

### Discussion

A federal court sitting in diversity jurisdiction generally applies the statute of limitations that would be applied by the forum state in which it sits. *See Deisenroth v. Numonics Corp.*, 997 F.Supp. 153, 156 (D. Mass. 1998). Chapter 93A claims in Massachusetts are governed by a four-year statute of limitations. *See* Mass. Gen. L. ch. 260, § 5A. The accrual date of a 93A claim is determined by reference to the same test as for the underlying claim. *See, e.g.*,

---

[2] In a separate Motion to Strike filed with the Court, Analog has moved to strike portions of paragraph 36 from the Complaint, but not the allegations cited here concerning continuing disputes between the parties.

*Kozikowski v. Toll Bros., Inc.*, 246 F.Supp.2d 93, 98-99 (D. Mass. 2003). In a contract action, the cause of action accrues on the date of the alleged breach. *See, e.g., Swartz v. Schering-Plough Corp.*, 53 F.Supp.2d 95, 104 (D. Mass. 1999). Therefore, in the case of Grabowski's contract-based 93A claims, the cause of action accrued on the date of the alleged breach and became time-barred four years later.

Accepting the allegations in the Complaint as true and granting plaintiff all reasonable inferences, the alleged breach occurred no later than August 21, 1997. At that point, as Grabowski's attorney asserted, Grabowski's compensation was currently due and payable, and a failure to pay him constituted a breach. (Compl. ¶ 28.) In any event, the 93A claim certainly had accrued by June 1998. At that point, according to Grabowski's Complaint, LEDA's breaches were "ongoing and continuing" since "at least" June 10, 1998. By June 26, 1998, Grabowski's attorney had expressly asserted that LEDA's course of conduct violated Chapter 93A. (Compl. ¶¶ 36, 38.) Even assuming, *arguendo*, that the Chapter 93A claim had somehow still not accrued by June, 1998, it certainly had as of November 1, 1998, when Grabowski admits he last had any communication with any representative from LEDA about his claim for compensation. (Compl. ¶ 39.)

Despite first believing LEDA had breached the contract in bad faith as early as August 1997, despite asserting a Chapter 93A violation in writing in June, 1998, and despite having last heard from any LEDA representative in November 1998, plaintiff waited until May 2004 -- six and a half years after the alleged breach -- to file suit. As a result, his claim under Chapter 93A is time-barred and should be dismissed.

## Conclusion

For the foregoing reasons, Analog respectfully requests that Count III of Plaintiff's Complaint be dismissed, in accordance with the Proposed Order attached hereto as Exhibit A.

**Oral Argument Requested**

Analog respectfully requests that the Court grant oral argument on this motion, as it believes that argument will assist the Court in its determination of this motion.

Respectfully submitted,

QUALCORE LOGIC (ANALOG), INC.

_____
Michele A. Whitham, BBO # 553705
John M. Granberry, BBO # 647086
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: June 30, 2004

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I, John M. Granberry, hereby certify that on June 30, 2004, I conferred in good faith by telephone with Marc N. Henschke, counsel for Plaintiff, regarding the issues raised in the foregoing motion. However, Mr. Henschke did not assent to the Motion.

_____
John M. Granberry