UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RALPH E. GRABOWSKI,

               Plaintiff,

v.

QUALCORE LOGIC (ANALOG),
INC.; QUALCORE GROUP, INC.; and
TERABURST NETWORKS, INC.,

               Defendants.

No. 04-CV-10905 (MEL)

## ANSWER OF DEFENDANT QUALCORE LOGIC (ANALOG), INC. AS TO COUNTS I, II, IV AND V OF THE COMPLAINT[1]

Defendant QualCore Logic (Analog), Inc. ("Analog"), by its attorneys, answers the Complaint of Ralph E. Grabowski as follows:

1. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Analog denies the allegations contained in the first sentence of paragraph 2 of the Complaint. Analog admits the allegations contained in the second sentence of paragraph 2 of the Complaint, except denies that a merger was effected in September, 2003. The allegations in the third sentence of paragraph 2 set forth conclusions of law to which no response is required. To the extent said third sentence sets forth factual allegations, Analog admits that LEDA was renamed Analog in connection with a merger, and denies that it understands the reference to "all relevant liability" and that it owes Grabowski the damages alleged in the Complaint.

---

[1] Analog has filed with the Court a Motion to Dismiss Count III of the Complaint (alleging violations of Chapter 93A) as time barred and a Motion to Strike paragraphs 33, 34, 35 and portions of 36 of the Complaint as impermissibly submitting in evidence to the Court the contents of a settlement offer in an effort to prove liability and the amount of damages.

3. Analog lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 of the Complaint, and admits the truth of the allegations in the second sentence of paragraph 3 of the Complaint, except denies that a merger was effected in September, 2003.

4. Analog lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1 and 2 of paragraph 4 of the Complaint and admits the truth of the allegations in sentence 3 of paragraph 4 of the Complaint, except denies that a merger was effected in September, 2003.

5. The allegations in paragraph 5 of the Complaint set forth conclusions of law to which no response is required.

6. The allegations in paragraph 6 of the Complaint set forth conclusions of law to which no response is required. To the extent paragraph 6 sets forth factual allegations, Analog denies each and every factual allegation in paragraph 6 not specifically admitted. As to said factual allegations, Analog admits, as to itself, that its predecessor-in-interest entered into an agreement for consulting services to be provided to said predecessor and that some such services were provided. Further answering, Analog states that the so-called "Consulting Agreement" is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

7. The allegations in paragraph 7 of the Complaint set forth conclusions of law to which no response is required. To the extent paragraph 7 sets forth factual allegations, Analog denies each and every factual allegation in paragraph 7 not specifically admitted. Further

answering, Analog states that the so-called "Consulting Agreement" is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

8. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Analog denies each and every allegation in paragraph 11 of the Complaint not specifically admitted, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 11. As to the allegations of the first through fourth sentences of paragraph 11, Analog admits that in early 1997, LEDA Systems was a start-up technology company targeting certain segments of the Electronic Design Automation ("EDA") marketplace by designing proprietary products and methods that integrated mixed-signal library development with deep-submicron semiconductor process development, and further admits that LEDA Systems, Inc.'s intended customers included semiconductor foundries and integrated circuit designers and that LEDA Systems offered significant time-to-production benefits.

12. Analog denies each and every allegation in paragraph 12 of the Complaint not specifically admitted, except states that it is without knowledge or information sufficient to form

a belief as to the circumstances leading to a business relationship between Grabowski and LEDA Systems and as to the date when Grabowski began working for LEDA Systems. Analog admits that Gregory Peterson was President of LEDA Systems in February 1997. Further answering, Analog states that the so-called "Consulting Agreement" is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved. As to Exhibit A attached to the Complaint, Analog admits that the first, second, and fourth pages of Exhibit A are true and accurate copies of documents in its possession and denies that the third page of Exhibit A is a true and accurate copy of a document in its possession.

   13.  The allegations in paragraph 13 of the Complaint set forth conclusions of law to which no response is required. Further answering, Analog states that, insofar as the allegations of paragraph 13 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

   14.  The allegations in paragraph 14 and sub-paragraphs 14(i), 14(ii), and 14(iii) set forth conclusions of law to which no response is required. Further answering, Analog states that, insofar as the allegations of paragraph 14 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms

memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

15. The allegations in the first sentence of paragraph 15 of the Complaint set forth conclusions of law to which no response is required. Analog admits the allegations contained in the second sentence of paragraph 15 of the Complaint, except states that Grabowski's compensation was conditioned on his performance and the occurrence of other conditions precedent to payment. Further answering, Analog states that insofar as the allegations of paragraph 15 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

16. The allegations in the first sentence of paragraph 16 of the Complaint set forth conclusions of law to which no response is required. Analog is without knowledge or information sufficient to form a belief as to the allegation of the second sentence of paragraph 16. Further answering, Analog states that, insofar as the allegations of paragraph 16 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

17. Analog denies each and every allegation in paragraph 17 of the Complaint not specifically admitted. With respect to Grabowski's allegation of reliance on promises in the first

sentence, Analog denies that Grabowski has alleged in his Complaint that any--or what--promises were made by LEDA Systems in connection with the alleged "Consulting Agreement" and has further asserted no basis for any alleged reliance. With respect to the allegations of the first, second and third sentences regarding work allegedly performed by Grabowski, Analog admits that the categories of activities identified generally correspond with those Grabowski was to perform, but denies that Grabowski performed substantially or satisfactorily. Further answering, Analog states that, insofar as the allegations of paragraph 17 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

18.     Analog admits the allegations in paragraph 18 of the Complaint, except states that insofar as the allegations of paragraph 18 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

19.     Analog is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint. Further answering, Analog states that insofar as the allegations of paragraph 19 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms

memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

20. With respect to the allegations of the first sentence of paragraph 20, Analog admits that the parties executed an amendment to the Consulting Agreement and denies the characterization of the nature of the discussions leading to the amendment or the scope of the amendment as "limited." Analog is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of paragraph 20 concerning Grabowski's beliefs as to what he did or did not agree to or did or did not pledge. Further answering, Analog states that, insofar as the allegations of paragraph 20 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

21. Analog states that, insofar as the allegations of paragraph 21 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved. Further answering, Analog denies that any agreement was reached to pay Grabowski any amounts in perpetuity.

22. Analog admits that a second writing dated April 8, 1997 was executed by both Grabowski and Peterson, a copy of which is attached as the fourth page to Exhibit A to the

Complaint. Further answering, Analog states that insofar as the allegations of paragraph 22 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

23. Analog admits that Grabowski continued to spend time on LEDA matters and denies that Grabowski rendered satisfactory performance to LEDA in connection therewith. Further answering, with respect to Grabowski's allegation of reliance on promises, Analog denies that Grabowski has alleged in his Complaint that any--or what--promises were made by LEDA Systems in connection with the alleged "Consulting Agreement" and has further asserted no basis for any alleged reliance.

24. Analog admits that Peterson received an e-mail dated June 16, 1997, and states that said e-mail is one piece of non-contractual communication that is part of an extensive record in the case subject to competing interpretations by the parties, which document will speak for itself when read in its entirety and in the context of the complete documentary and testimonial record in this case.

25. Analog admits that Grabowski has produced a printout purporting to be an e-mail sent by Peterson to Grabowski on June 25, 1997, but states that it has no record of any e-mail with the content alleged in paragraph 25. Further answering, Analog states that, if properly authenticated, the alleged e-mail is one piece of non-contractual communication that is part of an extensive record in the case subject to competing interpretations by the parties, which document

will speak for itself when read in its entirety and in the context of the complete documentary and testimonial record in this case.

26. Analog admits that Grabowski has produced a document purporting to be a letter sent by LEDA System's attorneys Graham & James LLP ("Graham & James") to Peterson on July 16, 1997, but states that it has no record of any such document with the content alleged in paragraph 26. Further answering, Analog states that, if properly authenticated, the alleged document is one piece of non-contractual communication that is part of an extensive record in the case subject to competing interpretations by the parties, which document will speak for itself when read in its entirety and in the context of the complete documentary and testimonial record in this case.

27. Analog admits that Peterson sent a letter dated July 24, 1997 to Grabowski and states that said letter is one piece of non-contractual communication that is part of an extensive record in the case subject to competing interpretations by the parties, which document will speak for itself when read in its entirety and in the context of the complete documentary and testimonial record in this case.

28. Analog is without knowledge or information sufficient to form a belief as to Grabowski's state of mind as set forth in the first sentence of paragraph 28 of the Complaint or as to the truth of the allegations concerning Attorney Landy's alleged good faith belief in the content of the letter referenced in the last sentence of paragraph 28. Further answering, Analog admits that Peterson received a letter dated August 21, 1997 signed by an Attorney Landy and states that said letter is a written document that speaks for itself in setting forth Attorney Landy's beliefs at the time.

29. Analog states that the Landy letter is a written document that speaks for itself in setting forth Attorney Landy's alleged beliefs at the time.

30. Analog admits that Peterson sent a letter dated September 8, 1997 to Attorney Landy and states that said letter is one piece of non-contractual communication that is part of an extensive record in the case subject to competing interpretations by the parties, which document will speak for itself when read in its entirety and in the context of the complete documentary and testimonial record in this case. Further answering, Analog states that, insofar as paragraph 30 purports to construe the Peterson correspondence as a construction of the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

31. Analog states that the September 8, 1997 letter is one piece of non-contractual communication that is part of an extensive record in the case subject to competing interpretations by the parties, which document will speak for itself when read in its entirety and in the context of the complete documentary and testimonial record in this case. Further answering, Analog states that, insofar as paragraph 31 purports to construe the Peterson correspondence as a construction of the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

32. Analog admits that LEDA Systems made certain cash payments to Grabowski, including a payment of $8,820 on November 25, 1997, and another in the amount of $3,500 in or about March 1998. Further answering, Analog denies that said payments constituted or evidence "promises" of any kind or nature by LEDA Systems, and denies Grabowski's inferences of any alleged "promises." Further answering, Analog states that, insofar as paragraph 32 purports to construe the Peterson correspondence as a construction of the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

33. Analog denies that the allegations of paragraph 33 of the Complaint require an answer, as Analog has filed with the Court a Motion to Strike said paragraph.

34. Analog denies that the allegations of paragraph 34 of the Complaint require an answer, as Analog has filed with the Court a Motion to Strike said paragraph.

35. Analog denies that the allegations of paragraph 35 of the Complaint require an answer, as Analog has filed with the Court a Motion to Strike said paragraph.

36. Analog denies that certain of the allegations of paragraph 36 of the Complaint require an answer, as Analog has filed with the Court a Motion to Strike portions of the first sentence of said paragraph. Further answering, Analog admits that LEDA Systems received a letter dated June 26, 1998 signed by Attorney Landy and states that said letter is a written document that speaks for itself in setting forth Attorney Landy's opinions as to the dispute between Grabowski and LEDA Systems.

37.     Analog admits that LEDA Systems received a letter dated June 30, 1998 from Attorney Landy and states that said letter is a written document that speaks for itself in setting forth Attorney Landy's opinions as to the dispute between Grabowski and LEDA Systems. Insofar as Attorney Landy's letter purports to construe the so-called "Consulting Agreement," Analog states that said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

38.     The allegations in the fourth and fifth sentences of paragraph 38 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog admits that Foley Hoag, on behalf of LEDA Systems, attempted to contact Attorney Landy in or about July 1998 and thereafter had no further contact with Attorney Landy, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Grabowski received any response from LEDA Systems or its representatives to Attorney Landy's June 1998 letters, and admits that at some point in time LEDA Systems stopped making payments to Grabowski. Further answering, Analog states that, insofar as Grabowski's remaining allegations purport to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

39. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Analog is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 40 of the Complaint. Analog admits the remaining factual allegations of paragraph 40, except states that it lacks knowledge as to what Grabowski means by the term "involved in" set forth in the third sentence.

41. The allegations in paragraph 41 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations in paragraph 41.

42. Analog denies each and every allegation in paragraph 42 of the Complaint not specifically admitted, except states that it is without knowledge or information sufficient to form a belief as to whether Grabowski was notified or informed of the merger and admits that Grabowski received nothing in connection with the merger.

43. The allegations set forth in paragraph 43 and sub-paragraphs 43(i) through (x) set forth conclusions of law to which no response is required. To the extent said paragraphs and sub-paragraphs set forth factual allegations, Analog denies the allegations as to itself, except states that is is without knowledge or information sufficient to form a belief as to Grabowski's awareness of the merger or his state of mind. Further answering, Analog states that, insofar as the allegations of paragraph 43 are purporting to construe the so-called "Consulting Agreement," said agreement is a written document that was subsequently amended in a writing or writings, lacks an integration clause and other corporate formalities and does not by its terms memorialize the complete agreement between the parties, and contains provisions that were subject to disputes between the parties beginning in 1997, which disputes were never resolved.

44.     Analog incorporates by reference its responses to the allegations set forth in paragraphs 1 through 43 above as if specifically set forth herein.

45.     The allegations in paragraph 45 of the Complaint set forth conclusions of law to which no response is required.  To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 45 of the Complaint.

46.     The allegations in paragraph 46 of the Complaint set forth conclusions of law to which no response is required.  To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 46 of the Complaint.

47.     The allegations in paragraph 47 of the Complaint set forth conclusions of law to which no response is required.  Further answering, Analog denies that paragraph 47 requires an answer to the extent it relies on paragraphs 34 and 35 of the Complaint, which paragraphs Analog has moved to strike.  To the extent said paragraph sets forth factual allegations, Analog denies the allegation s contained in paragraph 47 of the Complaint and incorporates herein its responses to the allegations in paragraphs 34-35, 38, and 43.

48.     The allegations in paragraph 48 of the Complaint set forth conclusions of law to which no response is required.  To the extent said paragraph sets forth factual allegations, Analog denies the allegations in paragraph 48.

49.     Analog incorporates by reference its responses to the allegations set forth in paragraphs 1 through 48 above as if specifically set forth herein.

50.     The allegations in paragraph 50 of the Complaint set forth conclusions of law to which no response is required.  To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 50 of the Complaint.

51.     The allegations in paragraph 51 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 51 of the Complaint.

52.     The allegations in paragraph 52 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 52 of the Complaint.

53.     The allegations in paragraph 53 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 53 of the Complaint.

54.     Analog denies that the allegations of paragraph 54 of the Complaint require an answer, as Analog has filed with the Court a Motion to Dismiss said paragraph.

55.     Analog denies that the allegations of paragraph 55 of the Complaint require an answer, as Analog has filed with the Court a Motion to Dismiss said paragraph.

56.     Analog denies that the allegations of paragraph 56 of the Complaint require an answer, as Analog has filed with the Court a Motion to Dismiss said paragraph.

57.     Analog denies that the allegations of paragraph 57 of the Complaint require an answer, as Analog has filed with the Court a Motion to Dismiss said paragraph.

58.     Analog denies that the allegations of paragraph 58 of the Complaint require an answer, as Analog has filed with the Court a Motion to Dismiss said paragraph.

59.     Analog incorporates by reference its responses to the allegations set forth in paragraphs 1 through 58 above as if specifically set forth herein.

60. The allegations in paragraph 60 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 60 of the Complaint.

61. The allegations in paragraph 61 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 61 of the Complaint.

62. The allegations in paragraph 62 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 62 of the Complaint.

63. Analog incorporates by reference its responses to the allegations set forth in paragraphs 1 through 62 above as if specifically set forth herein.

64. The allegations in paragraph 64 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 64 of the Complaint.

65. The allegations in paragraph 65 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 65 of the Complaint.

66. The allegations in paragraph 66 of the Complaint set forth conclusions of law to which no response is required. To the extent said paragraph sets forth factual allegations, Analog denies the allegations contained in paragraph 66 of the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Venue is improper in this district.

### Third Affirmative Defense

The current forum is an inconvenient forum for adjudication of Plaintiff's claims.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred on the ground that he would be unjustly enriched if his claims are allowed.

### Seventh Affirmative Defense

Plaintiff's claims are barred under the doctrine of unclean hands.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Tenth Affirmative Defense

Plaintiff's claims fail as a result of accord and satisfaction.

### Eleventh Affirmative Defense

Plaintiff's claims are barred as a result of a failure of meeting of the minds.

### Twelfth Affirmative Defense

Plaintiff suffered no damages by virtue of any actions taken by Analog.

### Thirteenth Affirmative Defense

Plaintiff claims should be dismissed because he failed to properly exercise any options to which he claims he was entitled.

### Fourteenth Affirmative Defense

Plaintiff's claims should be dismissed on the ground that the options to which he claims he was entitled were void, waived, canceled or revoked.

### Fifteenth Affirmative Defense

Plaintiff's claims should be dismissed on the ground that he failed to fulfill conditions to the valid issuance and/or delivery of options and/or shares of stock.

### Sixteenth Affirmative Defense

Plaintiff's claims should be dismissed on the ground that he failed to perform under the contract.

### Seventeenth Affirmative Defense

To the extent Plaintiff claims he is entitled to any form of compensation for fund raising activities, Plaintiff's claims should be dismissed on the ground that he was not a lawfully licensed and registered broker-dealer.

### Eighteenth Affirmative Defense

Plaintiff's claims should be dismissed because of unworkmanlike performance by plaintiff.

### Nineteenth Affirmative Defense

Plaintiff's claims should be dismissed because of payment and performance by Analog.

### Twentieth Affirmative Defense

Plaintiff's claims should be dismissed because of tender by Analog.

### Twenty-first Affirmative Defense

Count V of Plaintiff's claims, for quantum meruit relief, is barred by the doctrine of contract.

**Twenty-second Affirmative Defense**

Analog reserves the right to amend its answer to assert other and further defenses as may become available or apparent during discovery proceedings in this case.

        Respectfully submitted,

        QUALCORE LOGIC (ANALOG), INC.,

        By its attorneys,

        */s/ Michele A. Whitham*
        Michele A. Whitham, BBO # 553705
        John Granberry, BBO # 647086
        FOLEY HOAG LLP
        155 Seaport Boulevard
        Boston, Massachusetts 02210
        617-832-1000
        617-832-7000 (fax)

Dated: June 30, 2004