UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>            Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG),<br>INC.; QUALCORE GROUP, INC.; and<br>TERABURST NETWORKS, INC.,<br><br>            Defendants. | No. 04-CV-10905 (MEL) |

### DECLARATION OF JOHAN PIROT

I, Johan Pirot, hereby depose and state:

    1. I am a Senior Vice President of TeraBurst Networks, Inc. I am over eighteen years of age, and am legally competent to provide this Declaration. This Declaration is based upon my own personal knowledge, as well as my review of the business records and books of TeraBurst Networks, Inc. ("TeraBurst") and other reliable sources of information within TeraBurst.

    2. I make this Declaration in support of TeraBurst's Motion to Dismiss for Lack of Personal Jurisdiction.

**Teraburst**

    3. TeraBurst was incorporated under the laws of Delaware on January 4, 2000. Since its inception, TeraBurst was, and continues to be, headquartered in Sunnyvale, California. Its current address 1287 Anvilwood Avenue, Sunnyvale, California 94089.

    4. TeraBurst is the holding company of QualCore Group, Inc. and has no operational control over QualCore Group, Inc.

5. QualCore Group, Inc. became a wholly-owned subsidiary of TeraBurst on December 17, 2002, pursuant to the filing a Certificate of Merger with the Delaware Secretary of State.

6. TeraBurst was also a party to the August 20, 2003 Merger wherein LEDA Systems became a wholly-owned subsidiary of QualCore Group, Inc. and changed its name to QualCore Logic (Analog), Inc. ("Analog").

7. Prior to the above referenced merger, TeraBurst had no relationship of any kind with LEDA Systems.

**Lack of Presence of TeraBurst in Massachusetts**

8. Except for the single vendor relationship and the handful of supplier relationships described below, at no time has TeraBurst had any contacts with the Commonwealth of Massachusetts.

9. TeraBurst is not incorporated in Massachusetts.

10. TeraBurst does not have an office or place of business in Massachusetts.

11. TeraBurst does not have a mailing address in Massachusetts.

12. TeraBurst does not have a registered agent in Massachusetts.

13. TeraBurst is not registered to transact business in Massachusetts.

14. Except for the vendor relationships described below, TeraBurst has not transacted any business in Massachusetts.

15. TeraBurst has not consented to be sued in Massachusetts.

16. TeraBurst has not designated an agent for service of process in Massachusetts.

17. TeraBurst is not listed in any telephone or business directory in Massachusetts.

18. TeraBurst does not have any employees or agents who reside in Massachusetts.

19. Except for the single vendor relationship and the handful of supplier relationships described below, neither directors, officers nor employees of TeraBurst have traveled to Massachusetts to conduct any business of TeraBurst.

20. TeraBurst does not own property, either personal or real, in Massachusetts.

21. TeraBurst does not have any inventory located in Massachusetts.

22. TeraBurst has no sales in Massachusetts.

23. TeraBurst has no shareholders in Massachusetts.

24. TeraBurst has not contracted to supply services or things to Massachusetts.

25. TeraBurst does not maintain any assets or bank accounts in Massachusetts.

26. Except for the single vendor relationship and the handful of supplier relationships described below, TeraBurst has not engaged any independent contractors to work in Massachusetts.

27. TeraBurst has not paid any unemployment taxes or any other taxes in Massachusetts, nor has it been required to pay such taxes.

28. TeraBurst has never conducted any fund-raising efforts, advertising or similar activities in Massachusetts.

29. To whatever extent any witnesses associated with, or documents related to, the defense of the claims in this action are in TeraBurst's possession, custody or control - and TeraBurst believes there are none - they are located outside of Massachusetts.

30. Beginning in 2001, TeraBurst has, in the ordinary course of business, purchased nationwide on an episodic, "as needed" basis, optical and networking parts and services for its products from vendors with multiple offices throughout the United States. Of the hundreds such vendors TeraBurst purchases from, approximately fifteen have invoiced TeraBurst from

Massachusetts. In none of these instances, to the best of my knowledge, upon reasonable inquiry and based on my review of TeraBurst's records, did TeraBurst personnel travel to Massachusetts in connection with those purchases.

31. In 2001, TeraBurst entered into a development agreement with a Massachusetts based subsidiary of a non-Massachusetts corporation. The agreement was not governed by Massachusetts law and did not include Massachusetts as its forum selection. In connection with the agreement, two to three employees of TeraBurst traveled to Massachusetts in 2001, on no more than five occasions, to attend meetings related to the vendor work. The project was either completed or terminated in 2002.

32. Finally, one employee traveled to attend at least one conference in Massachusetts between 2000 and 2002 in connection with the above referenced development agreement.

33. In sum, TeraBurst has never had any significant relationship with Massachusetts and had no contact of any kind prior to 2000.

**Lack of Relationship with Plaintiff, Ralph E. Grabowski**

34. At no time was the Plaintiff in this matter ever an employee, agent, independent contractor or consultant of TeraBurst.

35. TeraBurst has never entered into a contract for services with Plaintiff, nor has TeraBurst ever promised to pay him for any services.

36. TeraBurst has never directed Plaintiff to perform work for TeraBurst.

37. Plaintiff has never performed services that have benefited TeraBurst.

38. The vendor relationships referenced above have no connection to the Plaintiff or to the Plaintiff's claims in this action.

39. In sum, TeraBurst has no relationship with Ralph E. Grabowski.

Sworn under the pains and penalty of perjury this 29th day of June, 2004.

_____
Johan Pirot