**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| RALPH E. GRABOWSKI, )<br><br>Plaintiff, )<br><br>v. )<br><br>QUALCORE LOGIC (ANALOG), INC.; )<br>QUALCORE GROUP, INC.; and )<br>TERABURST NETWORKS, INC., )<br><br>Defendants. ) | No. 04-CV-10905 (MEL) |

**PLAINTIFF RALPH E. GRABOWSKI'S OPPOSITION TO
QUALCORE LOGIC (ANALOG), INC.'S MOTION TO STRIKE
PARAGRAPHS 33, 34, 35 AND PORTIONS OF PARAGRAPH 36 OF HIS COMPLAINT**

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................................... iii

I.    PRELIMINARY STATEMENT ..................................................................................... 1

II.   THE FACTUAL ALLEGATIONS PLED IN GRABOWSKI'S COMPLAINT ............... 2

    A.    The Parties ............................................................................................................ 2

    B.    Grabowski's Consulting Agreement With Analog .............................................. 2

    C.    Analog's Repudiation And Ongoing Breaches Of The Consulting
          Agreement ............................................................................................................ 3

III.  ARGUMENT .................................................................................................................... 5

    ANALOG'S MOTION TO STRIKE SOME OR ALL OF PARAGRAPHS 33
    THROUGH 36 OF GRABOWSKI'S COMPLAINT SHOULD BE DENIED IN
    ITS ENTIRETY ................................................................................................................ 5

    A.    Analog Has Failed To Satisfy The Legal Standards Governing Motions To
          Strike Established By Rule 12(f) Of The Federal Rules Of Civil Procedure ......... 5

          1.    Motions To Strike Are Highly Disfavored And Typically Denied ............. 6

          2.    Even Where Motions To Strike Are Granted, It Is Only For
               "Redundant, Immaterial, Impertinent, Or Scandalous" Matter ................. 7

    B.    Analog Fails To Demonstrate Any Requirement That The Allegations In
          Grabowski's Complaint Must Meet The Admissibility Standards Of The
          Federal Rules Of Evidence ................................................................................... 7

    C.    Even If Grabowski's Complaint Was Subject To The Federal Rules Of
          Evidence, Nothing In Paragraphs 33 Through 36 Would Be Inadmissible
          Under FRE 408 ..................................................................................................... 9

          1.    The Parties Were Not In Compromise Negotiations As To A
               Disputed Claim Or Amount ...................................................................... 10

          2.    Paragraphs 33 Through 36 Are Not Being Submitted To Prove An
               Admission By Analog As To The Fact Or Amount Of Its Liability ........ 11

3.   In Any Event, Many Of The Sentences That Analog Seeks To
     Strike Contain No Details About The Substance Of The Offer................ 11

IV.   CONCLUSION.......................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>Federal Cases</u>

*Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862 (5th Cir. 1962) ................................................................................................................................6

*Berke v. Presstek, Inc.*, 188 F.R.D. 179 (D.N.H. 1998)................................................................6

*Bishops Bay Founders Group, Inc. v. Bishops Bay Apartments, LLC*, 301 F. Supp. 2d 901 (W.D. Wis. 2003)...........................................................................................................................8

*Catullo v. Metzner*, 834 F.2d 1075 (1st Cir. 1987) .......................................................................11

*DeMoulis v. Sullivan*, 1993 WL 81500 (D. Mass. Feb. 26, 1993).................................................6

*Eskofat A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81 (S.D.N.Y. 1995) .......................8

*H.K. Porter Co. v. Bremer*, 11 F.R.D. 89 (N.D. Ohio 1950)...........................................................6

*Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chemicals Co., Ltd.*, 1995 WL 380106 (S.D.N.Y. June 26, 1995) .............................................................................8, 11

*Liautaud v. Generationxcellent, Inc.*, 2002 U.S. Dist. LEXIS 2404 (N.D. Ill. Feb. 15, 2002) .........................................................................................................................................10

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) ...........................................8

*Maryland State Conference of NAACP Branches v. Maryland Dept. of State Police*, 72 F. Supp. 2d 560 (D. Md. 1999) ......................................................................................................7

*Pointer (U.S.A.), Inc. v. H & D Foods Corp.*, 1998 U.S. Dist. LEXIS 8794 (S.D.N.Y June 12, 1998)...........................................................................................................................8, 11

*Strong v. Quinn*, No. 82-0173-MA (D. Mass. May 20, 1982)........................................................6

*TEG NY LLC v. Ardenwood Estates, Inc.*, 2004 WL 626802 (E.D.N.Y. Mar. 30, 2004) .....8, 9, 11

*Urico v. Parnell Oil Co.*, 708 F.2d 852 (1st Cir. 1983) .................................................................11

### <u>Rules</u>

FED. R. EVID. 408....................................................................................................................... *passim*

FED. R. CIV. P. 12(f).................................................................................................................... *passim*

# I.
## PRELIMINARY STATEMENT

Plaintiff Ralph E. Grabowski ("Grabowski") hereby opposes the Motion To Strike Paragraphs 33, 34, 35 And Portions Of Paragraph 36 Of The Complaint ("Mot.") filed with this Court on or about June 30, 2004 by Defendant QualCore Logic (Analog), Inc. ("Analog"). As demonstrated below, Analog's attempt to rely upon FRE 408 to strike key underlying facts that give rise to Grabowski's claims is directly contrary to established law.

As an initial matter, Analog's present motion should be summarily denied for completely ignoring F.R.C.P. 12(f) which governs motions to strike material from pleadings. This appears to have been a strategic decision given that Analog has no prospect whatsoever of proving that the material it seeks to have stricken is in any way "redundant, immaterial, impertinent, or scandalous" as the stringent standards of Rule 12(f) would require.

Analog's reliance instead on FRE 408 rests upon the false and unsupported premise that allegations contained in a pleading are somehow required to meet evidentiary admissibility standards. But as the courts have held, application of these standards is premature at the pleadings stage, and they only would come into play at a later juncture if a litigant sought to introduce the contested material as evidence.

In any event, even if Grabowski's Complaint was required to pass an evidentiary admissibility test, here the contested material would not be excludable under FRE 408. This material does not reflect a settlement offer made during the course of compromise negotiations as to a disputed claim or amount. Nor does Grabowski offer it for the purpose of proving that Analog has admitted to the fact or amount of its liability. To the contrary, these materials disclose Analog's *denial* of liability and repudiation of its contractual obligations. As such, its

1

inclusion is critical to understanding Grabowski's breach of contract and Chapter 93A causes of action.

Analog's anticipated attempts to raise fact issues about these issues in its reply brief should be rejected in a Rule 12(b)(6) context, and accordingly the present Motion To Strike should be denied in its entirety.

## II.
## THE FACTUAL ALLEGATIONS PLED IN GRABOWSKI'S COMPLAINT

### A.     The Parties

Grabowski is a professional Marketing Consultant who oftentimes serves as a temporary VP of Marketing for start-up technology companies. (Compl., ¶ 8).[1]

As of early 1997, Analog was a start-up technology company targeting certain segments of the Electronic Design Automation ("EDA") marketplace by designing proprietary products and methods that integrated mixed-signal library development with deep-micron semiconductor process development. (Compl., ¶ 11). At all times prior to 2003, Analog was known by its former corporate name of LEDA Systems, Inc.

### B.     Grabowski's Consulting Agreement With Analog

In April of 1997, Grabowski and Analog executed a written Consulting Agreement whereby Grabowski agreed to "provide marketing assistance as … [a] VP of Marketing on a temporary executive basis." (Compl., ¶ 12). In exchange, Analog agreed to pay Grabowski three separate forms of compensation. (*Id.*, ¶¶ 13-14, 21). First, Grabowski was to be paid hourly rates for his work on a deferred cash basis out of the first 20% of any revenues (or debt or equity funding) that Analog received in the future. (*Id.*). Second, Analog agreed to grant

---

[1] As used herein, the term "Compl." is a reference to Grabowski's Complaint And Jury Demand filed with this Court on May 6, 2004.

to Grabowski certain quantities of stock options. (*Id.*). Third, Grabowski was to be paid certain royalty percentages in perpetuity from out of any and all funds that Analog was to receive in the future above specific target thresholds. (*Id.*).

Grabowski subsequently met all of his performance obligations under the Consulting Agreement. (Compl., ¶¶ 17, 23).

**C.     Analog's Repudiation And Ongoing Breaches Of The Consulting Agreement**

In August of 1997, Grabowski's attorney sent Analog a letter questioning whether Analog was in breach of the Consulting Agreement. (Compl., ¶ 28). Grabowski suspected that Analog had been earning revenues from sales of its products and services, and therefore that the amounts payable to him from out of those revenues had come due. (*Id.*). Analog sent Grabowski a responsive letter admitting to the amounts it owed him, but claiming that none of those amounts had yet come due because Analog had purportedly not yet "received revenues from sales of products and services." (*Id.*, ¶ 30). At that time, Analog reiterated its promise to pay Grabowski the amounts owed to him as they came due, and Analog in fact made such payments to Grabowski in the months that followed. (*Id.*, ¶ 32).

Nearly a year later, however, on June 10, 1998, Grabowski received an unsolicited letter from Analog attaching a document entitled "Termination, Release And Settlement Agreement" (the "Proposed Release"). (Compl., ¶ 33). By the express terms of the Proposed Release, Analog announced that it was repudiating its obligations to Grabowski under the Consulting Agreement. (*Id.*, ¶ 34). Indeed, Analog stated that it would pay Grabowski the $98,300 in deferred cash compensation that it admittedly owed him only on the *conditions* that Grabowski "release [Analog] … from all [other] past and future obligations," and acknowledge that this was the "total compensation due" to him. (*Id.*). In other words, Analog was requiring

3

that Grabowski give up his valuable contractual rights to both stock options and future royalty payments as the price for receiving the deferred cash compensation that he had already *unconditionally* earned under the Consulting Agreement. (*Id.*).

On June 26, 1998, Grabowski's attorney sent a responsive letter emphasizing that Analog "unconditionally owes Mr. Grabowski the sum of [$98,380] as deferred compensation under the 1997 [Consulting] Agreement." (Compl., ¶ 36). Analog was further cautioned that it would be a violation of Mass. G. L. c. 93A to "intentionally withhold[] mon[ies] it knows are due in an attempt to force … [Grabowski] to give up the rest of his contractual rights." (*Id.*). Grabowski contemporaneously attempted to exercise some of his stock options, and he also requested that Analog provide him with certain financial and shareholder information to which he was contractually entitled. (*Id.*, ¶ 37).

Since June of 1998, Analog has been engaged in ongoing and continuing breaches of the Consulting Agreement. (Compl., ¶ 38). For example, Analog has never paid Grabowski any of the amounts it owes him as they have come due or otherwise. (*Id.*). Analog also has failed to honor Grabowski's request to exercise his stock options, and in fact appears to have unlawfully canceled or converted those options at an unknown point in time. (Compl., ¶¶ 38, 42-43). Nor has Analog ever provided Grabowski with any of the financial or shareholder information that he requested. (*Id.*, ¶ 38).

### III.
### ARGUMENT

### ANALOG'S MOTION TO STRIKE SOME OR ALL OF PARAGRAPHS 33 THROUGH 36 OF GRABOWSKI'S COMPLAINT SHOULD BE DENIED IN ITS ENTIRETY

The crux of Analog's Motion To Strike is that paragraphs 33 through 36 "impermissibly present evidence of an alleged prior settlement offer in an effort to prove liability for the claims asserted in the Complaint and to prove the alleged value of these claims." (Mot., p. 1). Analog claims that Grabowski has offered evidence of Analog "attempting to compromise Grabowski's disputed claim by offering valuable consideration," and that this evidence was offered in an effort to prove liability and the amount of liability. (*Id.*, p. 2).

In making its argument, Analog fails to satisfy (or even address) the governing legal standards under Rule 12(f). Similarly, Analog does not address whether allegations in the Complaint need be admissible in the first place, despite its misplaced reliance on FRE 408.

Even if Analog had satisfied the standards necessary to invoke Rule 12(f) and FRE 408, the paragraphs that Analog seeks to have stricken are admissible. Paragraphs 33 through 36 of the Complaint do not evidence an attempt to compromise because the parties were not in compromise negotiations as there was no disputed claim. Further, Grabowski made the allegations in paragraphs 33 through 36 to establish repudiation and breach of the Consulting Agreement, not to prove liability or amount of liability. Therefore, this Court should deny the Motion To Strike in its entirety.

### A.    Analog Has Failed To Satisfy The Legal Standards Governing Motions To Strike Established By Rule 12(f) Of The Federal Rules Of Civil Procedure

Federal Rule of Civil Procedure 12(f) provides the governing legal standard for when allegations can properly be stricken from a pleading. Rule 12(f) states in relevant part as

follows: "Upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

As the moving party, Analog bears the burden of demonstrating that Rule 12(f) requires the contested material to be stricken from Grabowski's Complaint. *See Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180 (D.N.H. 1998). This is a heavy burden because courts have historically looked with great disfavor upon motions to strike. Far from carrying this heavy burden, however, Analog fails even to mention Rule 12(f) in its moving papers, much less to prove that Grabowski's allegations are in any way "redundant, immaterial, impertinent or scandalous." It is simply impossible for Analog to have satisfied the stringent legal standards of Rule 12(f) when it has not even addressed them.

### 1.    Motions To Strike Are Highly Disfavored And Typically Denied

Analog faces a steep uphill climb in filing its present Motion To Strike. Indeed, such motions are "generally disfavored and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *DeMoulis v. Sullivan*, 1993 WL 81500, *6 (D. Mass. Feb. 26, 1993) (*citing Strong v. Quinn,* No. 82-0173-MA, slip op. (D. Mass. May 20, 1982)); *see H.K. Porter Co. v. Bremer*, 11 F.R.D. 89, 90 (N.D. Ohio 1950).

"Partly because of the practical difficulty of deciding cases without a factual record, it is well established that the action of striking a pleading should be sparingly used by the courts." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). In other words, striking a pleading is a drastic remedy that should only be resorted to when the pleading to be stricken has no possible relation to the controversy. *See id.*

Here, there is no colorable argument to suggest that the allegations in paragraphs 33 through 36 of Grabowski's Complaint are unrelated to the controversies at issue in this case.

To the contrary, they go to the very heart of these controversies by detailing the timing, nature, substance, and extent of Analog's repudiation of the Consulting Agreement for which Grabowski is seeking redress.

2.    **Even Where Motions To Strike Are Granted, It Is Only For "Redundant, Immaterial, Impertinent, Or Scandalous" Matter**

Rule 12(f), by its very terms, is reserved for striking "redundant, immaterial, impertinent or scandalous" matter.  Analog's Motion To Strike should be denied for failing to meet these legal standards because Analog does not claim, nor could it claim, that the paragraphs it now seeks to strike are redundant, immaterial, impertinent or scandalous in any way.  These paragraphs are neither "redundant" nor "immaterial" because they represent the only place in the Complaint that describes Analog's actionable repudiation of the Consulting Agreement.  Nor can their inoffensive tone and substance conceivably be described as "impertinent" or "scandalous."

B.    **Analog Fails To Demonstrate Any Requirement That The Allegations In Grabowski's Complaint Must Meet The Admissibility Standards Of The Federal Rules Of Evidence**

Rather than proceeding under Rule 12(f), Analog instead makes the misplaced argument that paragraphs 33 through 36 of Grabowski's Complaint should be stricken for their purported noncompliance with the Federal Rules of Evidence.  (Mot., pp. 1, 3) (*citing* FRE 408).  However, this contention rests upon the unsupported premise that allegations contained in a pleading are somehow required to meet evidentiary admissibility standards.  To the contrary, the courts have made clear that the issue of what material properly can be included in a pleading is unrelated to the question of whether it might later be admissible as evidence.  *See, e.g., Maryland State Conference of NAACP Branches v. Maryland Dept. of State Police*, 72 F.Supp.2d 560, 569 (D. Md. 1999).  In short, evidentiary issues are not appropriate at this preliminary stage of the proceedings because "questions of relevancy and admissibility in general require the context of

7

an ongoing and unfolding trial in which to be properly decided." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

On grounds of prematurity, courts have repeatedly rejected attempts to challenge the content of pleadings under FRE 408. For example, in *Pointer (U.S.A.), Inc. v. H & D Foods Corp.*, 1998 U.S. Dist. LEXIS 8794 (S.D.N.Y June 12, 1998), the court considered a motion to strike based on defendant's contention that Rule 408 was violated by references to settlement negotiations in a complaint. The court denied the defendant's motion, reasoning that its contention was without merit because evidentiary issues are premature at the pleading stage. *See id.* at *4. A similar result was reached in *Bishops Bay Founders Group, Inc. v. Bishops Bay Apartments, LLC*, 301 F. Supp. 2d 901, 903-04 (W.D. Wis. 2003). There, the court denied defendant's motion to strike because it had not shown that the material that it sought to strike was redundant or immaterial, and the defendant was allowed to renew its FRE 408 objection only "if and when plaintiff [later] attempts to use the . . . [material] as evidence."

As a practical matter, allegations in a pleading cannot be held to an admissibility standard because it is simply too early to tell whether such a standard could ultimately be met. Accordingly, a "motion to strike based on inadmissibility of evidence will fail 'if there is any possibility that the pleading could form the basis for admissible evidence.'" *Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chemicals Co., Ltd.*, 1995 WL 380106, *2 (S.D.N.Y. June 26, 1995) (*quoting Eskofat A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81 (S.D.N.Y. 1995). In *Lehman Bros.*, a motion to strike portions of a complaint based on Rule 408 concerns was denied because "it is not appropriate for the Court to declare evidence of such [settlement] discussions inadmissible at this time." *Id.* at *3. Likewise, the court refused to strike paragraphs of a complaint in *TEG NY LLC v. Ardenwood Estates, Inc.*, 2004 WL 626802

(E.D.N.Y. Mar. 30, 2004) because it was unclear from the complaint whether there was a dispute at the time of the negotiations, and because the paragraphs at issue could potentially be admissible on other grounds. *See id.* at \*8.

## C.    Even If Grabowski's Complaint Was Subject To The Federal Rules Of Evidence, Nothing In Paragraphs 33 Through 36 Would Be Inadmissible Under FRE 408

Even if Analog was correct in arguing that pleadings are somehow subject to evidentiary admissibility standards (which they are not), Analog's Motion To Strike should still be denied because the allegations pled in paragraphs 33 through 36 of Grabowski's Complaint would not be excludable under FRE 408.

> FRE 408 states in relevant part:
>
> "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration *in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount*. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. *This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require the exclusion when the evidence is offered for another purpose* . . ."

(Emphasis supplied).

Here, even if applicable, FRE 408 would not preclude the admissibility of paragraphs 33 through 36 because: (1) they do not describe a settlement offer made during compromise negotiations as to a disputed claim or amount; (2) they are not being offered to prove an admission by Analog as to the fact or amount of its liability; and (3) Analog is grossly overreaching by seeking to exclude independently admissible facts unrelated to the purported settlement offer.

9

1.    **The Parties Were Not In Compromise Negotiations As To A Disputed Claim Or Amount**

The Proposed Release document that Analog mailed to Grabowski in June of 1998 cannot qualify as an excludable settlement offer because it was not provided in the course of compromise negotiations between the parties about a disputed claim or amount. (*See, supra,* pp. 3-4). To the contrary, any disagreements between Grabowski and Analog had been resolved nearly a year earlier when Analog had reconfirmed its promise to pay Grabowski all amounts that it owed him as they came due. (*See, supra,* p. 3). Indeed, until the Proposed Release appeared on Grabowski's doorstep from out of the blue, Analog had apparently been making good on its promise to pay him. (*Id.*). As a matter of law, this unexpected and unilateral action undertaken by Analog does not qualify as the kind of compromise negotiations contemplated by FRE 408. *See, e.g., Liautaud v. Generationxcellent, Inc.*, 2002 U.S. Dist. LEXIS 2404, *5 (N.D. Ill. Feb. 15, 2002).

Far from being a negotiated settlement offer, the Proposed Release was an express repudiation by Analog of its obligations under the Consulting Agreement. (*See, supra,* pp. 3-4). Indeed, Analog used this document to announce that it was refusing to unconditionally honor Grabowski's contractual rights to stock options and royalty revenue payments. (*Id.*). The mere fact that Analog couched its repudiation in "settlement" language is of no legal consequence. *See Liautaud*, 2002 U.S. Dist. LEXIS 2404 at *3-5 (a court should not be persuaded by the title a litigant applies to a document).

In any event, to the extent that Analog seeks to raise issues of fact about whether the parties were actually engaged in compromise negotiations, such issues cannot be resolved in the context of a Rule 12(b)(6) motion to dismiss.

10

2.    **Paragraphs 33 Through 36 Are Not Being Submitted To Prove An
Admission By Analog As To The Fact Or Amount Of Its Liability**

Paragraphs 33 through 36 of the Complaint also cannot be excluded under FRE

408 because Grabowski does not offer them in an attempt to prove that Analog has admitted to

the fact or amount of its liability. To the contrary, Grabowski's purpose is to demonstrate that

Analog expressly repudiated its obligations under the Consulting Agreement. (*See, supra*, pp. 3-

4). Indeed, Analog's Proposed Release document announced its express refusal to

unconditionally provide Grabowski with both the stock options and royalty revenue payments

that he was owed. (*Id.*). Thus, far from constituting an admission of liability by Analog, it was

in fact a *denial* of liability that Analog still maintains to this day.[2] Where, as here, a plaintiff is

offering potential evidence for a purpose other than to prove the fact or amount of liability, the

exclusionary bar of FRE 408 does not apply. *See, e.g., Catullo v. Metzner*, 834 F.2d 1075, 1078-

79 (1st Cir. 1987); *Urico v. Parnell Oil Co.*, 708 F.2d 852, 854-55 (1st Cir. 1983).

Moreover, to the extent that Analog now seeks to raise an issue of fact as to the

purposes for which Grabowski can make use of these allegations, the proper approach would be

for this Court to defer making a ruling until the record is more fully developed. *See Lehman

Bros.*, 1995 WL 380106 at *3; *TEG*, 2004 WL 626802 at *8; *Pointer*, 1998 U.S. Dist. LEXIS

8794 at *4.

3.    **In Any Event, Many Of The Sentences That Analog Seeks To Strike Contain
No Details About The Substance Of The Offer**

Even were this Court persuaded by Analog's arguments under FRE 408 (which it

should not be), the present Motion To Strike should nonetheless be denied as grossly overbroad.

---

[2] Nor would Grabowski ever conceivably use these paragraphs to prove an admission by Analog as to the *amount* of its liability. That would be contrary to Grabowski's own interests given that Analog actually owed him stock options and royalty revenue payments far in excess of the deferred cash compensation offered in connection with the Proposed Release. (*See, supra*, pp. 2-3).

11

The text of FRE 408 cautions that it "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Ignoring this limitation, Analog improperly calls for the striking of numerous portions of paragraphs 33 through 36 that in no way disclose the substance of any ostensible settlement offer. By way of limited examples:

- "On June 10, 1998, Peterson abruptly sent Grabowski a letter attaching a document entitled 'Termination, Release And Settlement Agreement' (the 'Proposed Release') . . . [Analog] acknowledged that the parties had previously entered into a Consulting Agreement dated February 12, 1997 that had thereafter been 'amended and modified by the parties in writing, orally, or through their conduct.'" (Compl., ¶ 33);

- "[Analog's] further communications with Grabowski confirmed that it was repudiating its obligations under the Consulting Agreement." (*Id.*, ¶ 35);

- ". . . [Grabowski's attorney] cautioned that it would be a violation of Mass. G. L. c. 93A for . . . [Analog] to 'intentionally withhold[] mon[ies] it knows are due in an attempt to force . . . [Grabowski] to give up the rest of his contractual rights." (*Id.*, ¶ 36).

These examples are not encompassed by the policy justifications underlying FRE 408, and accordingly they should not be stricken. To the extent that Analog seeks to raise fact disputes about this point, such disputes cannot properly be resolved in the context of a Rule 12(b)(6) motion.

12

## IV.
## <u>CONCLUSION</u>

For the foregoing reasons, Grabowski respectfully requests that this Court deny

Analog's present Motion To Strike in its entirety.


Dated:  July 23, 2004

/s/ Marc N. Henschke /kd
Marc N. Henschke (BBO No. 636146)
Karen Dahlberg
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, Massachusetts 02199-7610
Tel. (617) 267-2300

*Counsel for Plaintiff, Ralph E. Grabowski*

C:\NrPortbl\BN1\DAHLK\35017264_1.DOC

13