## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>              Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.;<br>QUALCORE GROUP, INC.; and<br>TERABURST NETWORKS, INC.,<br><br>              Defendants. | No. 04-CV-10905 (MEL) |

**PLAINTIFF RALPH E. GRABOWSKI'S OPPOSITION TO
TERABURST NETWORKS, INC.'S AND QUALCORE GROUP, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
HIS REQUEST FOR LEAVE TO SERVE JURISDICTIONAL DISCOVERY**

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. iii

I.      PRELIMINARY STATEMENT ............................................................................. 1

II.     THE ALLEGATIONS PLED IN GRABOWSKI'S COMPLAINT.................................. 2

        A.      The Parties ................................................................................................ 2

        B.      Grabowski's Consulting Agreement With Analog................................... 3

        C.      Analog's Breaches Of The Consulting Agreement ................................. 3

        D.      Analog's Acquisition By Merger In 2003 ............................................... 4

        E.      Wrongdoing By All Defendants In Connection With The Merger......................... 4

III.    ARGUMENT ...................................................................................................... 5

THIS COURT SHOULD DENY THE NON-ANALOG DEFENDANTS' MOTION TO
      DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANT
      GRABOWSKI LEAVE TO SERVE JURISDICTIONAL DISCOVERY ........................ 5

        A.      Grabowski Should Not Be Required To Oppose The Non-Analog
                Defendants' Present Motion To Dismiss Without The Benefit Of
                Jurisdictional Discovery............................................................................ 5

                1.      Jurisdictional Discovery Is Routinely Granted In The First Circuit
                        Where The Plaintiff Lacks Familiarity With Corporate Defendants .......... 6

                2.      Jurisdictional Discovery May Demonstrate That The Non-Analog
                        Defendants Have Assumed Analog's Contractual Liabilities Under
                        A Massachusetts Consulting Agreement ...................................... 8

                3.      Jurisdictional Discovery May Demonstrate That The Non-Analog
                        Defendants' Admitted Contacts With Massachusetts Are Sufficient
                        To Warrant Personal Jurisdiction.............................................. 9

                        a.      The Development Agreement With A Massachusetts
                                Company ....................................................... 9

                        b.      The Supplier Relationships With Massachusetts Companies....... 10

                        c.      Employee Business Trips To Massachusetts ................. 11

4.      Jurisdictional Discovery May Demonstrate That The Non-Analog
Defendants' Have Significant Additional Contacts With
Massachusetts Sufficient To Warrant Personal Jurisdiction.................... 11

B.    With The Benefit Of Jurisdictional Discovery, Grabowski Can Potentially
Establish Personal Jurisdiction Under The Massachusetts Long-Arm
Statute ........................................................................................................ 12

1.      The Non-Analog Defendants' Long-Arm Arguments
Mischaracterize Grabowski's Allegations And The Statutory Legal
Requirements ................................................................................ 13

2.      Personal Jurisdiction May Exist Under Sections 3(a) And 3(b) .............. 14

3.      Personal Jurisdiction May Exist Under Section 3(c) ................................ 15

4.      Personal Jurisdiction May Exist Under Section 3(d) ................................ 16

C.    With The Benefit Of Jurisdictional Discovery, Grabowski Can Potentially
Establish Personal Jurisdiction Consistent With Constitutional Due
Process Standards....................................................................................... 17

1.      Jurisdictional Discovery May Demonstrate That This Court Has
Specific Jurisdiction Over The Non-Analog Defendants ........................ 17

2.      Jurisdictional Discovery May Demonstrate That This Court Has
General Jurisdiction Over The Non-Analog Defendants........................... 19

IV.    CONCLUSION................................................................................................. 20

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992) ........................................7

*Crane v. Carr*, 814 F.2d 758 (D.C. Cir. 1987) ...............................................................7

*GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) .....................6

*Gray v. O'Brien*, 777 F.2d 864 (1st Cir. 1985)..............................................................14

*LaVallee v. Parrot-Ice Drink Products Of America, Inc.*, 193 F. Supp. 2d 296 (D. Mass. 2002) .........................................................................................................................15

*Lyle Richards Intern., Ltd. v. Ashworth, Inc.*, 132 F.3d 111 (1st Cir. 1997) .................15

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)...........................................7

*Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir. 1966)..............................6, 7

*U.S. v. Swiss American Bank, Ltd.*, 191 F.3d 30 (1st Cir. 1999) .................................6

*U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610 (1st Cir. 2001) ...............................7

*United Electrical Radio & Machine Workers of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080 (1st Cir. 1992)..............................................................................................17

*United Electrical Radio & Machine Workers of America (UE) v. 163 Pleasant St. Corp.*, 987 F.2d 39 (1st Cir. 1993)..............................................................................................7

*Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079 (1st Cir. 1973) .................6, 7

**State Cases**

*Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 489 N.E.2d 185 (1986)........16

*Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 389 N.E.2d 76 (1979) ..................17

*Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG.*, 26 Mass. App. Ct. 14, 522 N.E.2d 989 (1988).............................................................................................11

*Piccicuto v. Dwyer*, 32 Mass. App. Ct. 137, 586 N.E.2d 38 (1992)..............................16

*Tatro v. Manor Care, Inc.*, 416 Mass. 763, 625 N.E.2d 549 (1994) .............................17

**State Statutes**

Mass. Gen. Laws. Ch. 223A, § 3 (2004)..........................................................................13

**I.**
## PRELIMINARY STATEMENT

Plaintiff Ralph E. Grabowski ("Grabowski") hereby opposes the Motion To Dismiss For Lack Of Personal Jurisdiction ("Mot.") filed with this Court on or about June 30, 2004 by Defendants QualCore Group, Inc. ("QualCore Group") and TeraBurst Networks, Inc. ("TeraBurst") (collectively, the "Non-Analog Defendants"). Grabowski respectfully requests that this Court deny, or defer ruling upon, the present Motion and grant him leave to pursue jurisdictional discovery.

At present, all of the facts potentially relevant to personal jurisdiction are solely within the knowledge and possession of the Non-Analog Defendants. Accordingly, as a matter of First Circuit law, it would be improper and premature for this Court to resolve the present Motion without first affording Grabowski the opportunity to explore the nature and extent of the Non-Analog Defendants' contacts with Massachusetts through the use of jurisdictional discovery.

Here, jurisdictional discovery could prove fruitful in helping Grabowski to establish that an assertion of personal jurisdiction is warranted. Such discovery might reveal, for example, that in connection with a corporate merger in 2003, the Non-Analog Defendants assumed contractual liability under a Consulting Agreement that underlies several contract and tort claims asserted in this case. The Consulting Agreement contains Massachusetts choice-of-law and forum-selection clauses, and was principally performed by Grabowski within this Commonwealth.

Moreover, jurisdictional discovery is needed to flesh out the details of several admitted contacts that the Non-Analog Defendants have had with Massachusetts about which they are now being intentionally vague. These contacts include participating in a development

1

agreement with a Massachusetts company, maintaining supplier relationships with at least fifteen different Massachusetts companies, and sending employees on a multitude of business trips to Massachusetts. If the details of these and other as yet undisclosed contacts were better understood, they might easily serve to confer personal jurisdiction in this forum.

In sum, contrary to the Non-Analog Defendants' call for a Rule 12(b)(6) dismissal of the case against them on personal jurisdiction grounds, appropriate discovery may allow Grabowski to satisfy both the Massachusetts long-arm statute and relevant Constitutional Due Process standards.

## II.
## THE ALLEGATIONS PLED IN GRABOWSKI'S COMPLAINT

### A.    The Parties

Grabowski is a professional Marketing Consultant who oftentimes serves as a VP of Marketing for start-up technology companies. (Compl., ¶ 8).[1] In 1997, Grabowski was retained by Defendant QualCore Logic (Analog), Inc. ("Analog") as a professional Marketing Consultant to provide "marketing assistance as . . . [a] VP of Marketing on a temporary executive basis." (*Id.*, ¶ 12). At all times prior to 2003, Analog was known by its former corporate name of LEDA Systems, Inc. (*Id.*).

In or around September of 2003, Analog was acquired by merger and became a wholly-owned subsidiary of QualCore Group. (Compl., ¶ 40). TeraBurst, the parent company of QualCore Group, was also involved in the merger. (*Id.*). Upon information and belief, all outstanding shares of Analog's capital stock were converted into shares of TeraBurst common stock at the time of the merger. (*Id.).*

---

[1] As used herein, the term "Compl." is a reference to Grabowski's Complaint And Jury Demand filed with this Court on May 6, 2004.

**B.    Grabowski's Consulting Agreement With Analog**

Grabowski began consulting to Analog as its temporary VP of Marketing in January of 1997. (Compl., ¶ 12). The consulting relationship was memorialized on February 12, 1997 in a written Consulting Agreement between Grabowski and Gregory Peterson ("Peterson"), who was at that time the President of Analog. (*Id.*). Pursuant to the Consulting Agreement and its subsequent modifications, Grabowski was to be compensated through a combination of deferred cash payments, stock options, and a royalty percentage of Analog's future funds and revenues. (Compl., ¶¶ 13-14, 20-21).

The Consulting Agreement contained Massachusetts choice-of-law and forum-selection provisions which clearly provide that the "laws and courts of the State of Massachusetts shall apply." (Compl., ¶ 16). Grabowski's contractual performance principally occurred in Massachusetts. (*Id.*). In addition to his various forms of compensation, the Consulting Agreement also entitled Grabowski to all the information and data that Analog provided to its stockholders. (Compl. at Exh. A).

**C.    Analog's Breaches Of The Consulting Agreement**

Grabowski provided all of the services required of him under the Consulting Agreement. (Compl., ¶¶ 17, 23). However, Analog apparently stopped paying Grabowski the amounts it owed him in or around March of 1998. (*Id.*, ¶ 32). On June 10, 1998, Analog sent Grabowski a letter indicating that it was repudiating its obligations under the Consulting Agreement. (*Id.*, ¶¶ 33-34). In this letter, Analog announced that it was refusing to pay Grabowski the deferred cash payments that it *unconditionally* owed him unless Grabowski would agree to waive his other contractual rights to both his stock options and to his royalty percentage payments. (*Id.*).

In ongoing and continuing breaches of the Consulting Agreement, since that time Analog has never paid Grabowski any of the amounts it owes him as they have come due. (Compl., ¶ 38).  Analog has failed to honor Grabowski's written request to exercise his stock options, and it appears that those options have in fact been unlawfully canceled or converted. (Compl. ¶¶ 38, 42-43).  Analog also has failed to provide Grabowski with requested stockholder information and stock certificates.  (*Id.*, ¶ 38).

**D.    Analog's Acquisition By Merger In 2003**

In early 2004, Grabowski learned that Analog had been acquired by merger effective in or around September of 2003.  (Compl., ¶ 40).  Analog became a wholly-owned subsidiary of QualCore Group, which in turn is a wholly-owned subsidiary of TeraBurst.  (*Id.*). Upon information and belief, all outstanding shares of Analog capital stock were converted into shares of TeraBurst common stock in connection with the merger.  (*Id.*).

Given Grabowski's ownership of vested Analog stock options and his timely efforts to exercise the same, Grabowski was contractually and legally entitled to all of the rights and privileges of an Analog shareholder and/or optionee, including all shareholder and/or optionee rights arising from, or in connection with, the 2003 Merger Agreement reached between Analog, QualCore Group, and TeraBurst.  (Compl., ¶ 41).

**E.    Wrongdoing By All Defendants In Connection With The Merger**

The Complaint alleges that Analog, QualCore Group, and TeraBurst all are responsible for wrongdoing committed in connection with the merger, including:  (i) failing to notify Grabowski of the merger prior to its effective date; (ii) failing to afford him the opportunity to exercise his options; (iii) failing to provide anything of value for his Analog options and/or stock; (iv) failing to seek or obtain consent or approval from Grabowski in connection with the merger; (v) failing to afford him voting, dissenting and/or appraisal rights in

4

connection with the merger; and (vi) failing to automatically convert, or afford him with the opportunity to convert, his options and/or stock into something of value in connection with the merger.  (Compl., ¶¶ 42-43).

## III.
## ARGUMENT

### THIS COURT SHOULD DENY THE NON-ANALOG DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANT GRABOWSKI LEAVE TO SERVE JURISDICTIONAL DISCOVERY

In their moving papers, the Non-Analog Defendants argue that Grabowski's claims against them should be dismissed because he purportedly is unable to allege "specific, competent facts" showing that they are subject to personal jurisdiction in this forum.  But where, as here, all relevant jurisdictional evidence is solely within a defendant's own knowledge and possession, the First Circuit has repeatedly held that Rule 12(b)(6) motions should not be resolved until after a plaintiff has been afforded a fair opportunity to pursue jurisdictional discovery.

Here, the Non-Analog Defendants have admitted to certain potentially significant contacts with Massachusetts, and have been suspiciously silent about the possible existence of others.  As Grabowski demonstrates below, with the benefit of jurisdictional discovery addressed to the nature and extent of these contacts, he may well be able to show that they are sufficient to satisfy the Massachusetts long-arm statute and Constitutional Due Process standards.

A.    **Grabowski Should Not Be Required To Oppose The Non-Analog Defendants' Present Motion To Dismiss Without The Benefit Of Jurisdictional Discovery**

This Court should deny, or defer ruling upon, the Non-Analog Defendants' pending Motion to Dismiss and grant leave to Grabowski to pursue jurisdictional discovery.  Grabowski requires such discovery because he is generally unfamiliar with the business activities

of the Non-Analog Defendants, and all of the facts potentially relevant to personal jurisdiction are solely within their knowledge and possession. Here, at a minimum, jurisdictional discovery might establish sufficient jurisdictional contacts with Massachusetts by demonstrating: (1) that the Non-Analog Defendants have assumed contractual liability under a Consulting Agreement containing Massachusetts choice-of-law and forum-selection provisions; (2) that undisclosed details relating to the Non-Analog Defendants' admitted contacts with Massachusetts are sufficient to confer personal jurisdiction; and/or (3) that the Non-Analog Defendants have significant additional contacts with Massachusetts that they have thus far failed to acknowledge.

1.  **Jurisdictional Discovery Is Routinely Granted In The First Circuit Where The Plaintiff Lacks Familiarity With Corporate Defendants**

In their moving papers, the Non-Analog Defendants repeatedly argue that Grabowski "does not now have, nor has he ever had, any relationship with TeraBurst or QualCore Group." (Mot., p. 11). Notably, the federal courts have routinely granted jurisdictional discovery under like circumstances where a plaintiff lacks familiarity with its corporate defendants. *See, e.g., Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255 (1st Cir. 1966); *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973) ("we have long recognized that discovery concerning jurisdictional issues is appropriate where complex factual matters are in question and where a party has been diligent and is somewhat unfamiliar with his adversary"); *U.S. v. Swiss American Bank, Ltd.*, 191 F.3d 30, 45-46 (1st Cir. 1999) ("A timely and properly supported request for jurisdictional discovery merits solicitous attention."); *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("if a

party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."); *Crane v. Carr*, 814 F.2d 758, 764 (D.C. Cir. 1987).[2]

In *Surpitski*, the First Circuit first considered whether a plaintiff who was unfamiliar with foreign corporate defendants was entitled to jurisdictional discovery. *See* 362 F.2d at 254-55. The *Surpitski* court concluded that the lower court had abused its discretion in denying such a plaintiff discovery, reasoning that "[a] plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery." *Surpitski*, 362 F.2d at 255.

The First Circuit later revisited this issue in *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671 (1st Cir. 1992), and *United Electrical Radio & Mach. Workers of America (UE) v. 163 Pleasant St. Corp.*, 987 F.2d 39 (1st Cir. 1993). Citing *Surpitski*, the *Boit* court noted that "if the Boits had requested that the district court defer ruling on Gar-Tec's motion pending further discovery, it might have been an abuse of discretion to deny the request." *Boit*, 967 F.2d at 681. Likewise, the *United Electrical* court held: "if, on the record before it, the district court had decided the personal jurisdiction issue *adversely* to plaintiffs without at least affording them the opportunity to respond to [defendant's] argument and/or to request discovery, we almost certainly would have declined to affirm the district court's judgment and held the ruling to be an abuse of the court's discretion." *United Electrical*, 987 F.2d at 48 n.18 (*citing Boit*).

Other cases have limited the *Surpitski* rule to only those situations where plaintiffs have timely requested discovery and presented a colorable case that jurisdictional discovery would not be futile. *See, e.g., U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625-27 (1st Cir. 2001); *Whittaker*, 482 F.2d at 1086 (affirming denial of jurisdictional discovery where plaintiff

---

[2] As the U.S. Supreme Court has confirmed, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).

attempted to initiate discovery *after* the motions to dismiss were granted). But those cases pose

no impediment to Grabowski. To the contrary, Grabowski has requested jurisdictional discovery

at the earliest possible opportunity in response to the Non-Analog Defendants' present Motion to

Dismiss and, for the reasons that follow, it is clear that such discovery could potentially prove

fruitful in establishing personal jurisdiction.

### 2.      Jurisdictional Discovery May Demonstrate That The Non-Analog Defendants Have Assumed Analog's Contractual Liabilities Under A Massachusetts Consulting Agreement

In 2003, Analog was acquired by way of a merger that involved both QualCore

Group and TeraBurst. (*See*, *supra*, pp. 2, 4). As a result of that merger, Analog became a

wholly-owned subsidiary of QualCore Group, which in turn is a wholly-owned subsidiary of

TeraBurst. (*Id.*). What remains entirely unclear, however, is which company thereby inherited

the pre-merger liabilities of Analog. To the extent that either QualCore Group or TeraBurst

assumed any of Analog's prior contractual liabilities under its Consulting Agreement with

Grabowski, strong grounds would exist for establishing personal jurisdiction over the Non-

Analog Defendants in Massachusetts. Indeed, the Consulting Agreement contains Massachusetts

choice-of-law and forum-selection provisions, and it governed contractual performance that

occurred principally within this Commonwealth. (*Id.*, p. 3).

The Non-Analog Defendants now assert that they are not in fact "the successor in

interest to" Analog's pre-merger liabilities. (Mot., p. 11 n.6). In its contemporaneously filed

Answer, however, Analog likewise declines to admit that *it* was the "successor-in-interest to all

relevant liabilities" upon completion of the merger.[3] Both propositions cannot simultaneously be

true. Accordingly, Grabowski is faced with a shell game in which all Defendants are denying

---

[3] *See* Answer Of Defendant QualCore Logic (Analog), Inc. As To Counts I, II, IV, And V Of The Complaint, filed with this Court on June 30, 2004, at ¶ 2.

their potential liability under the Consulting Agreement, while maintaining exclusive possession of the facts that would demonstrate which of them is being less than forthright.

The obvious solution to this gamesmanship would be to permit Grabowski to obtain, at a minimum, jurisdictional discovery relating to the specific details of the merger.

3.   **Jurisdictional Discovery May Demonstrate That The Non-Analog Defendants' Admitted Contacts With Massachusetts Are Sufficient To Warrant Personal Jurisdiction**

In their moving papers, the Non-Analog Defendants admit to several potentially significant contacts with Massachusetts. (Mot., p. 9) (*citing* Pirot Decl., ¶¶ 30-32). For example, TeraBurst acknowledges that it participated in a development agreement with a Massachusetts company from 2001 to 2002. (*Id.*). TeraBurst also concedes that it has ongoing purchasing relationships with at least fifteen different Massachusetts-based suppliers of parts and services. (*Id.*). Similarly, TeraBurst admits that "in 2000, one TeraBurst employee attended *at least one* conference in Massachusetts," which obviously could mean that additional conferences were also attended in this Commonwealth. (*Id.*). (Emphasis added).

Apparently by design, the Non-Analog Defendants offer only vague and cryptic descriptions of each of these contacts from which it is impossible to determine their true nature or extent. If further details about these contacts were known, it is entirely possible that standing alone, or certainly in combination, they would be sufficient to establish personal jurisdiction in Massachusetts. Accordingly, Grabowski should be granted leave to explore those admitted contacts through jurisdictional discovery.

a.   **The Development Agreement With A Massachusetts Company**

TeraBurst admits that it entered into a development agreement with an unnamed Massachusetts company which lasted from January 2001 through 2002, and which prompted at

9

least five trips to Massachusetts by two or three of its employees for related meetings. (Mot., p. 9).

With the benefit of jurisdictional discovery, Grabowski would presumably be able to establish: (i) which Massachusetts company was involved in the development agreement; (ii) the subject matter of the development agreement; (iii) the amount of time, manpower, and expense devoted to the development agreement; (iv) the importance of the development agreement to TeraBurst's overall business; (v) the results and outcome of the development agreement; (vi) the identities of the TeraBurst employees who traveled to Massachusetts for multiple meetings; and (vii) the number, duration, and subject matter of those multiple meetings.

TeraBurst now seeks to downplay the development agreement as a "short-term relationship." (Mot., p. 9). But here it should be borne in mind that TeraBurst was a one-year-old start-up company at the time it entered into this agreement. What TeraBurst calls a "short-term relationship" in reality may have lasted somewhere between one-half to two-thirds of TeraBurst's corporate lifespan up to that point. Moreover, activities relating to this development agreement could well have comprised the lion's share of TeraBurst's business activities during this period, and been of bet-the-company importance.

In short, jurisdictional discovery would enable this Court to see a much clearer picture of TeraBurst's interactions with its development partner in Massachusetts, and could potentially provide grounds for an assertion of jurisdiction.

### b.    The Supplier Relationships With Massachusetts Companies

TeraBurst admits that it has been making ongoing purchases of optical and networking parts and services from at least fifteen different vendors located in Massachusetts. (Mot., p. 9).

Here again, jurisdictional discovery would permit Grabowski to determine:  (i) the nature of these purchases and their relative importance to TeraBurst's overall business; (ii) the dollar amounts and frequency of these purchases; (iii) whether TeraBurst has entered into purchase and sale or other agreements with these fifteen different Massachusetts companies; and (iv) the nature of TeraBurst's related contacts and interactions with these companies, including potential visits.  Depending on the outcome of jurisdictional discovery, it is readily conceivable that this multitude of ongoing business relationships could qualify as a "persistent course of conduct" undertaken by TeraBurst in Massachusetts.

### c.    **Employee Business Trips To Massachusetts**

In addition to at least five trips to Massachusetts that several TeraBurst employees made in connection with the aforementioned development agreement, still other TeraBurst employees admittedly attended other professional conferences in Massachusetts.  (Mot., p. 9 n.5).  Jurisdictional discovery targeted at verifying the nature, extent, duration, and participants of these trips could prove critical to Grabowski establishing grounds for personal jurisdiction. Indeed, courts have held that even standing alone, these types of contacts can justify an assertion of personal jurisdiction. *See, e.g., Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG.*, 26 Mass. App. Ct. 14, 522 N.E.2d 989, 993 (1988) (recognizing that eight trips to Massachusetts by three employees over the course of seven years may constitute regularly doing or soliciting business or as a persistent course of conduct).

### 4.    **Jurisdictional Discovery May Demonstrate That The Non-Analog Defendants' Have Significant Additional Contacts With Massachusetts Sufficient To Warrant Personal Jurisdiction**

Jurisdictional discovery also may show that the Non-Analog Defendants have had significantly more contacts with this Commonwealth than they have heretofore disclosed.  For example:

- The Non-Analog Defendants are silent as to whether they have historically sold goods or services to customers in Massachusetts, or made use of sales or marketing representatives who have directed their activities toward Massachusetts;

- The Non-Analog Defendants claim that they have no employees or telephone numbers in Massachusetts. (Mot., p. 8). However, at *www.qualcorelogic.com* (a website shared by QualCore Logic, Inc., Analog, and possibly QualCore Group), a phone number is posted with a (617) area code in the contact information for Nanette Collins (a member of the public relations department);

- The Non-Analog Defendants claim that they have no shareholders in Massachusetts, but in doing so they ignore Grabowski and possibly other Massachusetts residents;

- TeraBurst purports to be "assembling a world-class group of partners to provide scalable, global and local, distributed visualization solutions for enterprises, universities and government organizations," some of which may be Massachusetts entities;

- The Non-Analog Defendants may have Massachusetts-based investors, independent contractors, partnerships, consultants, joint ventures, or other business or strategic relationships; and/or

- The Non-Analog Defendants may have loan applications within the Commonwealth.

Jurisdictional discovery would allow Grabowski to explore these and other potential areas of contact with Massachusetts.

**B.**  **With The Benefit Of Jurisdictional Discovery, Grabowski Can Potentially Establish Personal Jurisdiction Under The Massachusetts Long-Arm Statute**

The Massachusetts long-arm statute provides in relevant part as follows:

A court may exercise personal jurisdiction over a person, who acts
directly or by an agent, as to a cause of action in law or equity
arising from the person's (a) transacting any business in this

> commonwealth; (b) contracting to supply services or things in this
> commonwealth; (c) causing tortious injury by an act or omission in
> this commonwealth; (d) causing tortious injury in this
> commonwealth by an act or omission outside this commonwealth
> if he regularly does or solicits business, or engages in any other
> persistent course of conduct, or derives substantial revenue from
> goods used or consumed or services rendered, in this
> commonwealth . . ..

Mass. Gen. Laws. Ch. 223A, § 3 (2004).

The Non-Analog Defendants now argue that Grabowski is unable "to allege specific, competent facts" that would satisfy "the requisite factors set forth in the Massachusetts long-arm statute." (Mot., pp. 1, 6). However, as Grabowski demonstrates below, with the benefit of jurisdictional discovery he may be able to uncover precisely the type of facts that would establish personal jurisdiction under each of these statutory factors.

1.    **The Non-Analog Defendants' Long-Arm Arguments Mischaracterize Grabowski's Allegations And The Statutory Legal Requirements**

As a preliminary matter, it should be noted that the arguments raised by the Non-Analog Defendants under the Massachusetts long-arm statute are premised upon mischaracterizations of both the allegations pled in Grabowski's Complaint, and of the legal requirements set forth in the statute itself. (Mot., pp. 7-9).

With respect to the allegations in the pleadings, Defendants repeatedly argue that Grabowski's "claims arise out of his relationship with Analog . . . only," and that none of his causes of action can be "traced to any activity engaged in by either TeraBurst or QualCore Group." (Mot., pp. 8, 10). However, such arguments are wrong in at least two respects. First, they overlook the possibility that, in connection with the 2003 merger, the Non-Analog Defendants may have voluntarily assumed Analog's pre-merger contractual liabilities. (*See*, *supra*, pp. 8-9). Second, these arguments ignore Grabowski's *direct allegations* that the Non-Analog Defendants engaged in wrongdoing relating to the merger, including failing to notify

13

Grabowski of the merger, failing to provide him with merger consideration, failing to provide

him with voting, dissenting, or appraisal rights, and/or unlawfully canceling or converting his

stock options. (*Id.*, pp. 4-5) (*citing* Compl., ¶¶ 42-43).

With respect to the legal requirements of the long-arm statute, Defendants

continually assert the false proposition that personal jurisdiction can only be based upon causes

of action arising from conduct that occurred in Massachusetts. (Mot., p. 6). In support of this

faulty premise, Defendants cite to *Gray v. O'Brien*, 777 F.2d 864, 867 (1st Cir. 1985). (*Id.*, pp.

1, 6). But as even a cursory review of that case reveals, it purports to address only section 3(a)

of the long-arm statute. In contrast to section 3(a), other sections of the statute such as section

3(d) expressly apply to conduct occurring "outside this commonwealth," and provide that a

plaintiff's cause of action need not have any connection to a defendant's contacts with

Massachusetts.

As demonstrated below, once the Non-Analog Defendants' mischaracterizations

have been corrected, it becomes clear that jurisdictional discovery would afford Grabowski an

opportunity to satisfy the Massachusetts long-arm statute.

2.    **Personal Jurisdiction May Exist Under Sections 3(a) And 3(b)**

Sections 3(a) and 3(b) of the Massachusetts long-arm statute confer personal

jurisdiction for causes of action arising out of a defendant's transaction of business in

Massachusetts, or its contracting to supply services or things in this Commonwealth.

Here, sections 3(a) or 3(b) would be satisfied if jurisdictional discovery were to

reveal that the Non-Analog Defendants: (i) assumed any of Analog's pre-merger liability

relating to the Massachusetts-oriented Consulting Agreement; (ii) interacted with, or owed duties

to, Grabowski or any other Massachusetts shareholder or optionee in connection with the merger;

and/or (iii) relied upon any Massachusetts resident or entity to help effectuate the merger in any

respect, given that the merger has apparently resulted in the unlawful cancellation or conversion of Grabowski's stock options.

### 3.   **Personal Jurisdiction May Exist Under Section 3(c)**

Section 3(c) of the Massachusetts long-arm statute confers personal jurisdiction for causes of action arising out of tortious injury caused by acts or omissions occurring in Massachusetts.

The courts appear to recognize that Chapter 93A claims premised upon underlying tortious conduct would satisfy the "tortious injury" requirement of the Massachusetts long-arm statute. *See*, *e.g.*, *Lyle Richards Intern., Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 114 (1st Cir. 1997) ("we shall assume, without deciding, that a Chapter 93A violation would constitute a 'tortious injury' under Chapter 223A."); *LaVallee v. Parrot-Ice Drink Products Of America, Inc.*, 193 F. Supp.2d 296, 302 (D. Mass. 2002) (same). Here, Grabowski has asserted a Chapter 93A claim against the Non-Analog Defendants directed in part to at least three types of tortious conduct. *See* (Compl., ¶¶ 54-58). First, Defendants' various acts of wrongdoing in connection with the merger may qualify as "unfair or deceptive acts or practices" within the meaning of Chapter 93A. (*Id.*, ¶¶ 42-43). Second, drawing all factual inferences in Grabowski's favor as this Court must in a Rule 12(b)(6) context, his Chapter 93A claim also rests in part upon underlying acts that would constitute unlawful conversion of his stock options. (*Id.*). Third, Grabowski's Chapter 93A claim subsumes the theory that Defendants intentionally interfered with his rights under the Consulting Agreement by committing their acts of wrongdoing in

15

connection with the merger.  (*Id.*).[4]

Accordingly, section 3(c) would be satisfied if jurisdictional discovery were to reveal that the Non-Analog Defendants committed any acts or omissions in Massachusetts giving rise to any of the various types of Chapter 93A violations described above.  Moreover, with the benefit of such discovery, Grabowski could potentially amend his Complaint to assert stand-alone torts sounding in conversion or intentional interference with contract so long as they are premised upon conduct occurring in Massachusetts.

### 4.  Personal Jurisdiction May Exist Under Section 3(d)

Section 3(d) of the Massachusetts long-arm statute confers personal jurisdiction where tortious injury is caused by acts or omissions occurring outside of Massachusetts so long as the defendant has regularly done or solicited business, or engaged in any other persistent course of conduct, within this Commonwealth.  There is no requirement that a plaintiff's cause of action arise out of these Massachusetts contacts.

Here, Grabowski can use his Chapter 93A claim to satisfy the "tortious injury" requirement of section 3(d) by relying upon the same tort theories described above in the section 3(c) context.  However, unlike section 3(c), Grabowski would be in compliance with section 3(d) even if jurisdictional discovery were to reveal that some of the acts or omissions underlying his Chapter 93A claim occurred outside of Massachusetts, such as in Defendants' other places of business like California or Texas.  Moreover, with the benefit of such discovery, Grabowski could potentially amend his Complaint to assert stand-alone torts sounding in conversion or

---

[4] It is well recognized that Chapter 93A claims can be premised upon underlying acts amounting to the torts of conversion and/or intentional interference with contract.  *See, e.g.*, *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 773-74, 778-79, 489 N.E. 2d 185, 194, 197 (1986) (conversion); *Piccicuto v. Dwyer*, 32 Mass. App. Ct. 137, 139, 586 N.E. 2d 38, 40 (1992) (intentional interference).  In addition, after having had the benefit of jurisdictional discovery, Grabowski may elect to amend his Complaint to assert stand-alone causes of action for conversion and/or intentional interference with contract.

intentional interference with contract premised upon conduct occurring *exclusively* outside of Massachusetts.

For the reasons previously discussed, jurisdictional discovery directed at Defendants' development agreement with a Massachusetts company, their supplier contracts with Massachusetts companies, their employee trips to Massachusetts, and their other presently undisclosed contacts could easily satisfy section 3(d)'s further requirement that Defendants have "regularly done or solicited business," or engaged in any other "persistent course of conduct," within this Commonwealth. (*See*, *supra*, pp. 9-12).

**C.    With The Benefit Of Jurisdictional Discovery, Grabowski Can Potentially Establish Personal Jurisdiction Consistent With Constitutional Due Process Standards**

"[T]he Massachusetts long-arm statute functions as 'an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'" *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771, 625 N.E.2d 549, 553 (1994) (*quoting Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6, 389 N.E.2d 76, 79 (1979)). Accordingly, for all practical purposes, Grabowski's prospects of using jurisdictional discovery to satisfy Constitutional Due Process standards are the same as those discussed above in the context of the Massachusetts long-arm statute.

**1.    Jurisdictional Discovery May Demonstrate That This Court Has Specific Jurisdiction Over The Non-Analog Defendants**

With the benefit of jurisdictional discovery, Grabowski should be able to satisfy the three-part test for specific jurisdiction set forth in *United Electrical Radio & Mach. Workers of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992), and relied upon by the Non-Analog Defendants in their moving papers. (Mot., ¶ 10).

First, to the extent that jurisdictional discovery would enable Grabowski to satisfy sections 3(a), 3(b), or 3(c) of the Massachusetts long-arm statute, he necessarily could meet the "arise out of . . . forum-state activities" requirement of the specific jurisdiction test.

Second, jurisdictional discovery could confirm that the Non-Analog Defendants have "purposefully availed themselves of the privilege of conducting activities in the forum state." For example, such discovery might show that these Defendants voluntarily assumed liability under a Massachusetts Consulting Agreement. (*See, supra*, pp. 8-9). Moreover, it might also show the extensive nature of their contacts with Massachusetts relating to the development agreement, supplier relationships, employee visits, and other as yet undisclosed interactions. (*Id.*, pp. 9-12).

Third, jurisdictional discovery will likely belie the Non-Analog Defendants' contention that it would be unreasonable pursuant to the so-called "Gestalt" factors to be required to defend themselves in Massachusetts as opposed to California. (Mot., pp. 12-14). In short, this case directly implicates a Consulting Agreement performed in Massachusetts and containing Massachusetts choice-of-law and forum-selection provisions. Grabowski and all of the documents are located within this Commonwealth.[5] Irrespective of how the present Motion is decided, this case will nonetheless proceed in Massachusetts against Analog, which is wholly-owned by the Non-Analog Defendants and jointly represented by the same Boston attorneys. Accordingly, any suggestion that a second parallel action should be pursued in California is senseless from the perspective of both the courts and the litigants.

---

[5] Indeed, in their moving papers, the Non-Analog Defendants assert that they do not believe that "they have any documents or witnesses relevant to this litigation" at all, much less in their proposed alternative venue of California. (Mot., p. 13 n.9).

**2.    Jurisdictional Discovery May Demonstrate That This Court Has General Jurisdiction Over The Non-Analog Defendants**

The test for establishing general jurisdiction essentially *requires* that Grabowski be permitted to develop the evidentiary record through jurisdictional discovery. Indeed, as the Non-Analog Defendants acknowledge, "in determining whether a basis for general jurisdiction exists," this Court must "make a 'fact specific evaluation' of the defendant's contacts and compare them against those contacts found to be insufficient for general jurisdiction in previous cases.'" (Mot., pp. 15-16). No such "fact specific evaluation" would be possible on the bare pleadings prior to any discovery.

Once Grabowski has been granted jurisdictional discovery, he should be able to satisfy both parts of the general jurisdiction analysis described in the Non-Analog Defendants' moving papers. (Mot., p. 15). First, Grabowski will likely be able to show that Defendants engaged in "continuous and systematic" contacts with Massachusetts based upon the same evidence which demonstrates that they have "regularly done or solicited business," or engaged in any other "persistent course of conduct," within this forum per section 3(d) of the Massachusetts long-arm statute. (*See*, *supra*, pp. 16-17). Second, Grabowski also can show that the "Gestalt" factors weigh heavily in his favor for exactly the same reasons noted above in the context of the specific jurisdiction test. (*Id.*, p. 18).

## IV.
## **CONCLUSION**

For the foregoing reasons, Grabowski respectfully requests that this Court deny, or defer ruling upon, the Non-Analog Defendants' present Motion to Dismiss and grant him leave to pursue jurisdictional discovery.

Dated: July 23, 2004

*/s/ Marc N. Henschke /kd*

Marc N. Henschke (BBO No. 636146)
Karen Dahlberg
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, Massachusetts 02199-7610
Tel. (617) 267-2300

*Counsel for Plaintiff, Ralph E. Grabowski*

35016969.1