**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

_____
                                )
RALPH E. GRABOWSKI,             )
                                )
            Plaintiff,          )
                                )
v.                              )
                                )
QUALCORE LOGIC (ANALOG), INC.;  )   No. 04-CV-10905 (MEL)
QUALCORE GROUP, INC.; and       )
TERABURST NETWORKS, INC.,       )
                                )
            Defendants.         )
_____)


**PLAINTIFF RALPH E. GRABOWSKI'S OPPOSITION TO
QUALCORE LOGIC (ANALOG), INC.'S MOTION TO DISMISS
COUNT III (M.G.L. Ch. 93A)  OF HIS COMPLAINT**

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................................... iii

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  THE FACTUAL ALLEGATIONS PLED IN GRABOWSKI'S COMPLAINT ............... 2

    A.   The Parties ................................................................................................... 2

    B.   Grabowski's Consulting Agreement With Analog ................................................. 2

    C.   Analog's Repudiation And Ongoing Breaches Of The Consulting Agreement ............ 3

    D.   Analog's Acquisition By Merger In 2003 ............................................................ 5

    E.   Wrongdoing By All Defendants In Connection With The Merger ........................... 5

III. ARGUMENT ............................................................................................................ 6

    ANALOG'S MOTION TO DISMISS GRABOWSKI'S CHAPTER 93A
    CLAIMS AS TIME-BARRED SHOULD BE DENIED IN ITS ENTIRETY ................... 6

    A.   The Legal Standards Applicable To Rule 12(b)(6) Motions .................................. 6

    B.   Analog Mischaracterizes Grabowski's Complaint By Arguing That It
        Alleges No Chapter 93A Violations Occurring Subsequent To 1998 ....................... 7

        1.   The Complaint Alleges Ongoing And Continuing Breaches Of The
            Consulting Agreement Potentially Occurring Within The
            Limitations Period ........................................................................................ 8

        2.   The Complaint Alleges An Unlawful Cancellation Or Conversion
            Of Grabowski's Stock Options Potentially Occurring Within The
            Limitations Period ........................................................................................ 9

        3.   The Complaint Alleges Chapter 93A Violations Relating To The
            2003 Merger Agreement That Occurred Within The Limitations
            Period ...................................................................................................... 10

    C.   Analog's Statute Of Limitations Arguments Improperly Overlook The
        Discovery Rule For The Accrual Of Chapter 93A Claims ................................... 10

|   |   |   |   |
|---|---|---|---|
|   | 1. | The Discovery Rule Tolls The Limitations Period, And Its Application Is An Issue Of Fact Not Properly Decided On A Motion To Dismiss ................................................................................................. | 11 |
|   | 2. | The Discovery Rule Applies To Tort And Contract Claims In Massachusetts ....................................................................................................... | 12 |
|   | 3. | The Discovery Rule Applies To Chapter 93A Claims In Massachusetts ....................................................................................................... | 13 |
|   | 4. | The Discovery Rule Applies To Toll Grabowski's Chapter 93A Claims ................................................................................................................. | 13 |
| IV. | CONCLUSION ............................................................................................................ | | 14 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Cambridge Plating Co, Inc. v. Napco, Inc.*, 991 F.2d 21 (1st Cir. 1993)..............................10, 11

*Deisenroth v. Numonics Corp.*, 997 F. Supp. 153 (D. Mass. 1998) ..............................................5

*Kiely v. Raytheon Co.*, 105 F.3d 734 (1st Cir. 1997).....................................................................5

*Kozikowski v. Toll Bros., Inc.*, 246 F. Supp. 2d 93 (D. Mass. 2003)..............................................7

*Republic of Turkey v. OKS Partners*, 797 F. Supp. 64 (D. Mass. 1992) ...........................10, 11, 12

**State Cases**

*Albrecht v. Clifford*, 436 Mass. 706, 769 N.E.2d 42 (2002).........................................................12

*Albrecht v. Clifford*, 767 N.E.2d 42 (Mass. 2002)..................................................................10, 11

*Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc.*, 396 Mass. 818, 489 N.E.2d 172 (1986)................................................................................................................10, 11

*Franklin v. Albert*, 381 Mass. 611, 411 N.E.2d 458 (1980) .........................................................10

*Patsos v. First Albany Corp.*, 433 Mass. 323, 741 N.E.2d 841 (2001) .............................10, 11, 12

*Szymanski v. Boston Mutual Life Insurance Co.*, 56 Mass. App. Ct. 367, 778 N.E.2d 16 (2002).................................................................................................................10, 11, 12

**Rules**

Mass. G. L. c. 93A .....................................................................................................................3, 4

# I.
# PRELIMINARY STATEMENT

Plaintiff Ralph E. Grabowski ("Grabowski") hereby opposes the Motion To Dismiss Count III (M. G. L. Ch. 93A) Of Plaintiff's Complaint ("Mot.") filed with this Court on or about June 30, 2004 by Defendant QualCore Logic (Analog), Inc. ("Analog"). Analog's moving papers argue for dismissal of Grabowski's Chapter 93A claims on grounds that they are time-barred by the applicable four-year statute of limitations. But as Grabowski demonstrates below, this argument must fail because it is premised upon both a mischaracterization of Grabowski's factual allegations, and a misunderstanding of the law as it relates to accrual.

With respect to Grabowski's factual allegations, Analog operates under the false assumption that Grabowski's Chapter 93A claims are targeted *exclusively* to events occurring in June of 1998. To the contrary, however, Grabowski also bases his claims on later ongoing and continuing breaches of a Consulting Agreement that potentially occurred throughout the limitations period. Moreover, Grabowski's Chapter 93A claims are directed at Analog's unlawful cancellation or conversion of his stock options which occurred at times unknown, but most likely within the last four years. Finally, Grabowski's claims encompass wrongdoing committed by Analog in connection with a merger that was consummated recently in 2003.

With respect to the law of accrual, Analog completely ignores the discovery rule which holds that Grabowski's Chapter 93A claims did not accrue until such time as he knew, or reasonably should have known, of Analog's various acts of wrongdoing. Here, despite his diligence, Grabowski had no way of knowing when Analog committed certain contract breaches or torts because he had no access to the information needed to assess Analog's conduct. Accordingly, as a result of tolling under the discovery rule, Grabowski's Chapter 93A claims are timely even if based in part on conduct occurring outside the limitations period.

1

Drawing all factual inferences relating Grabowski's Chapter 93A claims in his favor as this Court must on a Rule 12(b)(6) motion, Analog's present Motion To Dismiss should be denied in its entirety.

## II.
## THE FACTUAL ALLEGATIONS PLED IN GRABOWSKI'S COMPLAINT

### A.    The Parties

Grabowski is a professional Marketing Consultant who oftentimes serves as a temporary VP of Marketing for start-up technology companies. (Compl., ¶ 8).[1]

As of early 1997, Analog was a start-up technology company targeting certain segments of the Electronic Design Automation ("EDA") marketplace by designing proprietary products and methods that integrated mixed-signal library development with deep-micron semiconductor process development. (Compl., ¶ 11). At all times prior to 2003, Analog was known by its former corporate name of LEDA Systems, Inc.

In or around September of 2003, Analog was acquired by merger and became a wholly-owned subsidiary of QualCore Group. (Compl., ¶ 40). TeraBurst, the parent company of QualCore Group, was also involved in the merger. (*Id.*). Upon information and belief, all outstanding shares of Analog's capital stock were converted into shares of TeraBurst common stock at the time of the merger. (*Id.*).

### B.    Grabowski's Consulting Agreement With Analog

In April of 1997, Grabowski and Analog executed a written Consulting Agreement whereby Grabowski agreed to "provide marketing assistance as … [a] VP of Marketing on a temporary executive basis." (Compl., ¶ 12). In exchange, Analog agreed to pay

---

[1] As used herein, the term "Compl." is a reference to Grabowski's Complaint And Jury Demand filed with this Court on May 6, 2004.

2

Grabowski in three separate forms of compensation. (*Id.*, ¶¶ 13-14, 21). First, Grabowski was to be paid daily rates for his work on a deferred cash basis from out of the first 20% of any revenues (or debt or equity funding) that Analog received in the future. (*Id.*). Second, Analog agreed to grant to Grabowski certain quantities of stock options. (*Id.*). Third, Grabowski was to be paid certain royalty percentages in perpetuity out of any and all funds that Analog was to receive in the future above specific target thresholds. (*Id.*).

Grabowski subsequently met all of his performance obligations under the Consulting Agreement. (Compl., ¶¶ 17, 23).

C.  **Analog's Repudiation And Ongoing Breaches Of The Consulting Agreement**

In August of 1997, Grabowski's attorney sent Analog a letter questioning whether Analog was in breach of the Consulting Agreement. (Compl., ¶ 28). Grabowski suspected that Analog had been earning revenues from sales of its products and services, and therefore that the amounts payable to him out of those revenues had come due. (*Id.*). Analog sent Grabowski a responsive letter admitting to the amounts it owed him, but claiming that none of those amounts had yet come due because Analog had purportedly not yet "received revenues from sales of products and services." (*Id.*, ¶ 30). At that time, Analog reiterated its promise to pay Grabowski the amounts owed him as they came due, and Analog in fact made such payments to Grabowski in the months that followed. (*Id.*, ¶ 32).

Nearly a year later, however, on June 10, 1998, Grabowski received an unsolicited letter from Analog attaching a document entitled "Termination, Release And Settlement Agreement" (the "Proposed Release"). (Compl., ¶ 33). By the express terms of the Proposed Release, Analog announced that it was repudiating its obligations to Grabowski under the Consulting Agreement. (*Id.*, ¶ 34). Indeed, Analog stated that it would pay Grabowski

3

$98,300 in deferred cash compensation that it admittedly owed him only on the *conditions* that Grabowski "release [Analog] … from all [other] past and future obligations," and acknowledge that this was the "total compensation due" to him. (*Id.*). In other words, Analog was requiring that Grabowski give up his valuable contractual rights to both stock options and future royalty payments as the price for receiving the deferred cash compensation that he had already *unconditionally* earned under the Consulting Agreement. (*Id.*).

On June 26, 1998, Grabowski's attorney sent a responsive letter emphasizing that Analog "unconditionally owes Mr. Grabowski the sum of [$98,380] as deferred compensation under the 1997 [Consulting] Agreement." (Compl., ¶ 36). Analog was further cautioned that it would be a violation of Mass. G. L. c. 93A to "intentionally withhold[] mon[ies] it knows are due in an attempt to force … [Grabowski] to give up the rest of his contractual rights." (*Id.*). Grabowski contemporaneously attempted to exercise some of his stock options, and he also requested that Analog provide certain financial and shareholder information to which he was contractually entitled. (*Id.*, ¶ 37).

Since June of 1998, Analog has been engaged in ongoing and continuing breaches of the Consulting Agreement. (Compl., ¶ 38). For example, Analog has never paid Grabowski any of the amounts it owes him as they have come due or otherwise. (*Id.*). Analog also has failed to honor Grabowski's request to exercise his stock options, and in fact appears to have unlawfully canceled or converted those options at an unknown point in time. (Compl., ¶¶ 38, 42-43). Nor has Analog ever provided Grabowski with any of the financial or shareholder information that he requested. (*Id.*, ¶ 38).

4

**D.      Analog's Acquisition By Merger In 2003**

In early 2004, Grabowski learned that Analog had been acquired by merger effective in or around September of 2003. (Compl., ¶ 40). Analog became a wholly-owned subsidiary of QualCore Group, which in turn is a wholly-owned subsidiary of TeraBurst. (*Id.*). Upon information and belief, in connection with the merger all outstanding shares of Analog capital stock were converted into shares of TeraBurst common stock. (*Id.*).

Given Grabowski's ownership of vested Analog stock options and his timely efforts to exercise the same, Grabowski was contractually and legally entitled to all of the rights and privileges of an Analog shareholder and/or optionee, including all shareholder and/or optionee rights arising from, or in connection with, the 2003 Merger Agreement reached between Analog, QualCore Group, and TeraBurst. (Compl., ¶ 41).

**E.      Wrongdoing By All Defendants In Connection With The Merger**

The Complaint alleges that Analog, QualCore Group, and TeraBurst all are responsible for wrongdoing committed in connection with the merger, including: (i) failing to notify Grabowski of the merger prior to its effective date; (ii) failing to afford him the opportunity to exercise his options; (iii) failing to provide anything of value for his Analog options and/or stock; (iv) failing to seek or obtain consent or approval from Grabowski in connection with the merger; (v) failing to afford him voting, dissenting and/or appraisal rights in connection with the merger; and (vi) failing to automatically convert, or afford him with the opportunity to convert, his options and/or stock into something of value in connection with the merger. (Compl., ¶¶ 42-43).

5

**III.**
**ARGUMENT**

**ANALOG'S MOTION TO DISMISS GRABOWSKI'S CHAPTER 93A CLAIMS AS TIME-BARRED SHOULD BE DENIED IN ITS ENTIRETY**

By its present Motion, Analog "moves to dismiss Count III of Plaintiff's Complaint as time-barred by the four-year statute of limitations applicable to claims asserted under Mass. Gen. L. ch. 93A." (Mot., p. 1). But for at least the two reasons that follow, the Court should deny this Motion in its entirety.

First, all of Analog's arguments rest upon the false factual premise that Grabowski's Chapter 93A claims are based *exclusively* on conduct that occurred in June of 1998. To the contrary, however, Grabowski also bases his Chapter 93A claims on: (i) later ongoing and continuing breaches of the Consulting Agreement that occurred throughout the limitations period; (ii) the unlawful cancellation or conversion of his stock options that may have occurred within the past four years; and (iii) wrongdoing committed in connection with a merger that was consummated in 2003.

Second, Analog's arguments also rest upon the false legal premise that Grabowski's Chapter 93A claims necessarily accrued at the actual time of the wrongdoing. Such arguments ignore the discovery rule for accrual which Massachusetts courts have routinely applied to Chapter 93A claims. Here the discovery rule should govern because, despite his diligence, Grabowski has not been in a position to reasonably know when Analog's wrongdoing has occurred.

**A.     The Legal Standards Applicable To Rule 12(b)(6) Motions**

When ruling on a motion to dismiss made pursuant to Rule 12(b)(6), courts "must accept the complaint's allegations as true, indulging in all reasonable inferences in favor of [the

6

plaintiff]. Dismissal is proper only if it is clear that no relief could be granted, under any theory, 'under any set of facts that could be proved consistent with the allegations.'" *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997) (internal citations omitted); *see Deisenroth v. Numonics Corp.*, 997 F. Supp. 153, 154 (D. Mass. 1998). Notably, Analog acknowledges these governing legal standards in its moving papers. (Mot., p. 1 n.1).

As applied to the case at bar, Rule 12(b)(6) requires that this Court draw all reasonable factual inferences in Grabowski's favor when examining the allegations in his Complaint to determine what possible accrual dates might apply to his Chapter 93A claims.

**B.      Analog Mischaracterizes Grabowski's Complaint By Arguing That It Alleges No Chapter 93A Violations Occurring Subsequent To 1998**

In its moving papers, Analog principally argues that all of Grabowski's Chapter 93A claims fully accrued in June of 1998 when Analog announced its repudiation of the Consulting Agreement. (Mot., p. 3).[2] According to Analog, because this announcement occurred outside of the four-year limitation period applicable to Chapter 93A, Grabowski's claims are time-barred. (*Id.*).

The obvious flaw in Analog's analysis, however, is that Grabowski premises his Chapter 93A claims not just upon the events that occurred in June of 1998, but also upon many subsequent acts of wrongdoing that were actually or potentially committed within the four-year limitations period. As demonstrated below, for example, Grabowski bases his Chapter 93A claims in part on ongoing and continuing breaches of the Consulting Agreement that occurred

---

[2] Analog also suggests in passing that Grabowski's Chapter 93A claim may have accrued as early as August of 1997 based upon purported contract breaches occurring at that time. (Mot., p. 3). But any such theory is contrary to what Grabowski has pled. According to the allegations in the Complaint which must be accepted as true, in August of 1997, Analog denied breaching the Consulting Agreement, reiterated its promise to pay Grabowski, and then continued to make required payments in the months that followed. (*See*, *supra*, pp. 3-4) (*citing* Compl., ¶¶ 28, 30, 32). Moreover, Analog's alternative suggestion that accrual might somehow be pegged to the November, 1998 date when Analog stopped communicating with Grabowski has no basis in law. (Mot., p. 3).

7

during the limitations period when Analog failed to make payments as they came due. So, too, do Grabowski's Chapter 93A claims encompass the unlawful cancellation or conversion of his stock options which give rise to breach of contract and/or tort claims potentially accruing within the limitations period. Finally, Analog's acts of wrongdoing recently committed in connection with the Merger Agreement in 2003 are also the subject of Grabowski's Chapter 93A claims.

As Analog has conceded, the potential accrual dates for Grabowski's Chapter 93A claims should be the same as the dates that apply to his underlying claims sounding in breach of contract and/or tort. (Mot., pp. 2-3) (*citing Kozikowski v. Toll Bros., Inc.*, 246 F. Supp.2d 93, 98 (D. Mass. 2003)).

1. **The Complaint Alleges Ongoing And Continuing Breaches Of The Consulting Agreement Potentially Occurring Within The Limitations Period**

Grabowski's Chapter 93A claims are based in part upon ongoing and continuing breaches of the underlying Consulting Agreement, some or all of which may have occurred within the four-year limitations period.

With respect to Analog's contractual obligations to compensate Grabowski, for example, the Consulting Agreement provided that deferred cash payments would be owed from out of the first 20% of any new revenues or funds that Analog was to receive in the future. (*See*, *supra*, p. 3). Presumably, Analog has continued to periodically receive new revenues and funds at all times from 1998 to the present. Each time that Analog has received such amounts and failed to provide Grabowski with his share, Analog has committed new and independent contract breaches giving rise to new and independent Chapter 93A claims. The same argument applies to Analog's additional contractual obligations to pay Grabowski certain royalty percentages in

8

perpetuity from out of any and all funds that Analog was to receive in the future above specified target thresholds. (*Id.*).

Similarly, Analog has also committed ongoing and continuing breaches of the Consulting Agreement that have potentially occurred within the limitations period by failing to provide Grabowski with requested financial and shareholder information to which he was contractually entitled. (*See*, *supra*, p. 4).

The exact times when Analog received new funds or revenues, or hit target revenue thresholds, or was required to distribute financial or shareholder information are presently unknown. But for purposes of a Rule 12(b)(6) motion where this Court must draw all reasonable factual inferences in Grabowski's favor, it must be presumed that some of these events could have occurred within the limitations period, thereby rendering his chapter 93A claims timely. Any attempt by Analog to raise fact disputes about when these events occurred is inappropriate at the pleadings stage of this case.

2. **The Complaint Alleges An Unlawful Cancellation Or Conversion Of Grabowski's Stock Options Potentially Occurring Within The Limitations Period**

Grabowski's Chapter 93A claims are also based in part upon Analog's apparently unlawful cancellation or conversion of his stock options. (*See*, *supra*, p. 5). Such wrongdoing would qualify as a breach of contract under the Consulting Agreement and/or the Merger Agreement. In addition, it could qualify as the underlying tort of conversion, or as a tortious "unfair or deceptive act or practice" pursuant to the language of Chapter 93A itself.

Drawing all reasonable factual inferences in Grabowski's favor, it is entirely conceivable that Analog's wrongdoing in connection with the stock options occurred at some point in time within the limitations period. Indeed, one of the most likely possibilities is that

Analog unlawfully cancelled or converted Grabowski's stock options at the time of the merger in 2003. Accordingly, any Chapter 93A claims premised upon such misconduct must be considered timely for purposes of resolving Analog's Rule 12(b)(6) motion.

### 3. The Complaint Alleges Chapter 93A Violations Relating To The 2003 Merger Agreement That Occurred Within The Limitations Period

Finally, Grabowski also bases his Chapter 93A claims in part upon wrongdoing committed by Analog in connection with the 2003 merger, which wrongdoing consisted of breaches of the Merger Agreement and/or independent torts. (*See*, *supra*, p. 5). Among other things, Analog failed to notify Grabowski about the merger; failed to obtain his approval or consent; failed to afford him voting, dissenting, or appraisal rights; and/or failed to provide him with anything of value in exchange for his Analog stock or stock options. (*Id.*).

In its moving papers, Analog is completely silent about Grabowski's allegations of wrongdoing relating to the merger. This should come as no surprise, given that all such wrongdoing occurred in 2003, which falls well within the four-year limitations period applicable to his Chapter 93A claims. Reading the Complaint in Grabowski's favor as this Court must, his Chapter 93A claims clearly encompass these events that transpired in 2003.

### C. Analog's Statute Of Limitations Arguments Improperly Overlook The Discovery Rule For The Accrual Of Chapter 93A Claims

Even if some of the wrongdoing underlying Grabowski's Chapter 93A claims occurred outside of the four-year limitations period, his claims would still be timely pursuant to the discovery rule of accrual. Analog assumes throughout its moving papers that a cause of action necessarily accrues for statute of limitations purposes at the time of actual wrongdoing and injury. But pursuant to the discovery rule, a cause of action instead does not accrue until a plaintiff knew, or reasonably should have known, about the facts giving rise to his claim.

10

As Grabowski demonstrates below, the discovery rule applies where, as here, he was not in a position to reasonably ascertain the injuries and breaches caused by Analog at the times they actually occurred. Indeed, Grabowski had no way of knowing when Analog received revenues it was obligated to share, or hit target revenue thresholds that triggered royalty payments, or owed him financial or shareholder information, or unlawfully canceled or converted his stock options. As the Massachusetts courts have made clear, the discovery rule applies with full force to Chapter 93A claims both when they are premised upon underlying breaches of contract or upon torts.

> 1. **The Discovery Rule Tolls The Limitations Period, And Its Application Is An Issue Of Fact Not Properly Decided On A Motion To Dismiss**

The discovery rule tolls a limitations period so that a cause of action does not accrue until a plaintiff knew or should have known of the facts giving rise to the claim. *See Cambridge Plating Co, Inc. v. Napco, Inc.*, 991 F.2d 21, 25 (1st Cir. 1993); *Republic of Turkey v. OKS Partners*, 797 F. Supp. 64, 69 (D. Mass. 1992); *Albrecht v. Clifford*, 436 Mass. 706, 767 N.E.2d 42, 49 (2002); *Patsos v. First Albany Corp.*, 741 N.E.2d 841, 846 (Mass. 2001); *Szymanski v. Boston Mut. Life Ins. Co.*, 778 N.E.2d 16, 20 (Mass. App. Ct. 2002) ("In Massachusetts, when a plaintiff cannot reasonably ascertain the injury or breach at the time it occurred, his cause of action accrues when the plaintiff knows or should know that he has suffered appreciable harm resulting from the defendant's actions."). Accrual is tested by what a reasonable person would have known or would have discovered after reasonable inquiry at various times. *Cambridge Plating Co.*, 991 F.2d at 27.

The policy underlying the discovery rule is that "'a plaintiff should be put on notice before his claim is barred.'" *Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc.*, 489 N.E.2d 172, 176 (Mass. 1986) (quoting *Franklin v. Albert*, 411 N.E.2d 458 (Mass.

11

1980)).  "Fairness dictates that the discovery rule not be deemed inapplicable simply because reasonable actions other than those taken by the plaintiff *could* have uncovered the injury or cause of harm."  *Cambridge Plating Co.*, 991 F.2d at 26-27.

The discovery rule applies where the cause of action was inherently unknowable, where the defendant breached some duty of disclosure, or where the defendant intentionally concealed the cause of action.  *See Szymanski*, 778 N.E.2d at 20*; Albrecht*, 767 N.E.2d at 49.  "A wrong may be inherently unknowable if it is 'incapable of detection by the wronged party through the exercise of reasonable diligence."  *Republic of Turkey*, 797 F. Supp. at 69; *see Szymanski*, 778 N.E.2d at 20 ("inherently unknowable" standard is the same as "knew or should have known" standard).  The delayed knowledge may relate either to the fact of the injury or to the cause of the harm.  *See Cambridge Plating Co.*, 991 F.2d at 25.

When a plaintiff knew or should have known about the factual basis for a cause of action is a factual issue to be determined by a jury.  *See Patsos*, 741 N.E.2d at 847-52 (holding that tolling would be available to the plaintiff if the jury found that the defendant did not satisfy its duty of disclosure); *Szymanski*, 778 N.E.2d at 20.  Accordingly, at the very least, Analog's present Motion to Dismiss should be denied at the pleadings stage of this case because it is as yet premature to determine whether and when the discovery rule applies.

    2.    **The Discovery Rule Applies To Tort And Contract Claims In Massachusetts**

The discovery rule applies to tort and contract claims in Massachusetts.  *See Republic of Turkey*, 797 F. Supp. at 69 ("tort claims are subject to the so-called 'discovery rule'"); *Albrecht*, 767 N.E.2d at 49 (discussing the discovery rule in tort claims)*; Patsos*, 741 N.E.2d at 846-52 (noting that the discovery rule could be applied to tort and contract actions depending on facts found by the jury); *Szymanski*, 778 N.E.2d at 20 (asserting that the discovery

rule applies to tort and contract actions); *Anthony's Pier* Four, 489 N.E.2d at 176 (addressing the application of the discovery rule in contract actions); *Cambridge Plating Co.*, 991 F.2d at 26.

### 3.   The Discovery Rule Applies To Chapter 93A Claims In Massachusetts

As demonstrated above, Chapter 93A claims are governed by the same accrual rules that apply to the underlying causes of action upon which they are based. Moreover, the discovery rule has been held applicable to both breach of contract and tort claims as a matter of Massachusetts law. Accordingly, the courts have routinely held that Chapter 93A claims are subject to the discovery rule. *See, e.g.*, *Republic of Turkey*, 797 F. Supp. at 70 ("claims made pursuant to c. 93A and its four-year limitations period" are "subject to the discovery rule") (*citing Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 994 (1st Cir. 1988)). *Accord Albrecht*, 769 N.E.2d 42 (2002); *Patsos v. First Albany Corp.*, 741 N.E.2d 841; *Szymanski*, 778 N.E.2d 16.

### 4.   The Discovery Rule Applies To Toll Grabowski's Chapter 93A Claims

The discovery rule clearly applies to the Chapter 93A claims asserted by Grabowski in the case at bar. Indeed, with respect to the underlying breaches of the Consulting Agreement, there was no reasonable way for Grabowski to know or detect when those breaches occurred. Because Analog has always been a privately held company, Grabowski had no access to information about when or if Analog received revenues it was obligated to share, or when or if it hit target revenue thresholds that triggered royalty payment obligations. Grabowski's diligent attempts to request financial and shareholder information from Analog were ignored. (*See*, *supra*, p. ___).

Nor did Grabowski have any way of knowing if, when, or how Analog acted to unlawfully cancel or convert his stock options. In fact, Grabowski did not recognize the

13

possibility that this had happened until he learned of the merger sometime early in 2004, and realized that he had not been afforded the opportunity to convert his Analog stock or stock options into shares of TeraBurst stock.  (*See*, *supra*, p. 5).  Grabowski could not have known sooner because Analog breached its contractual obligations to inform in advance about the merger.

Given these circumstances, the discovery rule for accrual has clearly served to toll, and render timely, the Chapter 93A claims pled in Grabowski's Complaint.  In any event, these claims are timely even without the benefit of the discovery rule for the reasons detailed above.

## IV.
## CONCLUSION

For the foregoing reasons, Grabowski respectfully requests that this Court deny Analog's Motion To Dismiss his Chapter 93A claims in its entirety.

Dated:  July 23, 2004

    /s/ Marc N. Henschke_____
Marc N. Henschke (BBO No. 636146)
Karen Dahlberg
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, Massachusetts 02199-7610
Tel. (617) 267-2300

*Counsel for Plaintiff, Ralph E. Grabowski*

35017311.1