UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>             Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.; QUALCORE GROUP, INC.; and TERABURST NETWORKS, INC.,<br><br>             Defendants. | No. 04-CV-10905 (MEL) |

**QUALCORE LOGIC (ANALOG), INC.'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE PARAGRAPHS 33, 34, 35
AND PORTIONS OF PARAGRAPH 36 OF THE COMPLAINT**

Despite plaintiff's protests, the simple fact remains that paragraphs 33, 34, 35, and portions of paragraph 36 of the Complaint impermissibly disclose settlement statements in an effort to prove the existence and amount of liability on the claims sought to be settled. Therefore, the Court should strike the offensive statements from the Complaint.

In its Motion, Analog plainly met the requirements of Rule 12(f) of the Federal Rules of Civil Procedure. In particular, because the statements violate Federal Rule of Evidence 408, they are scandalous. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (defining "scandalous" matter to include statements that "may cause the objecting party prejudice" and affirming allowance of motion to strike); *see also* Plaintiff's Opposition at 6 (quoting *DeMoulis v. Sullivan*, 1993 WL 81500, at *6 (D. Mass. Feb. 26, 1993), and noting that prejudice is a factor to consider in deciding a motion to strike). Plaintiff claims that the offensive statements merely describe repudiation by Analog, but in fact they do more: they prejudice LEDA by quoting the terms by which LEDA allegedly was willing to settle plaintiff's disputed claims. Such details are wholly unnecessary for an allegation of repudiation. The prejudice to

Analog from plaintiff's offensive statements is inescapable as long as they remain part of the pleadings.[1]  The relief Analog seeks -- striking three and a half paragraphs from a sixty-six paragraph pleading -- is appropriately tailored to remedy the prejudice Analog would otherwise suffer.[2]

Plaintiff's appeal to postpone this debate until more facts can be developed should not be heeded.  Indeed, it is appropriate to address motions to strike when "they serve to expedite, not delay."  *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirming allowance of motion to strike).  Resolving the current dispute early will expedite the resolution of this case by focusing the parties' discovery on pertinent issues.

Finally, plaintiff's opposition rests on an erroneous reading of Rule 408.  The rule is not limited to bilateral negotiations but applies equally to an unexpected, unilateral effort to compromise a disputed claim.  *See* Fed. R. Evid. 408 (applying to "[e]vidence of…furnishing or offering or promising to furnish…a valuable consideration in…attempting to compromise a claim which was disputed").  There is no need to further develop a factual context, as plaintiff argues, because the Complaint already demonstrates that the offensive statements violate this provision of Rule 408: the Complaint details specific terms of LEDA's "Release and Settlement

---

[1] In contrast, if the statements are stricken but are later shown to be relevant and admissible, as plaintiff argues, then their absence from the Complaint will not preclude their entry into evidence at trial.

[2] Analog does not seek to prohibit plaintiff from amending his pleading, but merely to erase from the existing pleading (and to exclude from any amended pleading) plaintiff's improper disclosure of the details of the settlement offer pleaded for the purpose of establishing liability and proving the alleged value of plaintiff's claim.

Agreement," which was offered by LEDA in an attempt to resolve "all outstanding issues between the parties."[3]  (Compl. ¶ 33.)

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Motion to Strike, Analog respectfully requests that the Court allow its Motion to Strike.

Respectfully submitted,

QUALCORE LOGIC (ANALOG), INC.

By Its Attorneys,

/s/ Michele A. Whitham
Michele A. Whitham, BBO # 553705
John M. Granberry, BBO # 647086
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  September 22, 2004

---

[3] Plaintiff also states that this is a factual dispute that cannot be resolved in the context of a Rule 12(b)(6) motion to dismiss.  However, as is apparent from the relief requested and the arguments offered in support, Analog's motion is not a 12(b)(6) motion but instead a Motion to Strike, governed by Rule 12(f).