UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>            Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.; QUALCORE GROUP, INC.; and TERABURST NETWORKS, INC.,<br><br>            Defendants. | No. 04-CV-10905 (MEL) |

**QUALCORE LOGIC (ANALOG), INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS COUNT III (M.G.L. Ch. 93A)**

In an effort to salvage his alleged Chapter 93A claim, plaintiff Ralph E. Grabowski ("Grabowski") resorts in his Opposition to a construction of the facts of the case that flatly contradicts the admissions set forth in his own pleading. This he cannot do, and his 93A claim should be dismissed as time barred.

In particular, after recounting in his Complaint and Jury Demand (the "Complaint) the story of the emergence of Grabowski's compensation disputes[1] with LEDA Systems, Inc. (the predecessor-in-interest to Analog) ("LEDA") over several months in 1997 and into 1998, Grabowski unambiguously alleges that, ***on June 10, 1998***, LEDA "abruptly" delivered to Grabowski a Termination, Release and Settlement Agreement that

---

[1] In his Complaint, Grabowski makes clear that he has been asserting since beginning in 1997 his entitlement to various forms of compensation, namely cash, stock options and royalty percentage payments. In particular, Grabowski alleges that he sought and received confirmation that he was owed specific amounts of deferred cash and stock options, Complaint ¶¶ 24-25; had written evidence of his entitlement to stock options, Complaint ¶ 26; in September 1997 sought and received a statement from LEDA establishing the amount of deferred cash and stock options owed to him, Complaint ¶¶ 28-31; and on June 26, 1998, asserted his right to "royalty" payments, Complaint ¶ 36.

> *"made clear that LEDA Systems was repudiating its obligations to Grabowski under the Consulting Agreement."*

Complaint at ¶¶ 33-35.  For good measure, Grabowski further unambiguously alleges that, to ensure the absence of doubt, LEDA, by email dated June 23, 1998,

> *"confirmed that it was repudiating its obligations under the Consulting Agreement."*

Complaint at ¶ 35.  Nowhere thereafter in his pleading does Grabowski ever allege that he understood LEDA ever to retract what he knew to be its repudiation of *all* of its obligations to him.  And nowhere in his pleading does he spin the tale that he advances for the first time in his Opposition that, notwithstanding LEDA's unconditional repudiation of all of its obligations in June of 1998, that repudiation somehow gave rise to a kind of "continuing violation" that permits Grabowski to argue today that his claims had somehow survived repudiation.

Grabowski's argument stands the law of claims accrual and the facts admitted in his Complaint on their head.  It is beyond peradventure that, under the so-called discovery rule governing claims accrual, Grabowski's Chapter 93 claim, which sounds entirely in contract, accrued at the time of the alleged breach of contract, that is at the time *Grabowski admits* that LEDA unconditionally repudiated its obligations to him, *i.e.*, on June 10, 1998.  *See Kozikowski v. Toll Bros., Inc.*, 248 F. Supp. 2d 93, 98-99 (D. Mass. 2003).  In accordance with the four-year limitation period provided by statute, his 93A claim was thus time-barred by at least June 10, 2002.  *See* Mass. Gen. L. c. 260, § 5A.  Nothing in Grabowski's pleading supports the contention that he belatedly asserts in his Opposition that his claim is somehow saved from the operation of the discovery rule because his contract claims were inherently unknowable in June, 1998, or that LEDA had breached a duty of disclosure to him at that time, or that LEDA (in explicitly repudiating his compensation claims) had intentionally concealed the cause of action.  *See*

Opposition at pp. 11-12.  Indeed, on the face of his own pleading, the position Grabowski now tries to take in his Opposition is simply not credible.  Not only *should* Grabowski have known of the factual basis for his cause of action in June, 1998, **he did know** -- by his own admission.

Moreover, even if Grabowski had been slow to realize that "repudiation" means "repudiation," his sitting silently by from November 1, 1998 (the day he admits he last heard from anyone even remotely connected to LEDA, *see* Complaint ¶ 39 (***"Thereafter, Grabowski never heard from Mouradian again."***), until the day he filed his Complaint five-and-one-half years later on May 6, 2004, hardly constitutes "reasonable inquiry" sufficient to rescue him from the operation of the discovery rule in the aftermath of his June, 1998 communications with LEDA.  *See Cambridge Plating Co., Inc. v. Napco, Inc.*, 991 F.2d 21 (1st Cir. 1993) (claim accrues when reasonable person would have known, or would have discovered after reasonable inquiry, facts giving rise to claim).  The plain truth here is that Grabowski, by his own admission, knew beyond a shadow of a doubt by June 10, 1998 that LEDA was refusing to honor its alleged compensation agreements with him, yet sat silently by for six years before doing anything to assert his rights.

Nor can Grabowski allege with a straight face that his claim to stock options somehow accrued in connection with the July, 2003 merger of LEDA into Analog.  On the face of his Complaint, Grabowski admits that he knew by August 21, 1997, that he was "owed options to purchase 139,562 shares of LEDA Systems common stock," Complaint at ¶ 29, and that he further knew by June 10, 1998 that "LEDA Systems was repudiating its obligations" to him, Complaint at ¶ 34.  Indeed, he also admits that LEDA had failed to permit his attempt to exercise LEDA options on January 27, 1997, Complaint at ¶ 37, and, moreover, had failed "[s]ince at least June 10, 1998, in ongoing and continuing bad faith breaches of the Consulting

Agreement . . . to provide Grabowski with any of the information or stock certificates he ha[d] requested," Complaint at ¶ 38.  For Grabowski to now assert on brief that he did not "have any way of knowing if, when or how Analog acted to unlawfully cancel or convert his stock options" and "did not recognize the possibility that this had happened until he learned of the merger sometime early in 2004," Opposition at pp. 13-14, defies credulity.  This Court should not allow Grabowski to make things up as he goes along.  The admissions of his Complaint govern and his Chapter 93A claim should be dismissed as time barred.

Finally, as an additional, independent ground for dismissal, Grabowski's Chapter 93A claim should be dismissed where, as here, Grabowski presents himself, in both his Complaint and his Opposition, as having been retained by LEDA to function in an "executive" capacity.  In particular, Grabowski states that he was retained by LEDA to act as "VP of Marketing on a temporary executive basis" and that he had in fact worked for LEDA in that role.  Complaint at ¶ 12; Opposition at 2.  As such, Grabowski is effectively admitting that he served as LEDA's employee.  *Cf.* 26 U.S.C. § 3121(d)(1) (defining "employee" to include any officer of a corporation).

As a matter of law, Chapter 93A is inapplicable to employment contract disputes.  *See Manning v. Zuckerman*, 444 N.E.2d 1262, 1265, 388 Mass. 8, 12-13 (1983) ("[T]he legislature did not intend [Chapter 93A] to cover employment contract disputes between employers and the employees who work in the employer's organization . . . ."  *Id.*.  Rather, 93A was only meant to cover disputes related to services offered generally to the public.  *See id.*, 388 Mass. at 13.  Consistent with this limitation on the reach of Chapter 93A, there is no sound policy basis for permitting 93A claims to apply to disputes between a contract employee and the company for

which he works in an admitted employment capacity. Accordingly, Grabowski's Chapter 93A claim should be dismissed as inapplicable to plaintiff's employment relationship with LEDA.

## CONCLUSION

For the foregoing reasons, and for those initially set forth in Analog's Motion, Analog respectfully requests that Count III of plaintiff's Complaint, which seeks relief pursuant to M.G.L. Chapter 93A, be dismissed.

>Respectfully submitted,
>
>QUALCORE LOGIC (ANALOG), INC.,
>
>By Its Attorneys,
>
>/s/ Michele A. Whitham
>Michele A. Whitham, BBO # 553705
>John M. Granberry, BBO # 647086
>Foley Hoag LLP
>155 Seaport Boulevard
>World Trade Center West
>Boston, MA 02210-2600
>(617) 832-1000

Dated: September 22, 2004