UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>                Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG),<br>INC.; QUALCORE GROUP, INC.; and<br>TERABURST NETWORKS, INC.,<br><br>                Defendants. | No. 04-CV-10905 (MEL) |

### UNOPPOSED MOTION OF TERABURST NETWORKS, INC. AND QUALCORE GROUP, INC. TO FILE CONFIDENTIAL BUSINESS INFORMATION UNDER SEAL

In connection with their Motion to Dismiss for Lack of Personal Jurisdiction, TeraBurst Networks, Inc. ("TeraBurst") and QualCore Group, Inc. ("QualCore Group") hereby move for an order filing under seal materials disclosing confidential and proprietary business information relating to their dealings with other organizations and individuals.

As grounds for this motion, TeraBurst and QualCore Group state as follows:

1.  TeraBurst and QualCore Group (the "non-resident entities") have moved to dismiss all claims against them in this action, stating that this Court lacks jurisdiction over them.

2.  Plaintiff speculates in his Opposition that there may exist various contacts between the Commonwealth of Massachusetts and the non-resident entities that he asserts could establish this Court's jurisdiction over TeraBurst and QualCore Group depending on if they happened.

3.  In reply, TeraBurst and QualCore Group submit supplemental affidavits proving that the events Plaintiff suspects may have taken place in fact never did.

FHBOSTON/1110339.1

4. In support of these sworn statements, the non-resident entities submit a copy of the Merger Agreement that the non-resident entities entered into with, inter alia, LEDA Systems, Inc. in July 2003. The terms of that Merger Agreement are confidential and are not available to the general public. The merger documents include sensitive and confidential business information of TeraBurst and QualCore Group as well as of other companies and individuals. The merger documents include detailed lists of individuals connected to the company, together with these individuals' personal information such as addresses and individual financial holdings. The terms of the Merger Agreement are discussed in TeraBurst and QualCore Group's Reply, the Supplemental Declaration of John Pirot, and the Supplemental Declaration of Mahendra Jain. Further, the Merger Agreement and several related documents are attached in their entirety to the Supplemental Pirot Declaration. In order to demonstrate the absence of contacts sufficient to support jurisdiction over TeraBurst and QualCore Group, it is necessary to include the entire documents in unredacted form.

5. The details provided also include the terms of a development agreement that TeraBurst entered into with the Massachusetts office of another company. The terms of that agreement, the name of the company, and information about the course of the agreement are confidential and sensitive to TeraBurst's business and to the other party to the agreement. These details are discussed in TeraBurst and QualCore Group's Reply, the Supplemental Declaration of Johan Pirot, and the Declaration of Kathy Ishihara. A copy of the development agreement is attached to the Supplemental Pirot Declaration.

## CONCLUSION

For the foregoing reasons, TeraBurst and QualCore Group respectfully request that this Court enter an Order, similar to the attached Proposed Order, filing under seal materials

disclosing sensitive and confidential business information of individuals, other business entities, and TeraBurst and QualCore Group. The Reply brief will be filed publicly in redacted form.

        Respectfully submitted,

        QUALCORE LOGIC (ANALOG), INC.,
        By Its Attorneys,

        /s/ Michele A. Whitham
        Michele A. Whitham, BBO # 553705
        John M. (Granberry) Gransky, BBO # 647086
        Foley Hoag LLP
        155 Seaport Boulevard
        World Trade Center West
        Boston, MA 02210-2600
        (617) 832-1000

Dated: September 23, 2004

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

    I, John M. Gransky, hereby certify that on September 24, 2004, I contacted counsel for Plaintiff in an attempt in good faith to resolve or narrow the issue addressed in this motion. Counsel for plaintiff indicated he would not oppose this motion.

        /s/ John M. (Granberry) Gransky