**E N D O R S E M E N T**

GRABOWSKI v. QUALCORE LOGIC (ANALOG), INC. et al.
04-CV-10905-MEL

LASKER, D.J.

      Defendants QualCore Logic (Analog), Inc. ("Analog"), QualCore Group, Inc. ("QualCore") and TeraBurst Networks, Inc. ("TeraBurst") (collectively "Defendants") move to strike paragraphs 33, 34, 35 and portions of paragraph 36 of the complaint; to dismiss Count III of the complaint as time-barred; and defendants TeraBurst and QualCore move to dismiss the suit for lack of personal jurisdiction.

      Defendants fail to establish that the material contained in paragraphs 33, 34, 35, and portions of 36 should be stricken from the complaint under Fed. R. Civ. P. 12(f). Defendants did not demonstrate that these paragraphs contain redundant, immaterial, impertinent, or scandalous matter. Rather, the allegations contained in these paragraphs are intimately related to the present controversy, as they address the time, nature, substance, and extent of the repudiation of the consulting agreement. Defendants also fail to establish that the allegations in these paragraphs must necessarily meet the admissibility standards of the Federal Rules of Evidence at this preliminary stage of the litigation. Nevertheless, the contents of paragraphs 33 through 36 would be admissible under Fed. R. Evid. 408 because these paragraphs do not describe a settlement offer made during compromise negotiations as to a disputed claim or amount, and are not being offered to prove an admission by defendants as to the fact or amount of liability. Therefore, the motion to strike paragraphs 33 through 36 is DENIED.

      Pursuant to Fed. R. Civ. P. 12(b)(6) and M.G.L. ch. 260 §5A, Count III of the complaint should be dismissed as time-barred under the four year statute of limitations applicable to claims asserted under M.G.L. ch. 93A. Whether the date of the alleged contract breach occurred on August 21, 1997, at which time plaintiff Ralph E. Grabowski's ("Grabowski") compensation was due and payable but not delivered, or on June 10, 1998, at which time Grabowski's attorney first asserted a ch. 93A violation, the statute of limitations had long expired by March 2004, when Grabowski filed suit. Additionally, Grabowski knew of the factual basis for his claim both when he was owed options to purchase stock that were not granted in August 1997, and when LEDA (predecessor to Analog) unconditionally repudiated its contractual obligations to Grabowski in June 1998. Therefore, the motion to dismiss Count III as time-barred is GRANTED.

Grabowski fails to establish the threshold showing necessary to support personal jurisdiction over TeraBurst and QualCore.  Grabowski's complaint does not demonstrate with requisite specificity the nature of TeraBurst's and QualCore's alleged contacts with Massachusetts, or how those contacts gave rise to the present cause of action.  Grabowski requests leave to pursue jurisdictional discovery, contending that such discovery might uncover specific facts about the merger with LEDA or contacts with Massachusetts that are sufficient to warrant the exercise of personal jurisdiction.  However, TeraBurst and QualCore are persuasive in asserting that they did not assume LEDA's pre-merger contractual liabilities.  Moreover, any contacts with Massachusetts remain purely speculative and have been refuted by TeraBurst and QualCore in the record.  However, should general discovery reveal facts showing that TeraBurst or QualCore did assume LEDA's contractual obligations through merger, the issue of personal jurisdiction over TeraBurst and QualCore may be revisited upon a proper motion.

Accordingly, the motion to strike paragraphs 33 through 36 is DENIED; the motion to dismiss Count III as time-barred is GRANTED; the motion to dismiss for lack of personal jurisdiction is GRANTED without prejudice.

It is so ordered.


Dated:    October 5, 2004
          Boston, Massachusetts        /s/ Morris E. Lasker
                                             U.S.D.J.