### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| RALPH E. GRABOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  04-CV-10905 (MEL) |
| v. | ) | |
| | ) | |
| QUALCORE LOGIC (ANALOG), INC.; | ) | |
| QUALCORE GROUP, INC.; and | ) | |
| TERABURST NETWORKS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF RALPH E. GRABOWSKI'S MOTION FOR RECONSIDERATION IN PART OF THE COURT'S ORDER DATED OCTOBER 5, 2004

Pursuant to Federal Rule of Civil Procedure 60(b) and the Court's general discretionary powers, Plaintiff Ralph E. Grabowski ("Grabowski") respectfully moves for a reconsideration and vacating of the Court's Order dated October 5, 2004 insofar as it dismisses Count III of his Complaint (the Chapter 93A claim) as time-barred.  That portion of the Court's Order appears to rely upon misstatements of the record contained in the Reply Brief filed by Defendant QualCore Logic (Analog), Inc. ("Analog") to which Grabowski has never had a full and fair opportunity to respond.  Pursuant to a Local Rule 7.1(A)(2) meet-and-confer, Analog has assented to Grabowski's right to file the present motion, but disagrees on the merits with the arguments Grabowski raises herein.

## I.  ARGUMENT

**A.**    **The Court Appears To Have Overlooked Paragraph 43 Of The Complaint Which Premises Grabowski's Chapter 93A Claims In Part On Bad Faith Breaches Of The Merger Agreement Occurring Well Within The Limitations Period In 2003**

In its Reply Brief, Analog repeatedly misstates the record by suggesting that Grabowski's Chapter 93A claim is premised *solely* upon Analog "repudiating its obligations to Grabowski under the Consulting Agreement," which allegedly occurred in June of 1998. (Rep., p. 2). Apparently persuaded by these misstatements, the Court has concluded in its Order that the four-year statutory limitations period applicable to Grabowski's Chapter 93A claim must have commenced for all purposes "in June 1998." (Order, p. 1).

Contrary to Analog's misstatements of the record, however, the Complaint expressly alleges that Grabowski's Chapter 93A claim is premised not just on repudiation of the Consulting Agreement in 1998, *but also on breaches of the Merger Agreement and related wrongdoing that occurred in 2003*. As is clearly set forth in Paragraph 43 of the Complaint, Grabowski charges Analog with Chapter 93A violations for the following acts of misconduct occurring in connection with the 2003 Merger Agreement:

* * * * * *

(ii)    unlawfully canceling, terminating, or extinguishing his LEDA Systems stock options to the extent that they ever had been granted or issued;

* * * * * *

(iv)    unlawfully retaining and converting his shares of LEDA Systems common stock to the extent that his request to exercise stock options ever had been honored;

(v)    failing to timely notify or inform him about the merger prior to its effective date or otherwise;

2

     (vi)    failing to notify him about, or allow him the opportunity to exercise, his rights as a LEDA Systems shareholder and/or optionee in connection with the merger;

     (vii)   failing to seek or obtain any consents or approval required from him as a LEDA Systems shareholder and/or optionee in connection with the merger;

     (viii)  failing to afford him voting, dissenting, and/or appraisal rights as a LEDA Systems shareholder and/or optionee in connection with the merger;

     (ix)    failing to afford him the opportunity to surrender and convert his LEDA Systems stock and/or options into something of value in connection with the merger, whether in the form of TeraBurst common stock or otherwise; and/or

     (x)     failing to *automatically* convert his LEDA Systems stock and/or options into something of value in connection with the merger, whether in the form of TeraBurst common stock or otherwise.

(Complaint, ¶ 43).

Obviously, because the acts of wrongdoing alleged in Paragraph 43 relate to Analog's specific duties and obligations under a Merger Agreement that was drafted and consummated in 2003, they fall well within the four-year statute of limitations applicable to any Chapter 93A claim premised upon such wrongdoing. In short, it is both a legal and logical impossibility to conclude that this wrongdoing occurred in June of 1998, or that the statutory clock had somehow begun running in June of 1998 with respect to future conduct that had not yet occurred and could not have been known.

Assuming that the Court was aware of Paragraph 43 at the time it issued its Order, the only conceivable explanation is that the Court mistakenly believed that Analog's acts of wrongdoing in 1993 were identical to its acts of wrongdoing previously committed in 1998. But no such perfect overlap exists. For example, whereas in 1998 Analog is charged with failing to

3

make payments under a Consulting Agreement, in 2003 it is accused of breaches of a Merger Agreement relating to its obligations to provide notice, to obtain required consents and approvals, to afford voting, dissenting, and/or appraisal rights, and to convert shares into TeraBurst common stock. Nor are Grabowski's allegations relating to his stock options the same for these two disparate time periods. Whereas Grabowski alleges that in 1998 Analog merely ignored his request to *exercise* a 1000-share tranche of stock options, he alleges that in 2003 Analog unlawfully terminated or canceled his entire lot of 139,562 stock options. Compare (Compl., ¶ 37-38) with (Compl., ¶ 43).[1] Those are distinct and independent acts of wrongdoing that differ in their timing, nature and magnitude.

In sum, by overlooking or otherwise disregarding Paragraph 43 of the Complaint, Grabowski respectfully suggests that the Court's Order fails to embrace the fundamental requirements in a Rule 12(b)(6) context that all allegations pled in the Complaint must be accepted as true, and that all reasonable inferences arising from those allegations must be drawn in his favor. See, e.g., Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

**B.     The Court Appears To Have Overlooked Paragraph 39 Of The Complaint Which Expressly Alleges That Analog Later Retracted Its Ostensible June, 1998 Repudiation Of The Consulting Agreement**

Even if Grabowski's Chapter 93A claim was premised solely upon Analog's repudiation of the Consulting Agreement in 1998 (which it is not), and even if Grabowski therefore needed to rely upon the discovery rule of accrual (which he does not), here Grabowski

---

[1] Again relying upon misstatements in Analog's Reply Brief, the Court makes the incorrect assertion in its Order that Grabowski knew "he was owed options to purchase stock that were not granted in August 1997." Cf. (Rep., p. 3). To the contrary, Grabowski does not know to this day whether Analog ever in fact granted his stock options. All that Grabowski knows, and all that his Complaint alleges, is that Analog failed to honor his request to exercise a 1000-share tranche of stock options made in a letter dated June 30, 1998 (*not* August 1997). See (Compl., ¶¶ 37-38).

respectfully suggests that the Court has misapplied the discovery rule by accepting as true certain

additional misstatements made in Analog's Reply Brief.

In its Reply Brief, Analog argues that "Grabowski admits that LEDA [*i.e.*,

Analog] unconditionally repudiated its obligations to him . . . on June 10, 1998." (Rep., p. 2).

Moreover, Analog further argues that "[n]owhere thereafter in his pleading does Grabowski ever

allege that he understood LEDA ever to retract what he knew to be its repudiation of all of its

obligations to him." (Id.). Apparently accepting these arguments at face value, this Court has

likewise concluded in its Order that Analog "unconditionally repudiated its contractual

obligations to Grabowski in June 1998." (Order, p. 1).

Even a cursory examination of the pleadings, however, reveals that Analog's

arguments -- as relied upon by this Court -- are a misstatement of the record.  Indeed, contrary to

Analog's assertions, *Grabowski's Complaint expressly alleges that Analog did in fact retract its*

*repudiation of the Consulting Agreement some five months after the events of June, 1998:*

> On or about November 1, 1998, Grabowski returned an
> unsolicited telephone call from LEDA Systems' Founder,
> Chairman, and Chief Technical Officer, Vahram
> Mouradian ("Mouradian").  Mouradian told Grabowski that
> he had personally assumed responsibility for "paying you,"
> and that LEDA Systems was "going to pay you what we
> owe you [under the Consulting Agreement]."  After
> listening to Grabowski's explanation of what he was owed,
> Mouradian promised to "go back to the office and see what
> he can do" . . .

(Compl., ¶ 39).

Thus, whatever Grabowski may have feared would happen in June of 1998, he

was later personally contacted by Analog's Chairman in November who assured him that Analog

had *reversed its position* and now intended to honor all of its obligations to him under the

Consulting Agreement.  Grabowski's failure to receive immediate payments from Analog in the

aftermath of his conversation with Mouradian was not cause for doubting Mouradian's word. To

the contrary, Analog's payment obligations would not come due until certain lofty revenue

targets were met which Grabowski did not expect would realistically occur until far into the

future. See, e.g., (Compl., ¶¶ 14, 21). Moreover, because Grabowski made no attempt to

exercise any stock options following his conversation with Mouradian, he had no reason to

believe that Mouradian would fail to keep his word with respect to the stock options component

of his compensation.[2]

Given these express allegations about Analog's November, 1998 retraction of its

earlier contractual repudiation, it would be legal error for this Court to conclude that Grabowski

is chargeable with knowledge of an "unconditional repudiation" by Analog beginning in June of

1998. Indeed, as a matter of law, in the context of a Rule 12(b)(6) motion this Court must accept

all of the allegations pled in Grabowski's Complaint as true, and draw all reasonable factual

inferences from those allegations in Grabowski's favor. See, e.g., Cooperman, 171 F.3d at 46.

Applying these principles here, the Court is *required* to find that Grabowski reasonably could

have believed in November of 1998 -- and for a long period of time thereafter -- that Analog

intended to honor its obligations under the Consulting Agreement as had been newly promised

by Chairman Mouradian.

At the end of the day, Analog's Reply Brief at most raises a *factual dispute* under

the discovery rule of accrual about what Grabowski should have known and by when, which is

an issue properly to be determined only by a jury at a much later stage of these proceedings. See

Patsos v. First Albany Corp., 433 Mass. 323, 741 N.E. 2d 841, 847-52 (2001).

---

[2] Grabowski's legitimate confusion about Analog's intentions -- especially in light of Mouradian's retraction -- was
compounded by the fact that Analog's attorneys reneged on a promise to respond to Grabowski's attorney with a
clarification and explanation of Analog's position. See (Compl., ¶ 38).

## II.  CONCLUSION

For the foregoing reasons, Grabowski respectfully requests that this Court

reconsider and vacate that portion of its Order dated October 5, 2004, which dismisses Count III

(the Chapter 93A claim) of his Complaint as time-barred.

Dated:  October 8, 2004

> /s/ Marc N. Henschke
> Marc N. Henschke (BBO No. 636146)
> Karen Dahlberg
> ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
> 111 Huntington Avenue, Suite 1300
> Boston, Massachusetts 02199-7610
> Tel. (617) 267-2300
>
> *Counsel for Plaintiff, Ralph E. Grabowski*

35019003.1