UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RALPH E. GRABOWSKI,

        Plaintiff,

v.

QUALCORE LOGIC (ANALOG), INC.,

        Defendant.

No. 04-CV-10905 (MEL)

## QUALCORE LOGIC (ANALOG), INC.'S OPPOSITION
## TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Apparently conceding that his Chapter 93A claim arising from events occurring in 1998 is time-barred,[1] Grabowski attempts to salvage his claim by asserting that purported "misstatements of the record" caused this Court to err in failing to find that his 93A claim is somehow resurrected by the 2003 merger of Analog's successor-in-interest (LEDA Systems, Inc.) into a corporate entity now dismissed as a party to this case. As this Court correctly reasoned, however, Grabowski's claim to LEDA System options unambiguously arose in June, 1998 when Analog — by Grabowski's own admission — "repudiated" its obligations to him by allegedly failing to issue options and refusing to exercise options that Grabowski purported to own upon his request. *See* Complaint ¶¶ 33-38. Nor can Grabowski salvage his claim by relying on *ex post hoc* assertions of his purported belief[2] that his grievances would be redressed

---

[1] Beginning on page 2 of his Motion for Reconsideration, Grabowski argues that his Chapter 93A claim should survive because it "is premised not just on repudiation of the Consulting Agreement in 1998, *but also on breaches of the Merger Agreement and related wrongdoing that occurred in 2003* (emphasis added)." Contrary to Grabowski's hyperbolic assertions, Analog directly addressed and dispensed with this issue in its original Reply Brief.

[2] Rather than seeking reconsideration based on the allegations of his Complaint, Grabowski salts his Motion with unsubstantiated assertions of "facts" nowhere in the relevant record. Of

FHBOSTON/1121490.2

following a conversation he allegedly had with Vahram Mouradian in November, 1998. In fact, even if Mouradian had authority to give Grabowski what he wanted — and there is no allegation in Grabowski's Complaint that he did — nothing ever came of it, as Grabowski well knew long before the limitations periods on his Chapter 93A claim had expired. As the four-year limitations period in fact expired years before Grabowski filed his claim to, *inter alia*, stock options, the Court properly dismissed the Chapter 93A claim as time-barred and should not modify that ruling now.

I.   **THE 2003 EVENTS ALLEGED CANNOT REVIVE PLAINTIFF'S CLAIMS TO OPTIONS UNAMBIGUOUSLY REPUDIATED BY LEDA IN 1998**

Grabowski tries to resuscitate his dead Chapter 93A claim by arguing that independent wrongs occurred in 2003. Where, as here, however, Grabowski's claim to options was, by his own admission, entirely repudiated in 1998, the claim was barred long before late 2003 and nothing that occurred in 2003 revived it.

As Grabowski effectively concedes in his motion papers, his only hope for overcoming the four-year limitations period is the 2003 merger of LEDA Systems, Inc. ("LEDA") into QualCore Logic (Analog), Inc. ("Analog"). *See* Motion for Reconsideration at 2-3. More specifically, *all* violations of Chapter 93A that allegedly occurred after 1998 involved the purported mishandling during the 2003 merger of Grabowski's claimed rights as either an optionholder or a shareholder of LEDA. *See id.*; *see also* Complaint ¶ 43. But, as Grabowski — by his own admission — had no claim to options or shares of LEDA stock since 1998, any alleged failure or refusal by LEDA to change its position and issue Grabowski options or stock in 2003 was nothing more than the logical outcome of the 1998 repudiation. In effect, Grabowski

---

course the Court should not — in deciding a motion brought pursuant to Rule 12(b)(6) — take into account allegations of the plaintiff not pleaded.

seeks to make out a 93A claim by pointing to a non-event that, of course, did not take place in view of the 1998 repudiation. This is nonsense and the court should not buy into Grabowski's flawed logic.

As the Court correctly held, any claim Grabowski may have had as a LEDA optionholder accrued by virtue of the 1998 repudiation, and his failure to assert his 93A claim in a timely manner precludes him from recovering on such a claim now. *See* Complaint ¶ 34 (asserting that LEDA "made clear" in June 1998 that it was repudiating its obligations to Grabowski); Complaint ¶ 38 (asserting that Grabowski knew at that point that it was "futile" to attempt to exercise any stock options); Complaint ¶ 36 (assertions by Grabowski's attorney in June 1998 that LEDA's refusal to meet its claimed obligations to Grabowski constituted Chapter 93A violation).

II. **THE ALLEGED CALL FROM MOURADIAN IN NOVEMBER 1998 DOES NOT EXTEND ACCRUAL OF GRABOWSKI'S 93A CLAIM**

Grabowski also seeks to salvage his Chapter 93A claim by falling back on what he "expected" or "had reason to believe" in connection with an alleged November 1998 conversation with Vahram Mouradian — five and a half years before Grabowski filed suit. Grabowski's gambit is disingenuous on its face.

As an initial matter, Grabowski nowhere alleges in his complaint that Mouradian had authority from LEDA to retract the repudiation. To the contrary, Grabowski alleges that Mouradian "personally" assumed responsibility for paying him. Complaint ¶ 39. Grabowski's own allegations plainly establish that Mouradian's statements could not have led him to believe LEDA had retracted its unambiguous repudiation.

Even if Mouradian's alleged statements were to be attributed to the company, they do not toll the statute of limitations indefinitely. Perhaps Mouradian's statements in November 1998

gave Grabowski some hope that LEDA would pay him despite its repudiation just a few months earlier, but any such hope surely began to falter within a few weeks, when Grabowski heard nothing further from Mouradian. Grabowski's hope must have seriously diminished within a few months. By the middle of 1999 there could not have been much reasonable basis for hope at all. By November 1999, after a year's silence, Grabowski cannot have reasonably believed LEDA intended to pay any of the disputed obligations. And certainly by May 2000, four years before he filed suit, Grabowski had no reasonable belief that Mouradian's unsolicited and solitary 1998 phone call would ever result in payment.

While the Court must take Grabowski's allegations at face value and grant him reasonable inferences, the Court must also rule on the basis of the allegations actually set forth in the Complaint, not on the basis of arguments surfaced for the first time in October, 2004 as to Grabowski's "expectations" and "beliefs." On the facts alleged, it would be patently unreasonable for the Court to infer that Grabowski still harbored some hope of compensation in May 2000 on the basis of a single unsolicited phone call in November 1998 from an individual acting in his personal capacity, particularly when all of Grabowski's official interactions with LEDA established in no uncertain terms that LEDA had repudiated its alleged obligations to him and that it would be futile for him to seek any further compensation. As there is no factual dispute that Grabowski knew in June, 1998 that his claims had been repudiated by the defendant company, the Court's original ruling dismissing Grabowski's 93A claim should stand.

**CONCLUSION**

For the foregoing reasons, and for the reasons previously set forth in Analog's briefing in support of its Motion to Dismiss Count III, Analog respectfully requests that this Court deny Grabowski's motion for reconsideration.

> Respectfully submitted,
>
> QUALCORE LOGIC (ANALOG), INC.,
>
> By Its Attorneys,
>
> /s/ Michele A. Whitham
> Michele A. Whitham, BBO # 553705
> John M. Gransky, BBO # 647086
> Foley Hoag LLP
> 155 Seaport Boulevard
> World Trade Center West
> Boston, MA 02210-2600
> (617) 832-1000

Dated: October 22, 2004