UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RALPH E. GRABOWSKI,

    Plaintiff,

v.

QUALCORE LOGIC (ANALOG), INC.,

    Defendant.

No. 04-CV-10905 (MEL)

ORAL ARGUMENT REQUESTED

**MEMORANDUM IN SUPPORT OF QUALCORE LOGIC (ANALOG), INC.'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

This lawsuit is grounded in plaintiff Ralph E. Grabowski's ("Grabowski") claim that Defendant QualCore Logic (Analog), Inc.'s ("Analog")[1] predecessor-in-interest LEDA Systems, Inc. ("LEDA") breached a 1997 Consulting Agreement ("Agreement") in failing to pay cash amounts and issue stock options allegedly due Grabowski under the Agreement. The Agreement in question is, on its face, a loose collection of four pages, comprised (according to Grabowski) of a "temporary"[2] two-page consulting agreement and two alleged amendments thereto, all of which -- taken individually and collectively -- lack any integration clause, definitions or other corporate formalities sufficient to cure the facial ambiguities of the document. These pages are all on Grabowski's letterhead and were, on their face, drafted in the first instance by Grabowski. (Kurtz Aff., Ex. B).

Analog submits this memorandum in support of its motion to compel production of two categories of documents sought in the course of discovery in the case and plainly relevant to

---

[1] Grabowski and Analog are collectively referenced herein as the "Parties."

[2] Complaint ¶ 12. (A copy of the Complaint is attached as Exhibit A to the Affidavit of David C. Kurtz ("Kurtz Aff."), submitted herewith.).

elucidating the Parties' competing claims and defenses regarding the proper interpretation to be given to the Agreement: (1) documents reflecting agreements (including compensation arrangements) that Grabowski entered into (or sought to enter into) with third parties in connection with his provision of services as a temporary Marketing Consultant or Vice President of Marketing, the roles he claims he held with LEDA; and (2) documents concerning services provided by Grabowski similar to those he (allegedly) provided to LEDA. These documents are sought by Analog because they will confirm or deny certain allegations made by Grabowski in his Complaint, are relevant to establishing Analog's affirmative defenses to Grabowski's claims and/or are relevant as a matter of law to the Court's interpretation of the facially ambiguous Agreement and its determination of whether or not Grabowski himself complied with its terms (and thus earned the disputed compensation).

As the Parties have already agreed to the terms of a Confidentiality Agreement and Protective Order in this matter,[3] there is no risk of disclosure of the documents requested to the extent they are deemed to be proprietary or confidential. Nor has Grabowski ever asserted a claim of privilege with regard to any of these documents. Although Analog has engaged in telephonic conferences and provided detailed written explanations of these documents' relevance to the litigation, Grabowski has stood steadfast in his unjustified refusal to produce. As Grabowski's deposition is noticed to take place on September 21, 2005, Analog has no alternative but to move this Court to compel Grabowski promptly to produce the documents for the reasons set forth below.

---

[3] The Parties submitted the agreed to form of Order to the Court on January 4, 2005.

## Factual Background of the Discovery Dispute[4]

Grabowski is a "professional Marketing Consultant and VP of Marketing for start-up companies." (Complaint ¶ 8). He "has historically been retained by start-up technology companies under temporary consulting contracts to serve as their initial Vice President of Marketing." (Id. ¶ 10.) Grabowski claims to have achieved great success for the companies which have retained him, allegedly "launch[ing] new products, new companies, and new fields of technology that became worth in excess of ten billion dollars." (Id. ¶ 9).

Based in part upon Grabowski's claims of success and alleged experience with other clients, LEDA entered into a business relationship with Grabowski whereby he would provide consulting services to LEDA.[5] (Amended Answer, ¶ 6) (Kurtz Aff., Ex. C). In accordance with Grabowski's "historical" practice with start-up technology companies, various terms of the Parties' business relationship were memorialized in a "temporary" consulting agreement that, as allegedly amended, is the Agreement that Grabowski is now suing on. (Complaint ¶¶ 12-42 & Ex. A).

By his own account, Grabowski's claims -- all of which sound in contract or quasi-contract -- arise out of his reading of various provisions of the Agreement. (Id.) Analog's defenses arise out of its contrary claims that the Agreement (which lacks an integration clause and other corporate formalities) fails on its face unambiguously to memorialize the business arrangement between LEDA and Grabowski, and in any event, because of a failure of a meeting

---

[4] Analog's recitation of the facts relevant to this Motion to Compel is drawn from the pleadings in this case, including Grabowski's admissions in his Complaint. Analog accepts Grabowski's version of the facts recited in this Motion as true for purposes of this Motion only.

[5] Analog seeks documents related to Grabowski's work for other clients, in part, to test his claims of expertise. Analog has raised affirmative defenses of unjust enrichment, unclean hands and estoppel (Amended Answer, Aff. Defs. 6-8) (Kurtz Aff., Ex. C). To the extent that Grabowski did not truthfully portray his experience when negotiating his consulting arrangement with LEDA, his claims may be barred.

of the minds between the Parties, the Agreement has been subject to interpretative disputes dating back to 1997. (Amended Answer, ¶¶ 6, 7, 12-22 and Aff. Def. 11 (barred for failure of meeting of minds)).

In addition, Analog has defended against Grabowski's claims by asserting Grabowski misrepresented his qualifications to enter into the Agreement in the first place and ultimately failed to perform as promised. (Id., ¶¶ 46 & 51 and Aff. Defs. 6-8, 17 & 19 (unjust enrichment, unclean hands, estoppel and "unworkmanlike performance")). Grabowski, for his part, alleges that his claims are colorable because he "performed all of his obligations arising under the Consulting Agreement" and that he "at all times conducted himself in such a manner so as not to deprive Defendants of the benefits of their bargain under the Consulting Agreement . . . ." (Complaint, ¶¶ 46 & 51).

As set forth more fully below, the requested discovery is reasonably likely to lead to the discovery of admissible evidence relevant to each of these claims and defenses.

### Procedural Background

On January 21, 2005, Analog served its "First Set of Requests for Production of Documents and Things" ("Analog's Document Requests") upon Grabowski. (Kurtz Aff., Ex. D). Grabowski served his written responses to Analog's Document Requests on February 23, 2005 (Kurtz Aff., Ex. E) and provided documents he deemed responsive on March 24, 2005. On April 15, 2005, counsel engaged in a telephonic conference regarding various discovery issues. During that conference, Analog informed counsel for Grabowski of Analog's objection to Grabowski's refusal to produce relevant documents reflecting his business dealings with third parties. Counsel for the parties discussed discovery issues again in a May 20, 2005 conference call during which counsel relayed their objections to the other party's document productions.

Counsel agreed during that phone call to exchange written objections to one another's productions before engaging in motion practice.

On July 21, 2005, Analog served its written objection to Grabowski's production. Grabowski responded in a letter dated July 25, 2005, declaring that he "stands by his objections to producing the categories of documents addressed" in Analog's July 21, 2005 letter. Accordingly, Analog has filed this motion to compel relevant discovery from Grabowski.

### Argument

Pursuant to Fed R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The discovery that Analog seeks meets the standard of relevance contained in Rule 26(b)(1) and is not privileged, and this Court should thus order Grabowski to produce it.

I. **GRABOWSKI HAS UNJUSTIFIABLY REFUSED TO PRODUCE CONSULTING AGREEMENTS (AND RELATED DOCUMENTS SHOWING HIS COMPENSATION ARRANGEMENTS WITH THIRD PARTIES) REASONABLY LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE IN THIS MATTER**

Analog has requested Grabowski to produce consulting agreements and related documents reflecting the terms (including the compensation arrangements) that he entered into (or sought to enter into) with third parties in connection with his provision of services as a Marketing Consultant or a VP of Marketing, the roles he claims he performed for LEDA. In particular, Analog seeks:

1. Copies of consulting agreements he has drafted for other prospective or actual clients that incorporate any or all terms similar or identical to the terms in the Consulting Agreement (Request No. 9);

2. Copies of documents concerning the compensation arrangements (whether as cash, option, stock, royalties, or any other form) set forth in all other consulting arrangements drafted by Mr. Grabowski for any prospective or actual client of Mr. Grabowski's that incorporate any or all terms similar or identical to the terms in the Consulting Agreement (Request No. 10);

3. All contracts for Mr. Grabowski's services as a Marketing Consultant or VP of Marketing (Request No. 53);

4. All form or model contracts that he has used for his services as a Marketing Consultant or VP of Marketing (Request No. 55); and

5. All documents and tangible things concerning the methods, structures, or forms of compensation (whether as cash, options, stock, royalties, or otherwise) charged by him to any client for his services as a Marketing Consultant or VP of Marketing (Request No. 56).

Such documents are relevant as a matter of law to interpreting the unintegrated, ambiguous Consulting Agreement. *See* American Homes Assurance Co. v. Fore River Dock & Dredge, Inc., 321 F. Supp. 2d 209, 216 (D. Mass. 2004) ("If a contractual term is ambiguous, then consideration of parol evidence is appropriate."); USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass. App. Ct. 108, 116 (1989) ("Extrinsic evidence bearing upon the background and purpose of the parties, as well as their understanding of the meaning of particular language used in the contract, may be considered both in the construction of ambiguous contract language and in resolving uncertainties in applying the terms of the written contract to the subject matter."). More particularly, the law is clear that prior contracts of a party with third persons may show customary practice and course of dealing and be highly probative of the terms of an agreement presently at issue. Thus, to the extent similar agreements between Grabowski and other clients have been interpreted by the parties to those agreements, those interpretations may inform the interpretation of the terms of this Consulting Agreement.[6] *See, e.g.*, Warner Bros. Inc. v. Curtis

---

[6] Moreover, in response to Grabowski's claim that the Consulting Agreement merely "memorialized" the parties' agreement (Complaint ¶ 22), the requested discovery may show, as Analog alleges, that Grabowski conceptualized the terms of the Consulting Agreement and drafted the language in question. This resolution of the "authorship

B3076509.5                                                  - 6 -

Mgmt. Corp., 1995 WL 420043, at *12 (C.D. Cal. Mar. 31, 1993) ("Evidence of parties' actions under identical provisions in other contracts is relevant to aid in the interpretation of a contract because it shows course of conduct."); Cibro Petroleum Prods., Inc. v. Sohio Alaska Petroleum Co., 602 F. Supp. 1520, 1551 (N.D.N.Y. 1985), aff'd, 798 F.2d 1421 (1986) ("a party's business transactions with third parties is relevant to prove the meaning of a contract in appropriate cases"); LaPlante v. Estano, 2005 WL 1125674 (D. Conn. May 12, 2005) ("contracts of a party with third persons may show the party's customary practice and course of dealing and thus supply useful insights into the terms of the present agreement") (citing McCormick on Evidence § 1998, at 699 (5th Ed. 1999). Moreover, the information may even be admissible "as tending to prove that [the plaintiff] made the same bargain or proposal in the litigated situation." Id. (citing Fed. R. Civ. P. 406, advisory committee's notes, 1972 proposed rules). Viewed in this legal context, there is no reasonable basis on which Grabowski can fail to produce the requested contracts as reasonably likely to illuminate the interpretation of the Consulting Agreement.

By way of illustration of the application of this doctrine to the resolution of the Parties' competing positions in this case, the Consulting Agreement contains a "Fee Schedule" which sets forth a provision entitled "Packaging for Fund Raising."[7] (Id., Ex. A). The provision states:

---

question" in the case would permit Analog to rely in interpreting the Consulting Agreement upon the black letter law principle that an ambiguous agreement be construed against the drafter. Albertini v. Summit Technical Servs., Inc., 287 F. Supp. 2d 92, 98 (D. Mass. 2003) ("[T]he general rule in Massachusetts is that any doubt concerning the interpretation of a contract term should be construed against the drafter of the contract."); ER Holdings, Inc. v. Norton Co., 735 F. Supp. 1094, 1100 (D. Mass. 1990) ("Massachusetts law construes ambiguous contractual language against the drafter.")

[7] In a letter dated July 25, 2005, Grabowski's counsel effectively conceded that the "Packaging for Fund Raising" provision in the Consulting Agreement is ambiguous. In that same letter, counsel tried to deflect Analog's discovery requests by asserting that Grabowski intends to confirm in his deposition that he has never agreed to a similar provision with any other client. Counsel's representations are a *non sequitur*. It is black letter law that deposition testimony that may call into doubt the relevance of a requested document does not deprive a party of its right to that document through the discovery process. See Alvarez v. Wallace, 107 F.R.D. 658, 660 (W.D. Tex. 1985) ("Defendants seem to argue that if they swear at deposition that a fact does not exist, then Plaintiff is foreclosed from seeking documentary verification. The Court takes exception to any such contention as it contradicts the basic

| | |
|---|---|
| *PACKAGING FOR*<br>*FUND RAISING* | Initial Fee of $20,000 to $150,000, plus<br>10% of the first $2 million, plus<br>5% of the next 2 million, plus<br>4% of the next 2 million, plus<br>3% of the next 2 million, plus<br>2% of any amount over $8 million |

(Id.) The phrase "Packaging for Fund Raising," however, is not defined anywhere in the Agreement, there is no interpretative guidance provided anywhere on the face of the Fee Schedule and the Parties vigorously contest its meaning. (Id.) Grabowski claims that the provision memorializes LEDA's agreement to pay him "a royalty percentage in perpetuity of any and all funds that it was to receive in the future, whether in the form of revenue or of proceeds from any debt or equity offerings." (Id., ¶ 21(ii)). Analog has denied Grabowski's interpretation, answering that no agreement was reached to pay Grabowski any "royalty percentage" (a term which appears nowhere in the Agreement) or any such payments in connection with revenues, debt or equity received. (Amended Answer, ¶ 21). The documents requested will permit defendants to discover, among other things, in what context and by what calculus Grabowski had been paid in the past for "Packaging for Fundraising," including whether this concept has ever been parsed as a perpetual royalty.

By way of further example, the Fee Schedule also contains a provision entitled "Terms." (Complaint, Ex. A). The "Terms" provision references payment terms for "established clients" versus "new clients" -- which are themselves undefined terms -- and states, among other things, "Valid through 1997." (Id.) It is Analog's contention that the Agreement and its obligations have not been in effect -- on the Agreement's face -- since December 31, 1997, and thus that

---

tenets of the discovery process. . . ."); *see also* Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 306 (D. Kan. 1996) ("That a party has obtained information upon deposition generally does not trump a duty to produce documents. A document may carry more weight or information than the testimony."). Indeed, it is *Analog* who has the right to determine what documents may support its defenses. This Court should compel Grabowski to produce the requested, highly relevant third party agreements.

B3076509.5                                           - 8 -

Grabowski's "claims are barred by termination of the contract, precluding recovery of amounts owing for services performed, or events purportedly giving rise to compensation claims occurring, after termination." (Amended Answer, Aff. Def. 13). Grabowski, however, contends that he is entitled to a "royalty percentage" on all payments made to LEDA or its successors-in-interest for perpetuity. (Complaint, ¶ 21(ii)). The documents requested will permit Analog to discover whether Grabowski has included such time restrictions in other agreements and how such limitations have affected his right to payments beyond the time limitation expressed.

## II.   GRABOWSKI HAS UNJUSTIFIABLY REFUSED TO PRODUCE DOCUMENTS CONCERNING SERVICES PROVIDED BY HIM SIMILAR TO THOSE HE PROVIDED TO LEDA

Analog has also requested Grabowski to produce documents concerning services provided by him similar to those he (allegedly) provided to LEDA. Specifically, Mr. Grabowski has failed to provide copies of the following relevant documents:

1. Documents and tangible things sufficient to identify the nature of professional Marketing Consultant or VP of Marketing services Grabowski has provided to any and all clients (Request No. 54); and

2. E-mail correspondence sent or received by him during the period January 1997 to July 1997 concerning any professional or business-related activity (Request No. 23) and copies of all documents and tangible things concerning inquiries or requests for his professional services from potential or actual clients during the time period 1996 to 1998 (Request No. 57).

In his Complaint, Grabowski alleges that he "performed all of his obligations arising under the Consulting Agreement" and that he "at all times conducted himself in such a manner so as not to deprive Defendants of the benefits of their bargains under the Consulting Agreement . . . ." (Complaint ¶¶ 46 & 51). Analog has not only specifically denied Grabowski's claims of proper performance (Amended Answer, ¶¶ 46 & 51), but has affirmatively defended itself by

pleading that Grabowski's claims should be dismissed (1) "on the ground the he failed to perform under the contract"; and (2) "because of unworkmanlike performance by plaintiff." (Id., Affirmative Defenses 17 & 19). His professional activities during the time period he was purportedly performing services for LEDA is clearly relevant to this dispute, as they will help shed light on whether or not Grabowski did, in fact, properly dedicate himself to fulfilling the terms of the Consulting Agreement. In addition, Analog is entitled to test Grabowski's allegations with respect to his work for other clients (e.g., Complaint ¶¶ 9-10) as LEDA relied on his representations regarding his credentials and work experience in deciding to engage Mr. Grabowski. (Complaint, ¶ 11). If he misrepresented his credentials and work experience, his claims may be barred by Analog's affirmative defenses of unjust enrichment, unclean hands and estoppel.[8]

---

[8] Grabowski has asserted through counsel in his July 25th letter that Analog's requests are overbroad because they are not limited to the time period covered by the Consulting Agreement. His argument is meritless. First, Analog contends that Grabowski's self-described work history predating its decision to enter into an agreement with him induced LEDA to enter into that agreement. Second, documents reflecting inquires or requests for his professional services in 1996 through 1998 -- the years preceding, during and following the term of the Consulting Agreement -- will provide evidence as to events that took place in 1997. Analog formed that request narrowly to ensure the receipt of all relevant documents relating to the contract year while avoiding overbreadth in its request. Grabowski's further contention that the documents are irrelevant because the Consulting Agreement does not contain an exclusivity or "full-time" clause is also without merit. The law is clear that parties to a contract like the Consulting Agreement owe one another a duty of good faith and fair dealing. If Grabowski did not dedicate enough time to his work for LEDA due to his obligations to third parties, such fact would be highly relevant in determining whether Grabowski fulfilled his duties as he claims he did, and as Analog claims he did not.

## CONCLUSION

For the foregoing reasons, Analog respectfully requests that this Court compel Grabowski to produce the documents described above.

Respectfully submitted,

QUALCORE LOGIC (ANALOG), INC.;

By its attorneys,

---
Michele A. Whitham, BBO # 553705
David C. Kurtz, BBO # 641380
John M. Gransky, BBO # 647086
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: August 8, 2005

## CERTIFICATE OF SERVICE

I, David C. Kurtz, hereby certify that a true copy of the above document was served, by hand on August 8, 2005, upon Marc N. Henschke, Robins, Kaplan, Miller & Ciresi LLP, 800 Boylston Street, 25th Floor, Boston, MA 02199, counsel of record for Plaintiff Ralph E. Grabowski.

---
David C. Kurtz, Esquire

B3076509.5               - 11 -