# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

July 25, 2005

*VIA FACSIMILE & FIRST CLASS MAIL*

David C. Kurtz, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

    Re:    ***Ralph E. Grabowski v. QualCore Logic (Analog), Inc. et al.***
              **Civil Action No. 04-CV-10905 MEL (D. Mass.)**
              **Our File No.  070638-0000**

Dear David:

    We find your letter to me dated July 21, 2005 unpersuasive in its attempts to demonstrate that Mr. Grabowski has a legal obligation to produce materials relating to all of his business dealings over the years with other non-party clients who have no relationship to Analog nor to any of the factual events underlying his dispute with Analog in this case. Simply put, the Analog document requests calling for such materials seek irrelevant information and are grossly overbroad on their face.

### Third Party Agreements

    You argue that Mr. Grabowski is obligated to produce in this case every actual or prospective consulting agreement that he has ever had with any client throughout his entire career.

    According to your letter, these non-Analog-related agreements are "undoubtedly relevant" because, if they contain any "terms similar or identical, to the terms in the Consulting Agreement" at issue here, they would tend to prove that Mr. Grabowski must have been the draftsman of the parties' Consulting Agreement. But the record in this case already contains the best direct evidence dispositive to the issue of establishing draftsmanship. Indeed, both parties have produced documents constituting their actual negotiation of the Consulting Agreement from which the authorship of its various provisions is readily ascertainable. Incidentally, contrary to your mischaracterization of Mr. Grabowski as principal draftsman (as opposed to mere scrivener), this negotiation history clearly shows that Greg Peterson requested or suggested

David C. Kurtz, Esq.
July 25, 2005
Page 2

virtually every provision that made its way into the final signed version of the Consulting Agreement.

Your letter also goes on to provide a skimpy string cite of non-precedential cases from outside of Massachusetts that address the limited relevance of third party agreements under certain circumstances not present here. As a matter of law, a resort to such extrinsic evidence can only be appropriate with respect to ambiguous contract provisions. In the present case, the only (arguably) ambiguous contract term in dispute by the parties is the one relating to Mr. Grabowski's royalty percentage payments. Yet rather than appropriately targeting third party agreements that feature a similar royalty percentage payment provision, Analog's grossly overbroad document requests seek all third party agreements containing "any or all terms similar or identical to the terms in the Consulting Agreement," -- *i.e.*, even those terms that are not ambiguous and not in dispute.

In any event, as Mr. Grabowski will confirm in his deposition, there is no other client with whom he has ever agreed to a royalty percentage payment provision that is similar or identical to the one contained in his Consulting Agreement with Analog.

### Third Party Compensation Agreements

You argue that Mr. Grabowski is obligated to produce in this case every document reflecting "any or all" compensation arrangements relating to consulting that he has ever had with any client throughout his career.

The discussion set forth above regarding the overbroad nature of Analog's request for third party agreements applies equally here, since once again the only (arguably) ambiguous compensation provision in the parties' Consulting Agreement is the one relating to Mr. Grabowski's royalty percentage payment. Moreover, Mr. Grabowski will confirm in his deposition that he has never had such a compensation arrangement with any client other than Analog.

### Services Provided To Third Parties

You argue that Mr. Grabowski is obligated to produce in this case documents sufficient to identify the nature of all professional services that he has ever provided to any client throughout his career.

According to your letter, the relevance of such documents is that they might tend to prove that Mr. Grabowski deprived Analog of the benefit of its bargain under the Consulting Agreement by showing that he did not "fully dedicate himself to fulfilling" his contractual obligations to Analog. These contentions are frivolous. As an initial matter, Analog's document requests are grossly overbroad because they are not limited to the time period covered by the Consulting Agreement. In any event, even with respect to that time period, they call for

David C. Kurtz, Esq.
July 25, 2005
Page 3


irrelevant information because the Consulting Agreement nowhere afforded Analog the right to full-time performance or exclusivity from Mr. Grabowski.

    In light of the above, Mr. Grabowski stands by his objections to producing the categories of documents addressed in your letter. Nonetheless, we would be happy to engage in a telephone conference if you believe that further discussions of these matters could be useful in narrowing or resolving our differences.

                                    Sincerely,

                                    Marc N. Henschke

MNH:nah

35025162