# Exhibit A



# FOLEY HOAG LLP
ATTORNEYS AT LAW

David C. Kurtz
Boston Office
617.832.1225
dkurtz@foleyhoag.com

July 21, 2005

**VIA FACSIMILE: (617) 267-8288**
**AND FIRST CLASS MAIL**

Marc N. Henschke, Esquire
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street
25th Floor
Boston, MA 02199

    Re:    *Ralph E. Grabowski v. QualCore Logic (Analog), Inc. et al.*
           Civil Action No. 04-10905-MEL (D. Mass.)

Dear Marc:

    This letter follows up on our previous conversations regarding various deficiencies in Mr. Grabowski's document production and constitutes this firm's notice to you, pursuant to Fed. R. Civ. P. 37(a) and Loc. R. 37.1, of defendant's intention to seek to compel discovery if we are unable to resolve these matters. Specifically, we write to object to Mr. Grabowski's general refusal to produce *any* documents relating to his business dealings with third parties. As discussed in detail below, it is Analog's position that Mr. Grabowski's general refusal is unfounded and that the objections posed in his response to Analog's First Set of Document Requests in support of that general refusal are not sustainable as a matter of law.

### Third Party Agreements

    Analog objects to Mr. Grabowski's refusal to provide documents reflecting agreements that he entered into (or sought to enter into) with third parties in connection with his provision of services as a Marketing Consultant or a VP of Marketing. Specifically, Mr. Grabowski has refused to provide the following relevant documents:

1. Copies of consulting agreements he has drafted for other prospective or actual clients that incorporate any or all terms similar or identical to the terms in the Consulting Agreement (Request No. 9);

2. All contracts for Mr. Grabowski's services as a Marketing Consultant or VP of Marketing (Request No. 53); and

B3051087.3

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP          BOSTON                    WASHINGTON, DC                www.foleyhoag.com

PAGE 2/5 * RCVD AT 7/21/2005 3:38:25 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/0 * DNIS:612 * CSID:617 832 7000 * DURATION (mm-ss):01-04

Marc N. Henschke, Esquire
July 21, 2005
Page 2

3. All form or model contracts that he has used for his services as a Marketing Consultant or VP of Marketing (Request No. 55).

Such contracts are undoubtedly relevant. *Mr. Grabowski* drafted the Consulting Agreement and it is, of course, black letter law that the terms of any such agreement are to be construed against the drafter. Mr. Grabowski claims, however, that the Consulting Agreement merely "memorialized" the parties' agreement. (Complaint ¶ 22). To the extent that language similar or identical to that in the Consulting Agreement appears in Mr. Grabowski's agreements with other clients, such agreements will evidence that, in fact, it was he who conceptualized the Agreement's terms and drafted the language in question.

Moreover, to the extent that similar agreements drafted by Mr. Grabowski have been interpreted by the parties to those agreements, those interpretations may inform the Court's interpretation of the terms of this Consulting Agreement. In this regard, the law is clear that contracts of a party with third persons may show customary practice and course of dealing and be highly probative of the terms of an agreement at issue. See, e.g., Warner Bros. Inc. v. Curtis Mgmt. Corp., 1995 WL 420043, at *12 (C.D. Cal. Mar. 31, 1993) ("Evidence of parties' actions under identical provisions in other contracts is relevant to aid in the interpretation of a contract because it shows course of conduct."); Cibro Petroleum Prods., Inc. v. Sohio Alaska Petroleum Co., 602 F. Supp. 1520, 1551 (N.D.N.Y. 1985), aff'd, 798 F.2d 1421 (1986) ("a party's business transactions with third parties is relevant to prove the meaning of a contract in appropriate cases"); LaPlante v. Estano, 2005 WL 1125674 (D. Conn. May 12, 2005) ("contracts of a party with third persons may show the party's customary practice and course of dealing and thus supply useful insights into the terms of the present agreement") (citing McCormick on Evidence § 1998, at 699 (5th Ed. 1999). Moreover, the information may even be admissible "as tending to prove that [the plaintiff] made the same bargain or proposal in the litigated situation." Id. (citing Fed. R. Civ. P. 406, advisory committee's notes, 1972 proposed rules). Viewed in this legal context, there is no reasonable basis on which Mr. Grabowski can fail to produce the requested contracts.

### Third Party Compensation Arrangements

Analog objects to Mr. Grabowski's failure to provide copies of documents concerning his compensation arrangements with other clients. Specifically, Mr. Grabowski has failed to provide copies of the following relevant documents:

1. Copies of documents concerning the compensation arrangements (whether as cash, option, stock, royalties, or any other form) set forth in all other consulting arrangements drafted by Mr. Grabowski for any prospective or actual client of Mr. Grabowski's that incorporate any or all terms similar or identical to the terms in the Consulting Agreement (Request No. 10); and

B3051087.3

PAGE 3/5 * RCVD AT 7/21/2005 3:38:25 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/0 * DNIS:612 * CSID:617 832 7000 * DURATION (mm-ss):01-04

Marc N. Henschke, Esquire
July 21, 2005
Page 3

    2.    All documents and tangible things concerning the methods, structures, or forms of compensation (whether as cash, options, stock, royalties, or otherwise) charged by him to any client for his services as a Marketing Consultant or VP of Marketing (Request No. 56).

Compensation-related documents are clearly relevant in this action. Mr. Grabowski has made various allegations regarding the compensation he believes he is owed under the Consulting Agreement. Analog has denied Mr. Grabowski's allegations. For the reasons stated at page 2 above, the compensation arrangements that Mr. Grabowski has entered into with other clients may shed light on the proper interpretation of the compensation arrangement set forth in the Consulting Agreement, particularly if they have been interpreted by the parties. Also as noted above, the legal principles cited in Warner Bros., Cibro Petroleum and LaPlante compel production of the requested compensation documentation.

### Services Provided by Mr. Grabowski Similar to Those He Provided to LEDA

Analog objects to Mr. Grabowski's failure to provide copies of documents concerning services provided by him similar to those he (allegedly) provided to LEDA. Specifically, Mr. Grabowski has failed to provide copies of the following relevant documents:

    1.    Documents and tangible things sufficient to identify the nature of professional Marketing Consultant or VP of Marketing services Grabowski has provided to any and all clients (Request No. 54); and

    2.    E-mail correspondence sent or received by him during the period January 1997 to July 1997 concerning any professional or business-related activity (Request No. 23) and copies of all documents and tangible things concerning inquiries or requests for his professional services from potential or actual clients during the time period 1996 to 1998 (Request No. 57).

In his Complaint, Mr. Grabowski alleges that he "performed all of his obligations arising under the Consulting Agreement" and that he "at all times conducted himself in such a manner so as not to deprive Defendants of the benefits of their bargains under the Consulting Agreement . . . ." (Complaint ¶¶ 46 & 51). Mr. Grabowski's professional activities during the time period he was purportedly performing services for LEDA is clearly relevant to this dispute, as they will help shed light on whether or not Mr. Grabowski did, in fact, fully dedicate himself to fulfilling the terms of the Consulting Agreement. In addition, Analog is entitled to test Mr. Grabowski's allegations with respect to his work for other clients (e.g., Complaint ¶¶ 9-10) as LEDA relied on his representations regarding his credentials and work experience in deciding to engage Mr. Grabowski.

B3051087.3

PAGE 4/5 * RCVD AT 7/21/2005 3:38:25 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/0 * DNIS:612 * CSID:617 832 7000 * DURATION (mm-ss):01-04

07/21/2005 04:37   617-832-7000   FOLEY HOAG LLP   PAGE 05/05

Marc N. Henschke, Esquire
July 21, 2005
Page 4

      In accordance with Local Rule 37.1, we request that a telephonic discovery conference be held to discuss the issues raised in this letter as promptly as possible and no later than fourteen (14) calendar days of this request. Please contact me at (617) 832-1225 to schedule this conference.

      Very truly yours,

      David C. Kurtz

cc:   QualCore Logic (Analog), Inc.
      Michele A. Whitham, Esquire
      John M. Gransky, Esquire

B3051087.3
PAGE 5/5 * RCVD AT 7/21/2005 3:38:25 PM [Central Daylight Time] * SVR:MP-RIGHTFAX/0 * DNIS:612 * CSID:617 832 7000 * DURATION (mm-ss):01-04



# FOLEY HOAG LLP
ATTORNEYS AT LAW

# Fax

| | | |
|---|---|---|
| Date: | July 21, 2005 | |
| To: | Marc N. Henschke, Esquire    Fax #: (617) 267-8288 | Confirm#: (617) 267-2300 |
| Client Matter#: | 25540-2 | |
| From: | David C. Kurtz    Sender's Number: 617-832-1225 | User #: 8906 |
| Total Pages Sent (Including Cover Sheet): | 05 | Office: Boston |

**Message**

**IMPORTANT — PLEASE READ**
THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE TELEPHONE THE SENDER.

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP     BOSTON     WASHINGTON, DC     www.foleyhoag.com