UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>        Plaintiff,<br><br>        v.<br><br>QUALCORE LOGIC (ANALOG), INC.,<br><br>        Defendant. | No. 04-CV-10905 (MEL) |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and in order to protect the parties from disclosure of proprietary or confidential information, the parties hereto stipulate and agree, and it is hereby ORDERED AND DECREED that:

1.      Documents produced and testimony given in this case designated as "Confidential" under the provisions of this Order shall be used solely for purposes of the preparation and trial of this litigation and any related appellate proceeding and for no other purpose, absent the prior written consent of the "Producing Party" (as hereinafter defined) or leave of the Court.

2.      For purposes of this Order, a "Producing Party" shall mean any party to this litigation who produces or discloses information or materials in the litigation. The term "Producing Party" shall also include any non-party witness who produces or discloses confidential or proprietary information in the litigation and executes the Affidavit attached as Exhibit A hereto to afford itself of the protections of this Order. The term "Receiving Party" shall mean any person to whom information or materials are produced or disclosed in this litigation.

FHBOSTON/1114031.3

3.  Any document, deposition testimony, interrogatory responses or other information taken, given or exchanged in the course of pre-trial discovery in this action may be designated "Confidential" if it reflects, refers to or evidences confidential or proprietary technical information, scientific data, or technical drawings, plans or sketches; confidential or proprietary product or process information; confidential or proprietary business plans, forecasts or data; confidential or proprietary financial plans, forecasts or data; confidential or proprietary operational plans, forecasts or data; or sensitive commercial, financial, customer, personnel or personal information; or if it is deemed confidential by any state or federal statute or regulation.

4.  A "Confidential" designation shall be made as follows:

(a)  With respect to documents, the designation shall be made by stamping or writing the word "CONFIDENTIAL" on each page of any such document, prior to the transmission of such documents to the Receiving Party.

(b)  In the case of interrogatory answers, the designation shall be made by stamping or writing the word "CONFIDENTIAL" on each page containing such answers, with the relevant portion of any such answer bracketed.

(c)  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains confidential information shall be made either (1) by a statement to such effect on the record during the course of the deposition, or (2) in writing within thirty (30) days of receipt of the transcript of the deposition by counsel for the party claiming confidentiality. If the designation is made during the course of a deposition, the reporter attending such deposition shall write or stamp the word "Confidential" on the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall do so by identifying the page and line numbers corresponding to the portions of testimony the party

wishes to designate Confidential. Between the date of the deposition and thirty days after the transcript has been received by the parties, the entire transcript is to be treated as if designated Confidential. If no party has designated any portion of a deposition transcript Confidential thirty days after receipt of the transcript, the entire transcript will be treated as non-confidential. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or after the deposition and in writing, without further court order.

(d) All briefs, pleadings or other filings with the Court which incorporate or disclose Confidential Information shall be treated as provided in Paragraph 11 of this Order.

5. Any documents produced for settlement purposes are not to be disclosed or used for any other purpose in this litigation unless they also have been independently produced for non-settlement purposes in the course of this litigation.

6. Material designated as "Confidential" and any information obtained from such material (collectively, "Confidential Information") shall be inspected or used solely by: (a) counsel for the parties to this litigation (including retained and in-house counsel) and persons in their employ who are assisting in the conduct of this litigation; (b) up to ten (10) party representatives; (c) experts retained to testify at trial or consultants retained or engaged by a party in preparation for trial (collectively, "Consultants"), provided that each such Consultant has signed an Undertaking in the form attached hereto as Exhibit B, as provided in paragraph 9 of this Order; (d) the Court, including the appellate court and Court personnel assisting the Court in its adjudicative functions; (e) persons who prepared or who have previously received particular documents, and the inspection or use of Confidential Information by such persons is limited to only those documents prepared or previously received; (f) insurers that provide or may be deemed to provide coverage for the claims asserted in this case, and their counsel; (g)

stenographic reporters or video operators engaged by a party for purposes of this litigation; (h) outside photocopying, translation, document management, and exhibit preparation services engaged by a party for purposes of this litigation; (i) non-party deponents, during the course of, and to the extent necessary to prepare for, their depositions, but only to the extent disclosure is permitted pursuant to Paragraph 12 below and provided such non-party deponent has signed an Affidavit in the form attached hereto as Exhibit A or has attested under oath that he or she will maintain the confidentiality of the documents, as provided in Paragraph 12; and (j) any person whom the Producing Party agrees may be shown Confidential Information.

7. Notwithstanding the provisions of Paragraph 6 above, nothing herein shall prevent any Producing Party from using or disclosing its own Confidential Information as it deems appropriate. Nothing in this Order shall preclude any party from showing an employee, officer, or director of a Producing Party at a deposition of that employee, officer, or director any Confidential Information provided by the Producing Party. Nothing herein shall bar a party from the unrestricted use of any document or information obtained from public sources or available through public sources.

8. Acceptance of information designated as Confidential Information shall not constitute an admission by the Receiving Party or evidence that such information is Confidential Information, and the Receiving Party may at any time request that the Court reclassify Confidential Information as non-confidential information. Material designated Confidential Information shall maintain that designation for all purposes unless and until this Court rules that material so designated is not of the character defined in Paragraph 4 or otherwise redesignates the information and for five (5) business days thereafter. The burden of proof in any such motion shall be on the Producing Party to justify the appropriateness of the designation.

9. Prior to receiving or reviewing any Confidential Information, a Consultant shall sign an Undertaking in the form attached hereto as Exhibit B, which Undertaking shall be retained by counsel for the party employing said Consultant. Confidential Information may be disclosed to a Consultant for the sole purpose of assisting counsel in the preparation of this case for trial and to a Consultant's supporting and clerical personnel (secretaries, stenographers and file clerks) required to carry out functions assigned to them by any such Consultant. Counsel shall keep in their files for a period of two (2) years after the conclusion of this litigation the originals or photographic reproductions of all signed Undertakings.

10. Nothing herein is intended to change the procedure by which discovery of experts proceeds under the Federal Rules of Civil Procedure, including Rule 26(b)(4).

11. Confidential Information shall not be made public. To the extent that it is necessary to file Confidential Information in connection with proceedings in this action, the party wishing to file any such Confidential Information, prior to or simultaneously with filing Confidential Information, shall on each occasion move, pursuant to Local Rule 7.1, for an order of impoundment in the form attached hereto as Exhibit C. The parties hereby consent to the filing of such motions, except no consent is automatic where either party disputes the confidentiality designation. Such Confidential Information shall be filed with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court.

12. Unless the parties otherwise agree in particular cases, a Receiving Party may show non-party deponents the Confidential Information of a Producing Party only when disclosure is permitted under Paragraph 6(i). Any party who seeks to use Confidential

Information in the course of a deposition of a non-party may do so only after the non-party deponent either has executed an Affidavit of Understanding and Agreement to be Bound by Confidentiality Stipulation and Protective Order in the form attached hereto as Exhibit A or has attested under oath that he or she will maintain the confidentiality of the documents. Each party and its Counsel will make reasonable efforts to obtain signed Affidavits or attestations under oath from non-party deponents whom they represent, or with whom they are affiliated or over whom they exert control. Counsel for the party seeking to use Confidential Information shall keep in his files for a period of two (2) years after the conclusion of this litigation the originals or photographic reproductions of all signed Affidavits.

13. If a party or Consultant in possession of Confidential Information receives a subpoena from a non-party to this Confidentiality Stipulation and Protective Order seeking production or other disclosure of Confidential Information, telephonic and written notice shall immediately be given to counsel for the party or non-party who designated the materials "Confidential," identifying the Confidential Information sought and arranging for transmission of a copy of the subpoena. Where possible, at least ten (10) business days' notice before production or other disclosure shall be given. In no event, absent court order, shall production or disclosure be made before notice is given. A party subpoenaed shall take all appropriate measures timely to advise any relevant tribunal of the terms hereof. However, nothing contained herein shall be construed as requiring the Receiving Party to challenge or appeal any order of a court of competent jurisdiction requiring production of Confidential Information, or to subject itself to penalties for non-compliance with such court order, or to seek relief from this Court.

14. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as "Confidential" shall be prepared or furnished by the reporter to any other person other than to counsel for the parties and the deponent and his or her counsel.

15. This Confidentiality Stipulation and Protective Order shall not prevent any party or non-party from applying to the Court for further or other protective orders, for modifications of this Order, or from agreeing to modifications of this Order. Any such agreed-to modification shall be in writing and signed by counsel on behalf of the parties, and by any interested non-party.

16. Within sixty (60) days after the final termination of the lawsuit, including all appeals, all persons subject to this Confidentiality Stipulation and Protective Order shall destroy all Confidential documents and all copies thereof or shall return them to the Producing Party. A party's outside counsel may keep and not destroy documents incorporating or referring to Confidential Information which are inextricably intermingled with the work product of that party's counsel. The Confidential Information intermingled with or referred to in such documents, however, shall remain subject to the terms of this Confidentiality Stipulation and Protective Order.

17. If Confidential Information is disclosed to any person other than in a manner authorized by this Confidentiality Stipulation and Protective Order, the person responsible for such disclosure shall upon discovery of the disclosure immediately inform the person whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the responsible person, including the name, address, and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who has received such information.

18.  Nothing herein shall constitute (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required to be produced; (b) a waiver of any right to object to any discovery request in this or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

19.  Persons receiving Confidential Information are prohibited from disclosing such information to any person, except in conformance with this Order, or such other orders as may issue from a court of competent jurisdiction.

20.  The inadvertent or mistaken disclosure of any Confidential Information by a Producing Party, without the designation required under Paragraph 3 above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the Receiving Party promptly after the Producing Party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each party to whom Confidential Information was inadvertently disclosed; and, upon receipt of these properly marked documents, the Receiving Party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

21.  If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party or Parties that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the Producing Party. The Receiving Party or Parties shall return to the

Producing Party such document or things. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

22. Any person or other entity that joins or is joined in this litigation as a party shall have access to Confidential Information, in accordance with the provisions of this Order, upon executing and filing with the Court an Affidavit of Understanding and Agreement to be Bound by Confidentiality Stipulation and Protective Order in the form attached hereto as Exhibit A.

23. This Order may be amended by the agreement of counsel for the parties in the form of a written amendment signed by counsel and filed with the Court for approval.

24. Issues relating to confidentiality and public access to information presented at trial will be addressed at a future time, if necessary.

25. The restrictions provided for herein shall not terminate upon the conclusion of this litigation but shall continue in accordance with the terms hereof until further Order of this Court.

26. The disclosure of any Confidential Information of either party in violation of the terms of this Confidentiality Stipulation and Protective Order will cause the producing party to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, the Producing Party will be entitled to immediate injunctive relief, in addition to any other remedy, including monetary damages, which may be available at law or in equity, in the event of any violation or threatened violation of this Confidentiality Stipulation and Protective Order.

Stipulated and agreed:

| | |
|---|---|
| RALPH E. GRABOWSKI,<br>By his attorneys, | QUALCORE LOGIC (ANALOG), INC.;<br>By its attorneys, |
| /s/ Marc N. Henschke<br>Marc N. Henschke, BBO # 636146<br>Karen Dahlberg<br>ROBINS, KAPLAN, MILLER & CIRESI LLP<br>111 Huntington Avenue, Suite 1300<br>Boston, MA 02199-7610<br>(617) 267-2300 | /s/ John M. Gransky<br>Michele A. Whitham, BBO # 553705<br>John M. Gransky, BBO # 647086<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>World Trade Center West<br>Boston, MA 02210-2600<br>(617) 832-1000 |
| Date: December 12, 2004 | Date: December 8, 2004 |

So ordered.

_____
United States District Judge

Date: 8/19/05

FHBOSTON/1114031.3                   - 10 -

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.,<br><br>Defendant. | No. 04-CV-10905 (MEL) |

## AFFIDAVIT OF UNDERSTANDING AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

_____, deposes and says:

I have read the annexed Confidentiality Stipulation and Protective Order, understand its terms, agree to be bound by such terms and consent to the jurisdiction of the United States District Court for the District of Massachusetts, for purposes of enforcement of said Confidentiality Stipulation and Protective Order.

Signed under the penalties of perjury this \_\_\_ day of _____, _____.

_____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>        Plaintiff,<br><br>        v.<br><br>QUALCORE LOGIC (ANALOG), INC.,<br><br>        Defendant. | No. 04-CV-10905 (MEL) |

      UNDERTAKING OF _____

    I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the attached Confidentiality Stipulation and Protective Order.

    5.    I have read carefully and understand the provisions of the Confidentiality Stipulation and Protective Order and have had an opportunity to discuss it with counsel. I will comply with all provisions of the Confidentiality Stipulation and Protective Order.

    6.    I will use documents produced and information contained therein and testimony given in this case solely for purposes of preparation and trial of this litigation and any related appellate proceeding and no other purpose.

FHBOSTON/1114031.3                - 12 -

7. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Stipulation and Protective Order, any material and information designated as Confidential Information, as those terms are defined in the Confidentiality Stipulation and Protective Order. I shall further assure that any and all of my supporting and clerical personnel comply with the provisions of the Confidentiality Stipulation and Protective Order and with the obligations as agreed to by me in this undertaking. I understand that violation of the Confidentiality Stipulation and Protective Order may subject me to punishment for contempt of Court.

8. I undertake that I will not refer to or rely on any Confidential Information in any future engagement, employment, or other circumstances without the express written consent of the party or non-party which made the designation.

9. Notwithstanding anything to the contrary in this Undertaking, I shall retain the full right to use and to disclose any information (even if designated Confidential Information) which (a) was known to me prior to exposure to the alleged Confidential Information; (b) now or later becomes available in the public domain through no fault of my own; (c) is disclosed or made available to me without restrictions and without breach of any relationship of confidentiality; or (d) is developed by me independent of access to the Confidential Information.

10. Within sixty (60) days of the termination of this litigation, I will return all material designated "confidential" and all Confidential Information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or will certify in writing to counsel that I have destroyed all such documents.

_____

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>   Plaintiff,<br><br>   v.<br><br>QUALCORE LOGIC (ANALOG), INC.,<br><br>   Defendant. | No. 04-CV-10905 (MEL) |

[PROPOSED] ORDER OF IMPOUNDMENT

There having been filed an order requesting impoundment of certain Confidential Information within the meaning of the Confidentiality Stipulation and Protective Order dated _____, and it appearing that there is good cause to impound such Confidential Information;

IT IS HEREBY ORDERED that the material identified as follows: _____, shall be impounded and kept from the public record during the pendency of the above-captioned matter and until sixty (60) days after the entry of final judgment herein. Thereafter, the Confidential Information shall be returned to counsel for the party who filed it, who shall retain it, subject to further order of the Court, for thirty days after the final termination of this litigation, including any applicable appeal period.

_____

Dated:_____, \_\_\_\_