IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| RALPH E. GRABOWSKI,<br><br>                 Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.,<br><br>                 Defendant. | No. 04-CV-10905 (MEL) |

## SECOND JOINT MOTION FOR TEMPORARY STAY AND APPROVAL OF REVISED DISCOVERY AND MOTION SCHEDULE

As a means of accommodating continuing settlement discussions, Plaintiff Ralph E. Grabowski ("Grabowski") and Defendant QualCore Logic (Analog), Inc. ("Analog") (collectively "the parties") hereby move this Court to grant a temporary stay to all proceedings, and to approve the proposed revised pre-trial schedule, attached hereto as <u>Exhibit A</u>. As grounds for this mutually agreed upon motion, the parties state the following:

      1.    On October 26, 2005, as a means of accommodating settlement discussions, the parties jointly moved the Court for a temporary stay to all proceedings until January 16, 2005. The Court granted the motion on October 28, 2005.

      2.    Despite engaging in detailed, substantive settlement negotiations, involving multiple written and oral exchanges between counsel and/or the parties during which significant progress was made on reducing the gap between settlement positions, the parties were unable to resolve the case prior to the end of the stay. Although the parties restarted case activities beginning January 17, 2006 (*e.g.*, both parties served additional written discovery),

they also have continued to engage in frequent settlement negotiations and are hopeful that those negotiations, which have further "reduced the gap," will soon result in an agreement.

3. Under the Updated Joint Statement and Discovery Plan submitted by the parties on October 26, 2005, the parties stipulated that all fact discovery in this case would be completed by no later than March 10, 2006, less than one month from today. The parties anticipate that further discovery and motion practice will be necessary in order to prepare for trial should settlement negotiations fail.

4. Given that the first of several pre-trial deadlines is fast approaching, the parties concur that it will be difficult to engage in productive settlement negotiations unless the stipulated pre-trial schedule is modified to allow those settlement discussions to take place absent the need to expend significant time and expense on litigation tasks.

5. The parties therefore propose that all activity in this case, including discovery and motion practice, be stayed until March 20, 2006, to permit a reasonable, but not boundless period of time to work to settle the case.

6. If settlement negotiations prove unsuccessful and a settlement of all claims has not been reached by the parties by March 20, 2006, pre-trial activity will re-commence at that time with all dates and deadlines adjusted forward accordingly. These revised dates are reflected in the Second Updated Joint Statement and Revised Discovery and Motion Schedule attached hereto as <u>Exhibit A</u>.

7. The parties further agree that, if the stay is approved but settlement negotiations prove unsuccessful, neither party will hereafter be permitted to argue or move that the period of negotiation of the stay or the stay itself has been prejudicial or constitutes evidence of undue delay with respect to bringing motions or conducting discovery.

Respectfully submitted,

RALPH E. GRABOWSKI

By his attorneys,

_____
Marc N. Henschke, Esq. (BBO No. 636146)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, Massachusetts 02199-7610
Tel. (617) 267-2300

QUALCORE LOGIC (ANALOG), INC.,

By its attorneys,

_____
Michele A. Whitham, Esq. (BBO No. 553705)
David C. Kurtz, Esq. (BBO No. 641380)
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, Massachusetts 02210-2600
Tel. (617) 832-1000

Dated: February 16, 2006