IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| RALPH E. GRABOWSKI,<br><br>                  Plaintiff,<br><br>v.<br><br>QUALCORE LOGIC (ANALOG), INC.,<br><br>                  Defendant. | No. 04-CV-10905 (MEL) |

## SECOND UPDATED JOINT STATEMENT AND
## REVISED DISCOVERY PLAN AND MOTION SCHEDULE

Pursuant to Local Rule 16.1(D), and Federal Rules of Civil Procedure 16(b) and (c) and 26(f), Plaintiff Ralph E. Grabowski ("Grabowski") and Defendant QualCore Logic (Analog), Inc. ("Analog") hereby submit a joint statement containing, *inter alia*, a proposed pretrial schedule.

### I. NATURE OF THE CASE

Grabowski alleges that he formerly acted as Vice President of Marketing on a temporary executive basis for Analog's predecessor company, LEDA Systems, Inc. ("LEDA"), pursuant to a written consulting agreement. Grabowski alleges that LEDA breached the consulting agreement by failing to pay him certain amounts of compensation due, including deferred cash payments, stock options, and a royalty percentage of revenues, debt, and equity. Analog denies that LEDA breached an agreement with Grabowski and that any amounts are owed to Grabowski.

## II. STATUS OF THE CASE

The parties have previously completed their exchange of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  In addition, each party has served and responded to document requests and interrogatories, each party has made an initial document production and each party has taken key depositions.  In particular, Grabowski has taken two depositions: a Rule 30(b)(6) deposition of Analog and a deposition of LEDA's former President and CEO.  Analog has deposed Grabowski.

On October 26, 2005, as a means of accommodating settlement discussions, the parties jointly moved the Court for a temporary stay of all proceedings until January 16, 2006.  The Court granted the motion on October 28, 2005.  Despite engaging in detailed, substantive settlement negotiations, the parties were unable to reach a settlement prior to the end of the stay.  Since January 16, 2006, however, in addition to restarting case activities (e.g., both parties served additional written discovery), the parties have continued to engage in settlement negotiations and are hopeful that they will soon reach an agreement.  Pursuant to the terms of the Joint Motion for Temporary Stay and Approval of Revised Discovery and Motion Schedule, filed contemporaneously with this document, the parties thus seek to revise the pre-trial schedule to accommodate these negotiations.  This revised schedule will occasion only a brief hiatus in the discovery phase of the case.

## III. PROPOSED REVISED DISCOVERY AND MOTION SCHEDULE

As a preliminary matter, the parties agree that the discovery event limitations of Local Rule 26.1(C) and Federal Rules of Civil Procedure 30(a)(2)(A) and 33(a) shall apply in this action.  Moreover, the parties further agree to complete fact discovery prior to conducting expert discovery, but that no additional phasing of discovery should be required.

The parties propose the following revised schedule for the completion of discovery and dispositive motion practice, which will re-commence on March 20, 2006 in the event that negotiations have not led to settlement of all claims by that date:

    A.    All fact discovery shall be completed by not later than April 19, 2006. Written discovery requests shall be served so that responses fall due on or before this date.

    B.    All initial expert reports addressing issues on which a party bears the burden of proof shall be served by not later than May 31, 2006.

    C.    All rebuttal expert reports shall be served by not later than June 16, 2006.

    D.    All expert depositions shall be completed by not later than June 30, 2006.

    E.    All dispositive motions shall be filed by not later than July 31, 2006.

    F.    All oppositions to dispositive motions shall be filed by not later than August 21, 2006.

    G.    All Management Conferences, Settlement Conferences, the Final Pretrial Conference, and Trial shall be scheduled by Order of the Court. The parties do *not* consent to trial by a magistrate judge.

    H.    All amendments to the pleadings, including the joinder of additional parties, may be made at any time permitted by law up to and including the time of trial if approved by the Court upon noticed motion.

        Respectfully submitted,

        RALPH E. GRABOWSKI

        By his attorneys,

        */s/ Marc Henschke / DK (w/ permission)*
        _____
        Marc N. Henschke, Esq. (BBO No. 636146)
        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
        111 Huntington Avenue, Suite 1300
        Boston, Massachusetts 02199-7610
        Tel. (617) 267-2300


        QUALCORE LOGIC (ANALOG), INC.,

        By its attorneys,

        _____
        Michele A. Whitham, Esq. (BBO No. 553705)
        David C. Kurtz, Esq. (BBO No. 641380)
        FOLEY HOAG LLP
        155 Seaport Boulevard
        World Trade Center West
        Boston, Massachusetts 02210-2600
        Tel. (617) 832-1000

Dated: February 16, 2006